UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE

Filed with court security officer
In Camera and under seal

[signature]
DATE 3/3/05

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

MAR - 3 2005

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:04cr385 |
| | ) | |
| ALI AL-TIMIMI | ) | Hon. Leonie M. Brinkema |

### GOVERNMENT'S REPLY TO DEFENDANT'S OBJECTION TO *EX PARTE* PROCEEDINGS PURSUANT TO THE CLASSIFIED INFORMATION PROCEDURES ACT ("CIPA") 18 U.S.C. APPENDIX 3 § 4

On January 21, 2005, defendant Ali Al-Timimi filed a motion for discovery regarding what he alleges to be recordings of himself. Specifically, he requested intercepts of conversations between himself and Safar Hawali. The defense is seeking any recordings of telephone calls between Hawali and the defendant "in the time period between September 11, 2001, and January of 2003 in which they discussed various issues of interest to Muslims." (Defendant's Motion at p. 2). The defense further contends that "it is fair for counsel to assume that any telephone calls between Dr. Al-Timimi and Hawali during this time period would have been intercepted either by the FBI or the NSA." (Defendant's Motion at p. 3).

The government responded to that motion for discovery with a filing captioned "Government's Ex Parte In Camera Status Report Regarding Al-Timimi's Renewed Motion to Compel Discovery." Based upon the authorities set forth below, and since the government was providing a status report to the Court about classified materials, it is asserted that this ex parte

UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE

UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE

filing was entirely appropriate.

### The Court is Authorized by Section 4 of CIPA and Rule 16 of the Federal Rules of Criminal Procedure to Consider Matters on an Ex Parte, In Camera Basis

Both Section 4 of CIPA and Rule 16(d)(1) expressly authorize the United States to submit an ex parte motion seeking an in camera review of classified information potentially discoverable in a federal criminal case. Section 4 of CIPA provides, inter alia:

> The court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone. If the court enters an order granting relief following such an ex parte showing, the entire text of the statement of the United States shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal.

18 U.S.C. App. III § 4 (1988)(emphasis added). Section 4 requires no particular showing before the Court may grant a request to proceed ex parte and in camera. Rule 16(d)(1) contains a substantially identical provision:

> Upon a sufficient showing the court may at any time order that the discovery or inspection be denied, restricted or deferred or make such other order as is appropriate. Upon motion by a party, the court may permit the party to make [a showing that discovery should be denied], in whole or in part, in the form of a written statement to be inspected by the judge alone. If the court enters an order granting relief following such an ex parte showing, the entire text of the party's statement shall be sealed and preserved in the records of the court in the event of an appeal.

Fed.R.Crim.P 16(d)(1)(emphasis added). See *United States v. Nixon*, 418 U.S. 683, 714-715 (1974). In camera proceedings are appropriate to evaluate government regarding national security. *United States v. Lee*, 648 F.2d 667, 668 (9th Cir. 1981).



Page 2

UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE

UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE

The rationale underlying the statutory provision authorizing ex parte submissions is manifest. As the Ninth Circuit has observed, where "the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the purpose of the discovery rules." *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988). Congress enacted CIPA in 1980 to enable the government to fulfill its duty to protect national security information, while at the same time vindicating its interest in prosecuting violations of federal criminal law. See Sen. Rep. No. 823, reprinted in 1980 U.S. Code Cong. & Ad. News 4294, 4296. The provisions for ex parte proceedings contained in Section 4 of CIPA and Fed.R.Crim.P. 16 were intended to be applied in circumstances where the government seeks pre-trial rulings regarding the discoverability of national security information.

Similarly, in situations like this, where the government has apprised the Court about the status of a search for classified information, an ex parte filing is appropriate. While the defense is entitled to know whether or not the government has materials to which they are entitled under the relevant discovery rules, the defense has no need to know the specific details of the search itself.

Respectfully submitted,

Paul J. McNulty
United States Attorney

By: _____
John T. Gibbs
Trial Attorney

Page 3

UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE



### CERTIFICATE OF SERVICE

I hereby certify that, this 3rd day of March 2005, I caused a copy of the attached GOVERNMENT'S REPLY TO DEFENDANT'S OBJECTION TO *EX PARTE* PROCEEDINGS PURSUANT TO THE CLASSIFIED INFORMATION PROCEDURES ACT ("CIPA") 18 U.S.C. APPENDIX 3 § 4 to be served by hand through Court Security Officer Mary Cradlin upon:

> Edward B. MacMahon, Jr.
> P.O. Box 903
> 107 East Washington Street
> Middleburg, Virginia 20118



Page 4

UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE