IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:04cr385 |
| ) | |
| ALI AL-TIMIMI ) | |

GOVERNMENT'S RESPONSE TO DISCOVERY MOTION

Defendant Timimi moves for discovery involving Anwar Awlaki. In particular, he seeks evidence to establish that Awlaki was a government informant when Awlaki had a meeting with Timimi in October 2002. Just as his motions seeking the same information were denied in the past, this one should be denied as well

With respect to the information to which he is entitled in discovery, Timimi is similarly situated to every other defendant. The law properly requires the disclosure of certain information in pre-trial discovery, but it does not entitle any defendant to the disclosure of the extent and nature of the government's investigative tools or tactics simply because he suspects that materials are in the government's possession that might prove interesting to him. As the Supreme Court has stated, a defendant has no constitutional right to conduct his own search of the government's files, because "it is the State that decides which information must be disclosed" and "the prosecutor's decision on disclosure is final." *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987).

In *Pennsylvania v. Ritchie*, the Supreme Court reversed a state court ruling that allowed a defendant to examine confidential information in the government's possession in order to present arguments in favor of disclosure even after the government determined that such information was not discoverable. Even though "the eye of an advocate may be helpful to a defendant in ferreting

out information," the "settled practice" is for the prosecutor to decide which information must be disclosed. *Id*.

In *Kasi v. Angelone*, 300 F.3d 487 (4th Cir. 2002), the Fourth Circuit quoted *Ritchie* for the principle that it is the prosecutor and not the defendant who gets to make the determination of materiality for purposes of disclosure:

> In the typical case where a defendant makes only a general request for exculpatory material under *Brady v. Maryland*, it is the State that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is *final*.

Angelone, 300 F.3d at 504-05 (emphasis added).

In short, "[d]efense counsel has no constitutional right to conduct his own search of the government's files to argue relevance." *Id*. at 505, *quoting Ritchie*, 480 U.S. at 59. Accordingly, "[m]ere speculation about the existence of potentially exculpatory or impeaching evidence is insufficient to give the defense access to materials under *Brady* and *Giglio*." *United States v. Jones*, 378 Fed.Appx. 359, 360 (4th Cir. 2010). *See, e.g.*, *Miles v. Conway*, 739 F.Supp.2d 324 (W.D. N.Y. 2010) ("As a matter of law, mere speculation by a defendant that the government has not fulfilled its obligations under *Brady* . . . is not enough to establish that the government has, in fact, failed to honor its discovery obligations"); *Franza v. Stinson*, 58 F.Supp.2d 124 (S.D.N.Y.,1999) ("Franza's claim of withheld *Brady* material is speculative, conclusory and unsupported, and thus must be rejected").

In *Harris v. United States*, 9 F.Supp.2d 246 (S.D.N.Y. 1998), the district court considered the post-conviction petition of a defendant who alleged that the government withheld evidence from discovery. The district court rejected the petition, on the grounds that "conclusory

allegations" that the government concealed evidence are insufficient to entitle a defendant to relief.  The Court wrote:

> [T]he government does not bear the burden of establishing that documents were *not* withheld; it is Harris's burden to prove that the government failed to disclose evidence favorable to Harris.  Conclusory allegations that the government 'suppressed' or 'concealed' evidence do not entitle Harris to relief; nor do they suffice to entitle Harris to an evidentiary hearing on whether documents were withheld.

*Id.* at 275 (emphasis in original).  *See also United States v. Upton*, 856 F.Supp. 727, 746 (E.D.N.Y. 1994) (assuming the veracity of the government's representation regarding *Brady*).

As Timimi notes, he first sought from the government recordings of Awlaki's conversation with Timimi years ago, but the government produced to him in discovery no such recordings.  The government's position with respect to Timimi's renewed request for discovery is the same that it was years ago: Timimi has been provided with all information to which he is entitled by law.

        Respectfully submitted,

        Neil H. MacBride
        United States Attorney

By: _____/s/_____
     Gordon D. Kromberg
     Assistant United States Attorney
     Virginia Bar No. 33676
     Assistant United States Attorney
     Attorney for the United States
     2100 Jamieson Avenue
     Alexandria, VA  22314
     (703) 299-3700
     (703) 837.8242 (fax)
     gordon.kromberg@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2013, I electronically filed the foregoing GOVERNMENT'S RESPONSE TO DISCOVERY MOTION with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Manu Krishnan
>Bryan Cave LLP
>1155 F Street, N.W., Suite 700
>Washington, D.C. 20004
>manu.krishnan@bryancave.com


>_____/s/_____
>Gordon D. Kromberg
>Assistant United States Attorney
>Virginia Bar No. 33676
>Assistant United States Attorney
>Attorney for the United States
>2100 Jamieson Avenue
>Alexandria, VA  22314
>(703) 299-3700
>(703) 837.8242 (fax)
>gordon.kromberg@usdoj.gov