

**U.S. Department of Justice**

*United States Attorney's Office*

*Eastern District of Virginia*

---

2100 Jamieson Avenue            703/299-3721

Alexandria, Virginia 22314      FAX 703/299-3981

December 17, 2004

Edward B. MacMahon, Jr.
P.O. Box 903
107 East Washington Street
Middleburg, Virginia 20118

      Re:    <u>U.S. v. Al-Timimi, Crim. No. 1:04cr385; Discovery Letter #7</u>

Dear Ed:

      1. In accordance with our discovery obligations in this case, this letter is to notify you that we understand that Masoud Khan has asserted that his recollection of the events of the meeting with Al-Timimi on September 16, 2004, is consistent with that of Randall Royer. We do not know whether Khan's assertion referenced the recollection as to which Royer testified in the grand jury (in which Royer testified that Al-Timimi encouraged his listeners to go fight in Afghanistan) or whether it referenced the recollection as to which Royer had previously stated that Al-Timimi did not encourage his listeners to go fight in Afghanistan.

      By disclosing the material contained in this letter, we obviously do not concede that it is, in fact, exculpatory, much less admissible, relevant, or admissible.

      2. In the pleading that you filed on September 8, 2004, in support of your motion for access to Guantanamo detainees, you supplied the Court with copies of *Washington Post* stories from September 13, 2001, September 16, 2001, September 17, 2001, September 18, 2001, and September 19, 2001, to show that Omar did not call for help. While I am not convinced that these articles are in fact exculpatory for Timimi, I agree to the admission of these articles into evidence.

      3. As I stated in Discovery Letter #6 (the header of which on pages 2, 3 and 4 unfortunately identified itself as "Discovery Letter #5"), I am providing you herewith for your use in the SCIF a set of discovery the documents under the condition that - - absent specific consent in writing from me - -they may not be copied again and that they may not be taken out of the SCIF except to return them to me. As I previously noted, the materials in those discovery binders now include additional material that was not in them when last you saw them. This new material consists of:

Discovery Letter #7
December 16, 2004
Page 2

| Statement re: Hasan by Crown Prosecution Service | Nov 19, 2004 | 1 | 03331 |
|---|---|---|---|
| Statement of Hasan to Australian police | Nov 17, 2004 | 1 | 03332 |
| Statement of Hasan to British police | December 3, 2004 | 4 | 03333-03336 |
| Statement re: Kwon by Crown Prosecution Service | Nov 19, 2004 | 1 | 03337 |
| Statement of Kwon to British police | December 3, 2004 | 9 | 03338-03346 |
| Statement of Kwon to Australian police | Nov 17, 2004 | 2 | 03347-03348 |
| Filings for Rule 35 Motions for Aatique, Kwon, Hasan & Surratt | Oct 7, 2004 | 4 | 03349-03352 |
| Grand jury testimony of Randall Royer, E.D. Va. | June 22, 2004 | 13 | 03353-03365 |
| Proffer Letter from Kromberg to Hantash | June 5, 2003 | 2 | 03366-03367 |
| Grand jury testimony of Caliph Abdur-Raheem | April 28, 2004 | 28 | 03368-03395 |
| Grand jury testimony of Wade Ammerman | September 23, 2004 | 39 | 03396-03444 |

4. Be aware that what your client said on September 11, 2001 will be introduced to show intent and absence of mistake.

Thank you for your cooperation.

Sincerely,

Paul J. McNulty
United States Attorney

By: _____
Gordon D. Kromberg
Assistant United States Attorney