UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE

Filed with the Classified
Information Security Officer
CISO Mylic
Date 10 / 3 / 203

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | **Case No. cr-04-385** |
| **v.** | ) | |
| | ) | **Hon. Leonie M. Brinkema** |
| **ALI AL-TIMIMI** | ) | |
| | ) | |

## DEFENDANT DR. ALI AL-TIMIMI'S REBUTTAL TO THE GOVERNMENT'S RESPONSE TO MOTION REGARDING PRESIDENT'S SURVEILLANCE PROGRAM AND "OTHER INTELLIGENCE ACTIVITIES"

In its response to Dr. al-Timimi's recently filed Motion Regarding the President's Surveillance Program ("PSP"), the government's representations that its prior searches did in fact encompass the President's Surveillance Program are supported by *ex parte, in camera,* pleadings to which cleared counsel cannot respond. These include one pleading that has been filed in just the last few days.

The government's response to the underlying motion is incomplete. For example, the government assures the Court that it included the PSP in its prior searches, as well as other programs that were previously undisclosed. It then, however, states in a footnote at the very end of the filing that:

> We cannot, however, confirm that the scope of the prior search encompassed *all* federal agencies and *all* surveillance programs. As we explained before, no one responsibly can "confirm" that his search encompassed programs of which he was unaware.

*Dkt. No. 330, Gov. Resp.* at 2 n.1 (emphasis in original).

Taken together, the defense is left with little more than an assurance that "all programs were searched unless they weren't." The inherent purpose of asking for a record of evidence

derived from the Terrorist Surveillance Program ("TSP"), PSP, and other programs is to create a record, both on the completeness of the search by the government, as well as the origin of evidence used in the investigation and prosecution of Dr. al-Timimi. In the past, the lead prosecutor has assured the Court of prior searches that have proven, in light of subsequent classified disclosures in the SCIF and the information identified in the most recent motions related to Anwar Aulaqi and FISA surveillance, to be incomplete. Indeed, the government did not conduct the search into warrantless surveillance programs until it was ordered to do so by the Court, which also ordered both the lead defense counsel and lead prosecutor to be cleared for the information. Given this record, there should at a minimum be a record created as to the use of information derived from these previously undisclosed programs.

In prior proceedings, the Court expressed enough frustration with the use of *ex parte* pleadings that it stated that, absent greater flexibility on the part of the government, it would be inclined to grant a motion for a new trial. *Dkt No. 245*, Hr'g Tr. 5:8-11 (Nov. 20, 2007). Yet, while the government acknowledges that the instant motion sought such a record for not just the PSP but the TSP and other programs, it simply dismisses that part of the motion and relies, yet again, on a classified, *ex parte* argument that circumvents the most fundamental guarantees of the adversarial process.

Since the TSP, PSP and other programs are now public, it is unclear why this material should be classified, and it is even more of a mystery why cleared counsel cannot have access to the response from the NSA. Defense counsel has already shown that, despite previous assurances to the Court that complete searches were made, there was material evidence withheld in this case. Some record of that evidence should be ordered, rather than allowing the government to continue to argue through generalities and secret arguments.

For the foregoing reasons, Dr. al-Timimi asks that the Court grant his motion.

Dated: October 3, 2013

Respectfully submitted,

Dr. Ali al-Timimi, by Counsel:

Vishant Manu Krishnan (VSB # 82308)

Jonathan Turley (*pro hac vice,* lead counsel)
2000 H St., N.W.
Washington, D.C. 20052
(202) 994-7001 (phone)
(202) 994-9811 (facsimile)

Vishant Manu Krishnan (VSB # 82308)
Bryan Cave LLP
1155 F Street, NW, Suite 700
Washington, D.C. 20004
(202) 508-6000 (phone)
(202) 508-6200 (facsimile)

UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of October, 2013, the foregoing was given to the court security official in compliance with prior court orders for filing and delivery to both the Court and opposing counsel.

Vishant Manu Krishnan (VSB # 82308)
*Counsel for Dr. Ali al-Timimi*

UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE

4