Case 1:04-cr-00385-LMB  Document 333  Filed 10/03/13  Page 1 of 4 PageID# 1815

Filed with the Classified
Information Security Officer
CISO _____
Date 10/3/2013

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

|  |  |
|---|---|
| **UNITED STATES** ) | |
| ) | **Case No. cr-04-385** |
| **v.** ) | |
| ) | **Hon. Leonie M. Brinkema** |
| **ALI AL-TIMIMI** ) | |

## DEFENDANT DR. ALI AL-TIMIMI'S REBUTTAL TO THE GOVERNMENT'S RESPONSE TO MOTION TO COMPEL DISCOVERY RELATED KHWAJA MAHMOOD HASAN

In its response to Dr. al-Timimi's recently filed Motion to Compel Discovery Regarding Khwaja Mahmood Hasan, the government denies that it obtained the mobile telephone records for Hasan for September 2001. The government maintains that it never requested such records and never knew of the phone that Hasan was using at the time despite having records of such calls through the telephone records of Dr. al-Timimi.[1]

However, in a public docket response to a classified filing from cleared defense counsel, the government offers the following in support of its position :

> His argument with respect to the issue in that more highly-classified pleading is baseless. The reason why it is baseless is explained in the first sentence of Paragraph 2 on the bottom of

---

[1] The government notes that the transcript shows that the records that Hasan testified as to having seen were those of Dr. al-Timimi and not those of Hasan himself. While the records showed calls from Hasan's phone, the government insists that it never sought the records for the other phone. The defense agrees that the testimony was a reference to the al-Timimi records and appreciates the government's correction on that point. Given, however, the clear acknowledgment by government officials that National Security letters were used in the "Virginia Jihad" cases, it remains odds that such records were excluded from searches, particularly given the fact that the government appears to have learned of Hasan's phone before the trial. The omission of these records from any searches is inexplicable, since Dr. al-Timimi has long stressed this call as proof of his effort to prevent Hasan from going to LET – evidence that would directly contradict the theory of the prosecution.

Case 1:04-cr-00385-LMB  Document 333  Filed 10/03/13  Page 2 of 4 PageID# 1611

> Page 2 of the *ex parte , in camera*, classified status report filed by
> the government on or about March 6, 2008 (Docket Item #249).

*Dkt. No. 329, Gov. Resp.* at 4.

Dr. al-Timimi has no ability to respond to secret filings used to seek the dismissal of his motions. Therefore no rebuttal is possible, as the government clearly understands.[2]

The defense will simply repeat its prior objections to such secret *ex parte* argument. First, this is an *ex parte* filing that is over five years old but remains barred to cleared counsel. It is unlikely that all parts of this filing remain classified, given the extent of public disclosures of the TSP, PSP, and other previously secret programs.

Second, while it is not clear what the government's reference point is in its description of the filing as the "more highly-classified" motion, the defense continues to object to the over-classification of material in the SCIF. The government continues to speak publicly about the underlying programs, and in far greater detail, than the still classified material in the SCIF. Indeed, it has used the SCIF to classify legal argument and summaries that reveal little about sources or operations. This situation is exacerbated by the failure of the government to even respond to many of the motions filed in the SCIF. The use of the classification authority in this fashion is apparently tactical and, therefore, abusive.

Finally, the defense notes again that cleared counsel has not received a single classified document of evidence since the remand of this case, and has been refused even an index of evidence related to Dr. al-Timimi. The government continues to use classified summaries and has revealed very little to the defense – continuing its reliance on this type of *ex parte* argument.

---

[2]    Although the government did file a related unclassified status report (*Dkt No. 248*), it offered virtually no tangible information and was of no assistance to defense counsel in this matter.

The result is that the record in this case has changed little since the remand, despite the defense's efforts to highlight withheld evidence in this case..

For the foregoing reasons, Dr. al-Timimi asks that the Court grant his motion.


Dated: October 3, 2013

Respectfully submitted,

Dr. Ali al-Timimi, by Counsel:

_____
Vishant Manu Krishnan (VSB # 82308)


Jonathan Turley (*pro hac vice,* lead counsel)
2000 H St., N.W.
Washington, D.C. 20052
(202) 994-7001 (phone)
(202) 994-9811 (facsimile)

Vishant Manu Krishnan (VSB # 82308)
Bryan Cave LLP
1155 F Street, NW, Suite 700
Washington, D.C. 20004
(202) 508-6000 (phone)
(202) 508-6200 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of October, 2013, the foregoing was given to the court security official in compliance with prior court orders for filing and delivery to both the Court and opposing counsel.

Vishant Manu Krishnan (VSB # 82308)
*Counsel for Dr. Ali al-Timimi*