THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CR-04-385 |
| | § | |
| ALI AL-TIMIMI | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT DR. ALI Al-TIMIMI'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION FOR AN ORDER OF CLASSIFICATION REVIEW OF ALL DOCUMENTS CURRENTLY UNDER SEAL**

Defendant Dr. Ali al-Timimi has moved for a review of all currently sealed documents for possible declassification in whole or in part for placement on the public docket. The motion is filed in anticipation of the transmission of the record the United States Court of Appeals for the Fourth Circuit in order to facilitate appellate review. Cleared lead counsel has spoken to the court security staff about the preparations for the transmittal and use of currently classified files before the Fourth Circuit. Many of these documents were placed in the SCIF years ago as classified. However, since that time, the government has released documents containing much of the same information as now unclassified. Additionally, as this Court has previously noted in open court, the government has classified documents that are largely composed of legal argument without any reference to classified sources, methods, or information. Cleared counsel previously identified clearly unclassified material in the SCIF in earlier motions. He has a good-faith belief that all or most of the material currently held in the SCIF is unclassified. Even if portions of this material were to be claimed as still classified, the vast majority of the material can be produced in full or redacted form.

When material is placed under seal for classification purposes, it is the continuing duty of the government to avoid over-classification and to notify the Court when material is no longer

1

classified.  Generally, there is a presumption of access to records in a case.  *See Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988).  Federal courts are given "wide latitude" in dealing with claims of governmental privilege and the sealing of classified information. *See U.S. v. Abu Ali*, 528 F.3d 210, 247  (4th Cir. 2008) ("CIPA vests district courts with wide latitude to deal with thorny problems of national security in the context of criminal proceedings. When evaluating the governmental privilege in classified information which CIPA serves to protect, however, district courts must ultimately balance this 'public interest in protecting the information against the individual's right to prepare his defense.'") (quoting *U.S. v. Smith*, 780 F.2d 1102, 1105 (4th Cir. 1985)).  A classification review is a modest measure to guarantee that material is not being unnecessarily kept from the public docket and from the defendant.  Moreover, legal argument, as a general matter, should not be classified.  *See, e.g., In re Violation of Rule 28(D)*, 635 F.3d 1352, 1360 (Fed. Cir. 2011) ("The marking as confidential of legal argument . . . is generally inappropriate given the strong presumption of public access to court proceedings and records."); *see also Matter of Krynicki*, 983 F.2d 74, 77 (7th Cir. 1992) (stating that "legal argument[s] belong in the public domain").

The continued classification of this material will needlessly add to the burden on the Fourth Circuit, court security, and counsel in preparing arguments for appeal.  Before any transmission of the record, it would serve all parties if the government were to conduct a review of all of these motions, memoranda, and exhibits for possible declassification.  The material in the SCIF currently fits in a single large envelope and thus does not present a substantial burden for review.  Conversely, keeping unclassified material under seal will unnecessarily encumber the appellate process.

Lead counsel spoke with government counsel about this review and the belief that all of the documents in the SCIF contain largely, if not entirely, unclassified material.  The government opposes such a review of the SCIF material and has agreed to waive a hearing on the motion.

Accordingly, Dr. Al-Timimi requests an order to classification review of the material currently held in the SCIF for possible release on to the public docket before transmission of the record to the Fourth Circuit.


Respectfully submitted,

Dr. Ali Al-Timimi

By Counsel


Jonathan Turley (*pro hac vice* lead counsel)
2000 H St., N.W.
Washington, D.C. 20052
(202) 994-7001 (phone)
(202) 994-9811 (facsimile)

Vishant Manu Krishnan
Bryan Cave LLP
1155 F Street, NW, Suite 700
Suite 700
Washington, D.C.  20005-3960
(202) 508-6000 (phone)
(202) 508-6200 (facsimile)

Samuel Cagle Juhan
Bryan Cave LLP
1155 F Street, N.W.
Washington, D.C. 20004
Telephone: (202) 508-6000
Facsimile: (202) 508-6200
cagle.juhan@bryancave.com

By:  _____/s/_____
Samuel Cagle Juhan (Bar No. 84030)

Dated: June 12, 2014

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2014, I served the foregoing via ECF upon:


Mr. Gordon Kromberg, Esq.
Assistant United States Attorney
2100 Jamieson Ave.
Alexandria, Virginia 22314-5794
(703) 299-3800 phone
gordon.kromberg@usdoj.gov

*Attorney for the United States*


_____/s/_____
Samuel Cagle Juhan (Bar No. 84030)
Bryan Cave LLP
1155 F Street, NW, Suite 700
Washington, D.C. 20005-3960
Telephone:  (202) 508-6000
Facsimile:  (202) 508-6200
Cagle.juhan@bryancave.com

*Counsel for Dr. Al-Timimi*