1

```
                    UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                        ALEXANDRIA DIVISION

UNITED STATES OF AMERICA      .       Criminal No. 1:04cr385
                              .
     vs.                      .       Alexandria, Virginia
                              .       April 4, 2005
ALI AL-TIMIMI,                .       10:00 a.m.
                              .
             Defendant.       .       EXCERPT
                              .
.  .  .  .  .  .  .  .  .  .  .
```

                     TRANSCRIPT OF JURY TRIAL
          BEFORE THE HONORABLE LEONIE M. BRINKEMA
               UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE GOVERNMENT:           GORDON D. KROMBERG, AUSA
                              United States Attorney's Office
                              2100 Jamieson Avenue
                              Alexandria, VA 22314
                                and
                              JOHN T. GIBBS, ESQ.
                              Counterterrorism Section
                              Criminal Division
                              United States Department of
                              Justice
                              601 D Street, N.W.
                              Washington, D.C. 20004

FOR THE DEFENDANT:            EDWARD B. MAC MAHON, JR., ESQ.
                              107 East Washington Street
                              P.O. Box 903
                              Middleburg, VA 20118
                                and
                              ALAN H. YAMAMOTO, ESQ.
                              643 S. Washington Street
                              Alexandria, VA 22314

ALSO PRESENT:                 SA WADE AMMERMAN
                              BOBBY WILLIAMS
                              SA JOHN WYMAN


                     (Pages 1 - 21)

          COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

2

1   OFFICIAL COURT REPORTER:        ANNELIESE J. THOMSON, RDR, CRR
                                    U.S. District Court, Fifth Floor
2                                   401 Courthouse Square
                                    Alexandria, VA 22314
3                                   (703)299-8595

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

P R O C E E D I N G S

(Jury Panel and Defendant present.)

1    THE CLERK:  Criminal Case 2004-385, United States of

2    America v. Ali Al-Timimi.  This matter comes on for trial by

3    jury.  Will counsel please note their appearance for the

4    record.

5    MR. KROMBERG:  Good morning, Your Honor.  Gordon

6    Kromberg and John Gibbs for the United States.  With us at

7    counsel table is FBI Special Agent John Wyman; FBI Special

8    Agent Wade Ammerman; and our technological guru, Mr. Bobby

9    Williams.

10    THE COURT:  All right, good morning.

11    MR. MAC MAHON:  Good morning, Your Honor.  Edward

12    MacMahon and Alan Yamamoto for Dr. Al-Timimi.

13    THE COURT:  All right, good morning.

14    All right, Ladies and Gentlemen, as you know, this is

15    the final round of jury selection.  We're going to start by

16    calling attendance.  When you hear your number, please just

17    stand and say "here" or "present," and then you may sit again.

18    THE CLERK:  Juror No. 3.

19    THE PROSPECTIVE JUROR:  Here.

20    THE CLERK:  Juror No. 12.

21    THE PROSPECTIVE JUROR:  Here.

22    THE CLERK:  Juror No. 22.

23    THE PROSPECTIVE JUROR:  Here.

4

1          THE CLERK:  Juror No. 30.

2                    (No response.)

