REDACTED / CLEARED FOR PUBLIC RELEASE

FILED WITH
COURT SECURITY OFFICER
12/6/06
DATE

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA                 DEC – 6 2006

Alexandria Division

UNITED STATES OF AMERICA          )
                                  )         Criminal No. 1:04cr385
              v.                  )
                                  )         Hon. Leonie M. Brinkema
ALI AL-TIMIMI,                    )
                                  )
              Defendant           )

### GOVERNMENT'S *EX PARTE, IN CAMERA* FILING REGARDING THE DEFENDANT ALI AL-TIMIMI(U)

On July 13, 2005, Ali Al-Timimi was sentenced to life in prison upon his conviction for soliciting treason as well as for counseling and inducing others to conspire to levy war against the United States, aid the Taliban,  aid Lashkar-e-Taiba, and to use firearms and explosives in furtherance of those underlying crimes of violence.  The next day he appealed his convictions to the United States Court of Appeals for the Fourth Circuit. (U)

On February 16, 2006, Al-Timimi moved to vacate his appeal so that his case could be remanded to this Court for consideration of his allegation that the government failed to provide

REDACTED / CLEARED FOR PUBLIC RELEASE

pre-trial discovery to which he was entitled.[1]   On April 25, 2006, the Fourth Circuit vacated the appeal and remanded the case for this Court to consider issues raised by Al-Timimi and order whatever relief or changes in the case, if any, that it considers appropriate. (U)

On September 26, 2006[2], Al-Timimi's trial attorney, Edward B. MacMahon sent this Court a letter, which was immediately provided to the government and his appellate attorney, Jonathan Turley, which indicated that in the course of reviewing materials at the National Archives last year as part of the case of *United States v. Moussaoui*, he "came across a file that appeared to show that al-Timimi had been the subject of an investigation before September 11, 2001." In his September 26th letter, Mr. MacMahon indicated that he thought the file was in the portions of the records that addressed the August 6, 2001 Presidential Daily Briefing.  Mr. MacMahon's letter raised questions about the adequacy of the government's provision to him of discovery pre-trial.  We expect that Al-Timimi's new counsel will challenge the adequacy of the pre-trial discovery on the basis of the allegations contained in Mr. MacMahon's letter.  In that event, we plan to respond in an unclassified document that we were unable to locate the document referenced by Mr. MacMahon despite a diligent search, but that, nevertheless, Al-Timimi was provided all the discovery to which he was entitled. However in light of the allegations raised by Mr. MacMahon's letter, we file this classified pleading now on an *ex parte*,

---

[1] The government did not oppose Al-Timimi's motion to vacate his appeal. In doing so, however, it expressly noted that it did not concede that any pre-trial discovery was improperly withheld. (U)

[2] It is important to note that Mr. MacMahon's review of materials at the National Archives occurred approximately one year prior to this letter. (U)

2

Case 1:04-cr-00385-LMB   Document 303   Filed 09/15/14   Page 3 of 6 PageID# 1407

*in camera* basis to inform the Court as soon as possible of the ████████████████

Following the receipt of Mr. MacMahon's letter, the undersigned called him to determine ... and asked if he could provide any additional information that would help in locating the file or speaking directly with the agents assigned to this case. Mr. MacMahon indicated at that time that he would not be willing to speak with the case agents, but he would be willing to send a second letter. This second letter from Mr. MacMahon, dated November 20th, 2006, indicated that he did not have any further information other than what was provided in his original letter.[3] (U)

As a result of this information, two agents from the FBI's Washington Field Office, one of whom was the FBI's representative to The National Commission on Terrorist Attacks Upon the United States ("the 9/11 Commission"), went to the National Archives to attempt to locate the file referenced by Mr. MacMahon. The two agents went to the National Archives on November 14, 2006, and reviewed numerous documents with the assistance of National Archive personnel[4]. In order to narrow the search, the two agents reviewed 9/11 Commission requests

---

[3] Mr. MacMahon's second letter arrived after the agents had conducted their document review at the National Archives as detailed *infra*. However given that his second letter did not shed any additional light on where the document at issue might be located, there was no reason to conduct a second review at the National Archives. (U)

[4] In the course of this review, the agents specifically asked National Archives personnel for any documents supporting the August 6, 2001 Presidential Daily Briefing and were advised that no such documents existed within the National Archives. (U)



3

Case 1:04-cr-00385-LMB   Document 383   Filed 09/19/14   Page 4 of 6 PageID# 1408

████████

for information and indices of documents from various government agencies responsive to those requests. The agents used those indices to identify documents which they believed might contain the information referenced by Mr. MacMahon. As a result of this request, the agents were allowed to review a substantial number of FBI documents provided to the 9/11 Commission. The agents reviewed those documents at the National Archives on November 14, 2006. Based on the limited description provided by Mr. MacMahon, these documents appeared to be the most likely place to find the information that he described. However, the agents were unable to locate the document or file that Mr. MacMahon described in his letter. (U)

The government respectfully wishes to advise this Court, however, that despite the fact

████████

REDACTED / CLEARED FOR PUBLIC RELEASE



Prior to the trial of this defendant in 2005, the government, as part of its discovery obligation, reviewed all of the evidence that it had obtained in this case related to this defendant. This review included all of the evidence obtained ████████████████████████ ████████████████████████ Following that review, the defense was provided with all of the discovery to which it was entitled. This discovery included all relevant statements of the defendant, any exculpatory information, and all the material that was discoverable under Rule 16 of the Federal Rules of Criminal Procedure ████

While the defense is obviously entitled to all discoverable evidence in the possession of the government, ████████████████████████████████ ████████████████████████████████ ████████████████████████████████ There is no possible basis for the defense to know the time and duration of the investigation, the investigative techniques, sources and methods used, or the fruits of the investigation that are not discoverable. The government's obligation is to provide the defense with all discovery to which it is entitled. The government has scrupulously met this obligation. ████

## Conclusion (U)

Based upon the foregoing, the government respectfully submits that this Court should

████████

5

REDACTED / CLEARED FOR PUBLIC RELEASE

find that there is no basis upon which to order

Respectfully submitted,

Chuck Rosenberg
United States Attorney

By:

Gordon J. Kromberg
Assistant U.S. Attorney

John T. Gibbs
DOJ Trial Attorney
National Security Division

Dated: December 6, 2006

6