REDACTED / CLEARED FOR PUBLIC RELEASE

Filed with court security office!
In Camera and under seal

DATE 12/23/04

DEC 2 3 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | SECRET |
| | ) | |
| v. | ) | Case No. 04-385-A |
| | ) | |
| ALI AL-TIMIMI, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR A CONTINUANCE

Defendant Ali Al-Timimi, by counsel, and pursuant to the Fifth, Sixth and Eighth Amendments, hereby moves the Court for a continuance of the trial date presently scheduled for January 24, 2005 to April 26, 2004. This continuance is necessary for counsel to be adequately prepared to mount an effective defense in this case. Moreover, this request was caused, in part, by the government's delay in producing discovery materials while waiting for cleared counsel receive use authority to receive the material. These materials are classified and will result in CIPA (18 U.S.C. App. 3) proceedings that simply cannot be completed under the current trial schedule.

Significantly, the defense received, on December 22, 2004, at approximately 6:00 p.m., ▓ CD ROMs containing classified material. It is defense counsels' understanding that these CD ROMS contain approximately ▓▓▓ of telephone and e-mail communications of the defendant that were intercepted pursuant to FISA (50 U.S.C. § 1801 et. seq.)

-1-

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

Unfortunately, the CD ROM player on the computer in the SCIF is malfunctioning[1]. Once the CD ROM player is repaired the CD's can be reviewed. Once the defense has reviewed the classified material, hearings will have to be scheduled to determine whether material can be used in trial or whether material the government wishes to use in trial should be suppressed. 50 U.S.C., §§ 1806 (a), 1806 (e), 1806 (g) and the Fourth Amendment. A review of this evidence may give rise to other due process challenges if, for example, calls between the defendant and his prior counsel have been intercepted. Lastly, the court will be asked to hold expedited CIPA § 6 hearings so that the defendant himself can review this information. Counsel will file the appropriate CIPA § 5 pleadings to initiate that process as soon as possible. It is apparent, however, that the current trial schedule will not allow for sufficient time to uncover much less litigate these important issues.[2] As such, a continuance is mandated.

The defense also has just received in the past week four large binders of discovery containing approximately 3400 pages that the government has placed in the SCIF for the defense to review. While these materials are not classified, these materials are voluminous and must be analyzed and reviewed so that they can be properly used in the defense of this case. These materials are primarily FBI 302s of various witnesses as well as some grand

---

[1] The court security officer has been informed of the malfunction of the CD ROM player.

[2] This delay was not occasioned by Dr. Al-Timimi's decision to switch counsel. The government was aware that these items were in their possession but could not produce the material to Dr. Al-T###### uncleared counsel under any circumstance and could not produce it to his present cleared counsel until use authority was obtained from the appropriate officials. That new counsel already had security clearances actually made this process more efficient and less time consuming than it would normally have been.

-2-

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

jury testimony and other documents.

There are additional matters that also must be completed before the defense will be prepared for trial. Yesterday counsel and Dr. Al-Timimi met with Agent Wyman in Washington to review the contents of approximately 30 boxes that were seized from Dr. Al-Timimi's home. The purpose of this review was to obtain evidence that the defense needs for trial. Because of the large number of items to be reviewed, and the number of items to be copied for the defense, Agent Wyman indicated that the government, in lieu of making copies for the defense, could produce a pre-existing CD ROM containing images of the seized items. That CD ROM could then be reviewed by the defense and exhibits prepared of items that the defense intends to use at trial. While we are confident that Agent Wyman will expedite this request, it is not known when that CD ROM will be made available for the defense. Once it is, it will be a time-consuming process to review, in some cases also to translate from Arabic, and prepare the necessary items for the defendant's introduction at trial.

For example, included in the seized items are transcripts and/or tapes of the approximately 400-500 of Dr. Timimi's speeches and lectures that the government seized. Many of these tapes are in Arabic and many, if not all, of them remain in the F.B.I.'s Washington Field Office where they have been maintained since they were seized pursuant to a search warrant in 2003. It is critical for the defense to be able to introduce many of these tapes and transcripts to show that Dr. Al-Timimi has never called for the destruction of the United States or aided or abetted anyone in committing any crime.

While his political and religious views are not shared by the vast majority of Americans, the government in the paintball trial was able to paint a false portrait of Dr. Al-

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

Timimi by introducing brief and misleading snippets from some of those tapes in its case in chief. The defense needs time to review the entire tape of the various speeches or lectures from which the government intends to use snippets at trial to determine which portions the defense will want to play so that they jury can see the actual context of the statements that the government intends to use to inflame the passion of the jury. This will take time and cannot be done until the government releases or copies the tapes it seized and provides a CD ROM of the seized transcripts.

The defense is speaking to many potential witnesses who are located in the Washington, D.C. metropolitan area. But there are also other potential witnesses who are located outside the Washington, D.C. metropolitan area including some who are located overseas. Since the government has given notice that it intends to introduce pursuant to FRE 404 a disputed account of what Dr. Al-Timimi said at a dinner on September 11, 2001, the defense will seek to depose the person to whom he was actually speaking to that evening. That person will confirm that Dr. Al-Timimi never suggested in any way that the attacks of September 11 were justified. In addition, there is a paintball player who has testified that Dr. Al-Timimi never sought to recruit him for any illegal actions and who can refute most of the allegations in th Indictment. That witness is also currently overseas.

There is also the matter of the jury questionnaire that must be prepared for the prospective jurors. The parties have not yet had the opportunity to sit down and attempt to put it together. That will probably not occur until after the first of the year and is a critical stage in this case as all parties want to be sure that a fair and impartial jury is selected.

For these reasons, the defense asks the Court to continue the matter from January 24, 2005 to April 26, 2005.

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

Respectfully submitted,

Ali Al-Timimi
By Counsel

_____
Edward B. MacMahon, Jr. VSB #25432
107 East Washington Street
P.O. Box 903
Middleburg, Virginia 20117
540-687-3902

_____
Alan H. Yamamoto  VSB #25872
643 S. Washington Street
Alexandria, Virginia 22314
703-684-4700

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing motion was filed with the Court Security Officer who delivered a copy to Gordon Kromberg, Esq., Assistant United States Attorney, 2100 Jamieson Ave., Alexandria, Virginia, 22314 on this 2nd day of December 2004.

_____
Alan Yamamoto

-5-

REDACTED / CLEARED FOR PUBLIC RELEASE

**CERTIFICATE OF SERVICE**

I certify that on this 27th day of March, 2015, I will file the foregoing document on the CM/ECF system, which will then send an electronic notification to:

Mr. Gordon Kromberg, Esq.
United States Attorney's Office
2100 Jamieson Ave.
Alexandria, Virginia 22314
(703) 299-3700
gordon.kromberg@usdoj.gov
*Attorney for the United States*

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy will be delivered to Chambers within one business day of this electronic filing.

                                                /s/
Thomas Michael Huff, Virginia Bar No. 73587
Thomas M. Huff, Attorney-at-Law
P.O. Box 2248
Leesburg, VA 20177
Telephone: 703.665.3756
Facsimile: 571.354.8985
thuff@law.gwu.edu