REDACTED / CLEARED FOR PUBLIC RELEASE

Filed with court security officer
In Camera and under seal

DATE 01/13/05

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| v. | )<br>) Case No. 04-385-A |
| ALI AL-TIMIMI, | )<br>) |
| Defendant. | )<br>) |

JAN 1

CLERK

## DEFENDANT'S REPLY IN SUPPORT OF HIS NOTICE OF INTENT TO DISCLOSE CLASSIFIED INFORMATION PURSUANT TO CLASSIFIED INFORMATION PROCEDURES ACT (18 U.S.C. APP. 3 § 5(a)

**COMES NOW** Ali Al-Timimi, by counsel, and for his Reply in Support of His Notice of Intent to Disclose Classified Information Pursuant to Classified Information Procedures Act (18 U.S.C. App. 3 § 5(a), states as follows:

The government's Response to the defendant's § 5 notice represents an almost insurmountable hurdle to the effective preparation of the defense of this case. While the government is correct in citing a line of cases, such a *United States v. North*, 708 F. Supp. 332 (D.D.C. 1988), in which courts have addressed the specificity of the notice requirement contained in Section 5 of CIPA, those cases are inapposite. In the *North* case, for example, the defense literally backed up a van to the clerk's office and noticed the potential disclosure hundreds of thousands of pages of classified information. *Id.* at 393. That approach, the district court properly held, was not appropriate. The problem here, however, is entirely different.

REDACTED / CLEARED FOR PUBLIC RELEASE



Here, the government has essentially backed up a van of classified information to the SCIF and dumped it in the laps of the defense without any meaningful indication of what has been produced. There are "approximately ▮ phone calls that have been intercepted and not "summarized" and approximately ▮ e-mails" that have been intercepted. While this is hardly the product of a "minimal" intercept as required by F.I.S.A., the review of this information is sure to be a time-consuming process. And, as the Court has recognized, in a case where the defendant's speech is at issue, counsel must fully review all of the intercepted speech for exculpatory evidence.

Assume, for example, that the one computer that we have in the SCIF is updated and actually works in a manner that will allow us to review each of the telephone calls for potential inclusion in a detailed § 5 notice. If each call is 5 minutes long, without any attribution of time required to open, close and log the files containing the calls, there are approximately ▮ of recorded calls. While it is most likely that some calls are longer than five minutes and some are shorter, we can approximate that it will take ▮ just to listen to the calls. We have no idea how long it will take to review ▮ emails though we can inform the court that we still cannot open the CD-ROM containing the unclassified emails that have been produced. All of this assumes that this information is in English and we have no computer problems.

The defense certainly recognizes that there is nothing that can be done to force the government to declassify anything it wants to remain classified. But the reasons advanced by the government no to do so, however, are patently frivolous. The defendant, who is presumed innocent and does not face any "terrorism" charges, cert▮▮▮▮▮▮▮▮▮▮ that he has been indicted and he has had ample time, had he wished, to

-2-

REDACTED / CLEARED FOR PUBLIC RELEASE

"alert" everyone that he has been indicted. It is likely, also, that the government would have intercepted the defendant's "alerts" and notified this Court in order to seek to revoke his bail.

The defendant also is well aware that all of his calls and e-mails have been intercepted. One call from Kwon to the defendant was played in the last trial. And, in a prior motions hearing in this case, Mr. Kromberg, in open court with the defendant present, stated that the government intended to introduce a least one classified intercepted call of the defendant in this case. To claim that there is some global danger to allowing the defendant, who will be able to recognize voices and know the context of all of these calls, to listen to his own voice is palpably absurd. Nothing in the information that we have reviewed discloses the methods of obtaining any of the intercepts which the government breathlessly claims the defendant can disclose "around the world." Indeed, some of the intercepts are merely spam.

Nevertheless, if the government maintains this position, the defense has no option but to request that this case be further continued by the Court. In the interim, the defense respectfully requests that the Court "facilitate an on-going declassification process" that would allow the defendant, as is his constitutional right, to assist in the preparation of his own defense.[1] *Id.* at 390. In the alternative, if the government refuses to declassify this information then counsel needs additional time to find and then retain an interpreter who can be cleared. It would expedite matters if the government can

---

[1] The court in *North* noted in that case that the National Security Council, State Department, Department of Defense, Central Intelligence Agency and Department of Justice had worked diligently around the clock to declassify relevant documents and release text from classification restrictions. *North* at 391 and n 5.

-3-

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

provide the defense with a list of cleared interpreters. The defense requests are entirely appropriate and cannot, as the government suggests, constitute greymail. It is unconstitutional for the government to place insurmountable hurdles between the defendant, his counsel and their ability to prepare for trial. In such a circumstance, the defendant cannot be without a remedy nor the Court rendered powerless to intervene

WHEREFORE, the defendant requests that the instant motion be granted.

Respectfully submitted,
By Counsel

Edward B. MacMahon, Jr. VSB # 25432
107 East Washington Street
P.O. Box 903
Middleburg, VA 20118
(540) 687-3902

Alan H. Yamamoto VSB # 25872
643 S. Washington Street
Alexandria, VA 22314
(703) 684-4700

### CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was hand-delivered on this 13th day of January 2005, to the Court Security Officer for delivery to Gordon Kromberg, Esquire, Assistant United States Attorney, 2100 Jamieson Avenue, Alexandria, Virginia.

Alan H. Yamamoto

-4-

REDACTED / CLEARED FOR PUBLIC RELEASE

## CERTIFICATE OF SERVICE

I certify that on this 27th day of March, 2015, I will file the foregoing document on the CM/ECF system, which will then send an electronic notification to:

Mr. Gordon Kromberg, Esq.
United States Attorney's Office
2100 Jamieson Ave.
Alexandria, Virginia 22314
(703) 299-3700
gordon.kromberg@usdoj.gov
*Attorney for the United States*

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy will be delivered to Chambers within one business day of this electronic filing.

/s/
Thomas Michael Huff, Virginia Bar No. 73587
Thomas M. Huff, Attorney-at-Law
P.O. Box 2248
Leesburg, VA 20177
Telephone: 703.665.3756
Facsimile: 571.354.8985
thuff@law.gwu.edu