3          THE CLERK:  Juror No. 30.

4          THE PROSPECTIVE JUROR:  Here.

5          THE CLERK:  Juror No. 31.

6          THE PROSPECTIVE JUROR:  Here.

7          THE CLERK:  Juror No. 33.

8          THE PROSPECTIVE JUROR:  Here.

9          THE CLERK:  Juror No. 34.

10          THE PROSPECTIVE JUROR:  Here.

11          THE CLERK:  Juror No. 35.

12          THE PROSPECTIVE JUROR:  Here.

13          THE CLERK:  Juror No. 39.

14          THE PROSPECTIVE JUROR:  Here.

15          THE CLERK:  Juror No. 41.

16          THE PROSPECTIVE JUROR:  Here.

17          THE CLERK:  Juror No. 42.

18          THE PROSPECTIVE JUROR:  Here.

19          THE CLERK:  Juror No. 43.

20          THE PROSPECTIVE JUROR:  Here.

21          THE CLERK:  Juror No. 47.

22          THE PROSPECTIVE JUROR:  Here.

23          THE CLERK:  Juror No. 55.

24          THE PROSPECTIVE JUROR:  Here.

25          THE CLERK:  Juror No. 58.

5

1          THE PROSPECTIVE JUROR:  Here.

2          THE CLERK:  Juror No. 61.

3          THE PROSPECTIVE JUROR:  Here.

4          THE CLERK:  Juror No. 62.

5          THE PROSPECTIVE JUROR:  Here.

6          THE CLERK:  Juror No. 64.

7          THE PROSPECTIVE JUROR:  Here.

8          THE CLERK:  Juror No. 65.

9          THE PROSPECTIVE JUROR:  Here.

10         THE CLERK:  Juror No. 66.

11         THE PROSPECTIVE JUROR:  Here.

12         THE CLERK:  Juror No. 67.

13         THE PROSPECTIVE JUROR:  Here.

14         THE CLERK:  Juror No. 74.

15         THE PROSPECTIVE JUROR:  Present.

16         THE CLERK:  Juror No. 75.

17         THE PROSPECTIVE JUROR:  Here.

18         THE CLERK:  Juror No. 77.

19         THE PROSPECTIVE JUROR:  Here.

20         THE CLERK:  Juror No. 79.

21         THE PROSPECTIVE JUROR:  Here.

22         THE CLERK:  Juror No. 80.

23         THE PROSPECTIVE JUROR:  Here.

24         THE CLERK:  Juror No. 82.

25         THE PROSPECTIVE JUROR:  Here.

6

1           THE CLERK:  Juror No. 84.

2           THE PROSPECTIVE JUROR:  Here.

3           THE CLERK:  Juror No. 88.

4           THE PROSPECTIVE JUROR:  Here.

5           THE CLERK:  Juror No. 89.

6           THE PROSPECTIVE JUROR:  Here.

7           THE CLERK:  Juror No. 93.

8           THE PROSPECTIVE JUROR:  Here.

9           THE CLERK:  Juror No. 94.

10          THE PROSPECTIVE JUROR:  Here.

11          THE CLERK:  Juror No. 97.

12          THE PROSPECTIVE JUROR:  Here.

13          THE CLERK:  Juror No. 101.

14          THE PROSPECTIVE JUROR:  Here.

15          THE CLERK:  Juror No. 102.

16          THE PROSPECTIVE JUROR:  Here.

17          THE CLERK:  Juror No. 104.

18          THE PROSPECTIVE JUROR:  Here.

19          THE CLERK:  Juror No. 105.

20          THE PROSPECTIVE JUROR:  Here.

21          THE CLERK:  Juror No. 106.

22          THE PROSPECTIVE JUROR:  Here.

23          THE CLERK:  Juror No. 107.

24          THE PROSPECTIVE JUROR:  Here.

25          THE CLERK:  Juror No. 109.

7

1          THE PROSPECTIVE JUROR:  Here.

2          THE COURT:  Thank you, Ladies and Gentlemen.  Now,

3    the last thing is I want to ask all of you, on the front page

4    of *The Washington Post* Metro section this morning, there was an

5    article about this case.  Have any members of the pool seen

6    that article?  No?

7                        (Show of hands.)

8          THE COURT:  Two of you have.  Now, did you read it,

9    or did you close it up as soon as you realized what it related

10   to?

11         THE PROSPECTIVE JUROR:  I closed it up as soon as I

12   realized.

13         THE COURT:  And your number?

14         THE PROSPECTIVE JUROR:  106.

15         THE COURT:  All right, so you didn't read it at all?

16         THE PROSPECTIVE JUROR:  No.  I just started to glance

17   at the first paragraph, and when I realized what it was, I

18   stopped.

19         THE COURT:  All right.  And the other juror?

20         THE PROSPECTIVE JUROR:  I saw it, and I saw the

21   headline and did not read it.

22         THE COURT:  And your name -- your number, rather?

23         THE PROSPECTIVE JUROR:  62.

24         THE COURT:  Fine, thank you.

25         No one else has seen it?

8

1              THE PROSPECTIVE JUROR:  Same thing.  Saw the

2    headline.

3              THE COURT:  And your number just for the record?

4              THE PROSPECTIVE JUROR:  104.

5              THE COURT:  104?  All right.

6              And?

7              THE PROSPECTIVE JUROR:  82.

8              THE COURT:  82.  Again, 82, did you read it at all,

9    sir?

10             THE PROSPECTIVE JUROR:  No.

11             THE COURT:  And how about in the back?  Yes, sir?

12             THE PROSPECTIVE JUROR:  35.  Same, did not read it.

13             THE COURT:  Wonderful.

14             All right, one more?

15             THE PROSPECTIVE JUROR:  65.

16             THE COURT:  65, all right.

17             Now, this is the kind of thing I'm cautioning you

18   about.  Again, please avoid any exposure to media coverage.

19   Again, extraneous information could be in such articles, and it

20   would not be fair to the parties if you were to have that

21   information and base any part of your decision on it.  Very

22   good.

23             Counsel, do we need to address anything?  If not,

24   we're going to start selecting the jury.

25             MR. MAC MAHON:  Not from the defense, Your Honor.

9

1            MR. KROMBERG:  Not from the government.

2            THE COURT:  All right, what we're going to do, Ladies

3    and Gentlemen, is randomly pull 14 numbers, and those will be

4    the first 14 to be considered for service in the jury.  So when

5    you hear your number called, please come up and sit in the jury

6    box.

7            THE CLERK:  Juror No. 41, Juror No. 105, Juror No.

8    89, Juror No. 43, Juror No. 31, Juror No. 34, Juror No. 94,

9    Juror No. 12, Juror No. 62, Juror No. 97, Juror No. 109, Juror

10   No. 104, Juror No. 39, Juror No. 22.

11           Will the following jurors please return to your seats

12   in the courtroom:  Juror No. 94, Juror No. 97, Juror No. 109,

13   Juror No. 12, Juror No. 104, Juror No. 43, Juror No. 34, Juror

14   No. 39.

15           Will the following jurors please have a seat in the

16   jury box as instructed by the marshal:  Juror No. 30, Juror No.

17   61 --

18           THE PROSPECTIVE JUROR:  I'm sorry, could you repeat

19   that, please?

20           THE CLERK:  61.

21           Juror No. 107, Juror No. 67, Juror No. 47, Juror No.

22   55, Juror No. 74, Juror No. 77.

23           Will the following jurors please return to your seats

24   in the courtroom:  Juror No. 74, Juror No. 47, Juror No. 77,

25   Juror No. 67, Juror No. 61.

1    Will the following jurors please have a seat in the

2    jury box as instructed by the marshal:  Juror No. 58, Juror No.

3    101, Juror No. 66, Juror No. 102, Juror No. 65.

4    Will the following jurors please return to your seats

5    in the courtroom:  Juror No. 102, Juror No. 66.

6    Will the following jurors please have a seat in the

7    jury box as instructed by the marshal:  Juror No. 75, Juror No.

8    82.

9    Will the following juror please return to your seat

10   in the courtroom:  Juror No. 82.

11   Will the following juror please have a seat in the

12   jury box as instructed by the marshal:  Juror No. 33.

13   Ladies and Gentlemen, will you please stand, raise

14   your right hands, and answer in the affirmative.

15                        (Jury affirmed.)

16   THE COURT:  All right, now, I want to thank the rest

17   of the jury pool.  We have now completed jury selection and

18   have the 14 people who will hear this case.  The rest of you,

19   again, because this was your third appearance at court, we

20   especially appreciate how diligent you have been about your

21   service to this Court.  That service is now complete.  You are,

22   of course, free to stay and watch the proceedings if you'd

23   like, or you may leave.  If you decide to leave, please check

24   out with the Clerk's Office, and we again thank you for your

25   attendance this morning.

1          All right.  Now, Ladies and Gentlemen, we're going to

2    be together for a while, and if Jurors No. 101 and 41 would

3    look to your right, there should be a stack of notebooks next

4    to your chair.  If you would take one and hand one out to the

5    rest of the jurors?

6          I'm giving you notebooks and pens because sometimes

7    jurors like to take notes, and I want to make sure you feel

8    comfortable doing so if that's what you would like to do.  We

9    will be together for at least a week, could be two or three, as

10   I had warned you earlier, and so there'll be a lot of

11   information, and if some of you find that note taking helps you

12   keep focused, then feel free to do so.

13         I need to caution you, however, about note taking,

14   because many judges don't permit jurors to take notes.

15   Remember, none of you is a professional court stenographer, so

16   you're not going to get everything down, so please don't let

17   your note taking detract or distract you from paying attention

18   during the trial.  It's extremely important to be watching as

19   well as listening during a trial.

20         When the witnesses are in the witness box, you not

21   only want to listen to what they say but watch how they react

22   to questions, look at body language, facial expressions.  All

23   of that kind of information does go into a jury's decision

24   making.

25         It's also very important that you understand that the

12

1    way a trial is put together, information comes in at different

2    points, and if you're writing everything down at the very

3    beginning of the trial, you may wind up by the end being tired

4    and not writing down that much, and, in fact, very important

5    information comes in at the end and you might somehow think

6    it's not as important because you don't have as many notes

7    about it.  So be very careful that you don't let your notes

8    skew or mislead you, but if note taking helps you keep focused

9    and pay attention, that's fine.

10          Now, your notes are your own individual memory aid.

11   They are not evidence, and they're not to be shown or exchanged

12   with the other jurors.

13          And at the end of the trial, I will tell the 12 of

14   you who wind up deciding this case that you are 12 coequal

15   judges.  The fact that some of you may have taken extensive

16   notes does not mean that that particular juror's opinion or

17   memory of the evidence is any more or less worthy of respect or

18   consideration than that of a juror who takes no notes or very

19   few.  You don't have to take notes.  It's totally up to you.

20          You can put your names on your notebooks if you want,

21   and any time we're in recess, whether overnight or for lunch,

22   leave your notebooks on your chair.  We'll get them back to

23   you.  But they shouldn't, obviously, go home with you, either.

24          Now, I just briefly want to give you a little

25   overview about the structure of the trial, and then unless any

1   of you need a break, I'd like to go right into opening

2   statements since I know you-all were sort of prepared to be

3   here for the long run.

4          We have finished jury selection, and as soon as I

5   finish talking, the next order of business will be opening

6   statements.  Opening statements are the time when the lawyers

7   for each side can give you a brief overview as to what they

8   expect the case will show.

9          You might think about an opening statement like the

10  cover on the box of a jigsaw puzzle, if any of you are puzzle

11  doers, because as you know, the puzzle, when all the pieces are

12  put together, that's the picture.  The picture on the box cover

13  is what it looks like when everything is put together, except

14  with opening statements, you will most likely get two very

15  different box covers, and you might want to think about whether

16  the pieces at the end of the trial make one box cover or the

17  other or some different box cover.

18         Now, because the government in a criminal case has

19  the burden of proof, the government goes first at each stage of

20  the proceedings, so the government will make the first opening

21  statement, and then the defendant will make his opening

22  statement.

23         Now, anytime the lawyers are speaking to you, whether

24  it's in their opening statements or at the end of the trial in

25  their closing arguments or if they are raising an objection

14

1    with the Court or when they're asking a question of a witness,

2    be extremely careful to remember that what lawyers say is not

3    evidence, and if you think about it, it makes sense.  A lawyer

4    was not a witness to any of the events involved in this case,

5    and the lawyers have not taken an oath or affirmation to tell

6    the truth.

7           It is a lawyer's job to bring out the evidence by

8    asking the appropriate questions of the appropriate witness and

9    by introducing the appropriate pieces of evidence.  So what

10   lawyers do is obviously very important, but just be careful

11   because if a lawyer makes a statement and you don't remember a

12   witness saying that or a piece of evidence supporting it, then

13   you should not accept the lawyer's statement as evidence.

14   Evidence comes from different sources.

15          After we have the opening statements, then we turn to

16   the evidence portion of the trial, and the evidence in this

17   case is going to consist of three categories of information.

18   First, I believe we have some stipulations, correct, counsel?

19          MR. KROMBERG:  Correct, Judge.

20          THE COURT:  All right.

21          MR. MAC MAHON:  Yes, Your Honor.

22          THE COURT:  And a stipulation basically is a fact

23   which both sides agree or stipulate to, so there's not going to

24   be any evidence actually presented at trial to establish that

25   fact, and the jury will be told what facts the lawyers have

1   stipulated to, and the jury is therefore free to accept those

2   facts, although as the fact-finders, you can reject facts that

3   are stipulated to.  That's within your province, but you're not

4   going to get evidence to establish that fact because the

5   lawyers are satisfied that that fact is established.

6          Now, the next quantum of information is testimonial

7   evidence.  That will come, obviously, from witnesses.  The way

8   we go is that the side that calls the witness, so since the

9   government goes first, it will put its witnesses on first, so

10  they will call their witnesses, and the first witness will come

11  in the witness box, be placed under affirmation, and be asked

12  all the questions which the prosecutor has for that witness.

13         When the prosecutor has finished asking questions,

14  then the defense may cross-examine that witness.  After the

15  cross-examination, if the prosecution believes that some issues

16  have been raised during cross that need to be addressed, they

17  may ask another round of questions called redirect, and the

18  rules permit the defense to have one last round of questioning,

19  called recross, which is limited to the scope of the redirect.

20         Then that witness is finished, and we will go to the

21  next witness, and we will go that way until the government has

22  called all of its witnesses.

23         The government may also be introducing evidence.

24  There may be charts, e-mail messages, physical things, but

25  that's what we call evidence, and that's also part of the

1  information you'll have for deciding this case.

2           Now, when the government has finished calling all of

3  its witnesses and putting in all of its evidence, then you'll

4  hear the government say that it rests.  That means the

5  government believes that it's put on all that it needs for its

6  case.  We turn then to the defendant.

7           Now, it's extremely important that you remember a

8  primary principle of our criminal justice system is the

9  presumption of innocence, and that is, although charged with a

10  crime, a defendant when he walks into a court of law like this

11  one comes in with an absolutely clean slate, with the

12  presumption of innocence, and it is the government's burden to

13  prove the guilt of the defendant, not the defendant's burden to

14  prove his innocence.

15           So in our legal system, a defendant doesn't have to

16  do anything.  He does not have to produce any evidence

17  whatsoever; but, of course, he may; and if he chooses to, then

18  we would go the same order except reverse now; that is, each

19  defense witness would first be questioned by defense counsel,

20  then the government would cross, then defense counsel could

21  redirect, and the government could recross; and we would go

22  that way until all the defendant's witnesses and all the

23  defendant's exhibits, if any, are introduced.

24           The government is allowed a brief rebuttal case, and

25  in very rare circumstances the Court is permitted to allow a

1   surrebuttal by the defense, but at some point, all the evidence

2   is finished.  Then we go to closing argument.

3           Now, again, because the government has the burden of

4   proof, it goes first and will make the opening closing

5   argument, and the purpose of a closing argument is essentially

6   to argue to you various inferences, summarize the evidence, and

7   then draw the inferences from that evidence which that side

8   wants you to draw.

9           After the government makes its opening closing

10  argument, the defense makes its closing argument, and because

11  the government has the burden of proof, the rules allow it to

12  make a rebuttal closing argument.

13          Then it's my job as the presiding judge to give you

14  more detailed instructions of the law that you will have to

15  follow, and then we turn the case over to you for deliberation.

16          Now, during the course of the trial, one of the

17  lawyers may object from time to time either to a question

18  that's being asked of a witness or to a witness's answer or to

19  a piece of evidence that the other side is trying to introduce.

20  It is a lawyer's job to object when the lawyer believes that

21  something is happening that violates one of the rules of

22  evidence or procedure or possibly some previous ruling in the

23  case.

24          It's my job to rule on such objections.  If I agree

25  with the objection, if I agree that there is a problem, you

18

1    will hear me say either "objection sustained" or "granted."

2    Those words mean the exact same thing.

3          If I do not agree with the objection, I don't think

4    there's a problem, I'll say either "objection denied"

5    or "overruled," and those words mean the same thing.

6          Now, it's extremely important that you not hold

7    against a particular side the fact that that side's attorney

8    has made an objection, and you also should not try to draw any

9    inference from how I've ruled on an objection.  Just because I

10   grant an objection doesn't mean I think that side should win or

11   lose the case, or if I've denied or overruled an objection,

12   that doesn't mean that that side should lose the case.

13         It's much like a referee in a sporting event who

14   calls balls or strikes or fouls.  It's done to keep the

15   enterprise going by the rules and not done to help one side or

16   hurt the other.  So please keep that in mind.

17         Now, it's extremely important as jurors that you keep

18   an open mind throughout the trial.  You cannot start

19   deliberating or making up your mind about any issue until you

20   have received all of the information in the trial, all of the

21   arguments of counsel, and my instructions.  So you must keep an

22   open mind as this case is progressing.

23         When you're on recess, you're certainly free to

24   socialize among yourselves, chat about the weather, baseball,

25   or anything else you want to, but don't talk about this trial

1   or the case because you might inherently start evaluating or

2   judging issues, and that could make it more difficult for you

3   to change your mind if down the road new evidence came in and

4   you'd already made up your mind on something.  So it's very

5   important that you not begin any deliberation whatsoever.

6           I want to repeat again the caution I gave you as you

7   were being considered for jury duty.  It is extremely important

8   that you avoid any media coverage whatsoever about this case.

9   So be very careful.  There may be some snippets about this case

10  on television or on the radio tonight.  Please, absolutely do

11  what some of you've already done:  The second you see that

12  there might be something close, get away from it.

13          Make sure you do not conduct any investigation about

14  this case.  It's extraordinarily important, as I said earlier,

15  that you decide this case solely on what you see and hear in

16  this courtroom.  If you think for any reason that somebody may

17  have e-mailed you or tried to talk to you about this case in

18  any respect, I want you to advise us immediately.  I don't

19  expect that's going to happen, but every now and then -- and it

20  usually happens by accident in the courthouse -- you hear

21  somebody talking about the case, and just let us know if that

22  happens.

23          Now, because the lawyers are trained to try to avoid

24  any appearance of any improper contact with a juror outside of

25  the courtroom, if you should bump into one of the defense

20

1   attorneys or one of the prosecutors in the hall and they don't

2   make friendly eye contact with you, please don't take that as

3   an insult.  They're trying to avoid anybody saying, oh,

4   so-and-so was talking to a juror or making, you know, smiles at

5   a juror, trying to get their favor, and so that's why they

6   behave the way they do outside of the courtroom.

7            I'm not going to give you the same warning I've just

8   given you this morning each day.  This warning about not

9   conducting any investigation and avoiding any media coverage

10  carries through as long as you're a juror in this case.  You've

11  all been so diligent already, I'm sure you'll let me know if

12  there are any problems or issues that arise.

13           And again, don't discuss this case with family

14  members or anybody else.  You can say you're on a jury, and

15  that's it until this case is over.

16           All right, does anyone need a break, or can we go

17  right into the opening statements?

18                      (No response.)

19           THE COURT:  All set?  All right.  Then, Mr. Kromberg

20  or Mr. Gibbs, do you want to start?

21           MR. KROMBERG:  Thank you, Your Honor.

22           MR. MAC MAHON:  Your Honor, if I could, may we have a

23  rule on witnesses, please?

24           THE COURT:  Ah, thank you, yes.  Anyone who's going

25  to be a witness in this case other than the two case agents

21

1    must leave at this time and cannot be in the courtroom while

2    any other witness is testifying, all right?  Are any witnesses

3    in the courtroom for either the government or the defense?

4              MR. KROMBERG:  Not from the government, Judge.

5              MR. MAC MAHON:  Thank you, Your Honor.

6              THE COURT:  All right, that's fine.

7              *        *        *        *        *

8

9                   CERTIFICATE OF THE REPORTER

10        I certify that the foregoing is a correct excerpt of the

11   record of proceedings in the above-entitled matter.

12

13

14   _____/s/_____
                                  Anneliese J. Thomson

15

16

17

18

19

20

21

22

23

24

25