REDACTED / CLEARED FOR PUBLIC RELEASE

Filed with court security officer
in Camera and under seal

DATE 2/18/05

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA,     )
                              )
                              )
v.                            )   Case No. 04-385-A
                              )
ALI AL-TIMIMI,                )
                              )
    Defendant.                )
                              )

## DEFENDANT'S OBJECTION TO *EX PARTE* PROCEEDINGS PURSUANT TO THE CLASSIFIED INFORMATION PROCEDURES ACT ("CIPA") 18 U.S.C. Appendix 3 § 4

COMES NOW Ali Al-Timimi, by counsel, and for his Objection to *Ex Parte* Proceedings Pursuant to CIPA § 4, states as follows:

1. On February 15, 2005, the government informed counsel that it intended to provide classified telephone calls between the defendant and a person known as ▅▅▅▅ ▅▅▅▅ to the Court for *ex parte* and *in camera* review. It is assumed that the authority for this procedure is set forth in CIPA § 4. The defendant hereby objects to any *ex parte* and *in camera* procedures as contrary to CIPA and unconstitutional as applied to the facts of this case.

2. It is the government's intention to try to connect the defendant to Osama Bin Laden through his association with Safar Hawali, a Saudi cleric who was once one of the defendant's teachers. "If I have not mentioned this before, please note that I intend to ask Evan Kolhmann to testify regarding the relationship between Bin Laden and Hawali. As you know, Bin Laden based his declaration of war against the United States on the

grounds that the Saudis incarcerated Hawali at the behest of the Americans." Discovery Letter dated December 28, 2004. While there are patent factual errors in the statements made in the discovery letter cited above, the government's strategy is clear: it wants to falsely paint the defendant as a supporter of Bin Laden and terrorism through his relationship with Hawali.[1] Since this Court would not allow a film of the destruction of the Twin Towers to be shown in this case, it should not allow the government to paint this same picture by association while the government seeks to limit its own discovery obligations under CIPA.

3. It is undeniably true that Al-Timimi and Hawali have maintained a close personal relationship and have talked many times on the telephone and in person since September 11, 2001. It is submitted, however, that none of these conversations ever involved any actions that would be remotely related to any of the crimes charged in the Superseding Indictment. Indeed, most should deal with a series of calls made by both Hawali and Al-Timimi for dialogue between Muslims and the West. There are no calls that would show that Hawali and Al-Timimi are planning any terrorist acts or encouraging, aiding or abetting others to do so. Counsel is comfortable making such a representation on the basis of what has already been proffered and because of the fact that out of over ▓▓▓ calls intercepted by FISA warrants, the government has no intention of using any of the calls between Hawali and Al-Timimi. It is submitted that any conversation between these two men that will not support the government's theory of the case are discoverable under Brady. If the government insists upon painting a picture of

---

[1] The affidavit filed in support of the warrant issued to search the Al-Timimi residence notes that the agent had reviewed toll records that show that Al-Timimi was in regular contact with Hawali.

REDACTED / CLEARED FOR PUBLIC RELEASE

Hawali and Al-Timimi as comrades in arms to launch terrorist attacks and to violate the laws of the United States, Al-Timimi is entitled to evidence that shows that they discussed everything but those topics.

4. To insure that the defense can be heard in this process, the defendant objects to any ex parte proceedings under § 4 of CIPA. As an initial matter, the government is not entitled to automatic *in camera* and *ex parte* inspection of classified information submitted for review under § 4 of CIPA. The text of the statute calls for permissive use of *in camera* proceedings. "The Court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone. *Ex Parte* filings, even of classified information, is disfavored. <u>United States v. Rezaq</u>, 156 F.R.D. 514, 526 (D.D.C. 1994), rev'd to allow the government to request leave to file ex parte submissions, <u>United States v. Rezaq</u>, 899 F. Supp. 697, 707 (D.D.C. 1995), aff'd on other grounds, 134 F. 3d 1121 (D.C. Cir. 1998)

5. The policy grounds that discourage ex parte filings are highlighted by the facts of this case. Without the input of defense counsel, who alone know the factual and legal issues they intend to raise in this defense, the Court will not be able to make complete and fully advised rulings as to <u>Brady</u>. And, there appears to be no valid reason to exclude defense counsel from this process. Both counsel have clearances that allow them to review these materials. The government has flooded the SCIF with over ███ similarly classified calls that it contends have no relevance to the case. Yet the calls that have specifically been requested are not produced to counsel. This is simply baffling. Finally, the reasons to classify these calls is debatable. The defendant now knows that his phone was tapped at all relevant time periods since on or about ███

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

▆ In the paintball trial, the government introduced a call between the defendant and Randall Royer that was intercepted pursuant to a FISA warrant. It has declassified and delivered to the defense at least one additional call that it desires to introduce in this case. That there were FISA warrants and calls intercepted then is no real secret. After all, the information at issue is the defendant's own voice in conversations.

    6. Finally, the defense must know the parameters of these intercepts in this case in order to make a proper § 5 filing. For example, we may want to tell the jury that the government intercepted over ▆ telephone calls made or received by the defendant over a ▆ period. None of those calls, we would propose to tell the jury, contained any calls by the defendant to wage war against the United States, to commit treason, to violate the Neutrality Act or to solicit any crime of violence. Without knowing how long the government, whether it was by the NSA, the CIA or the FBI through FISA, was intercepting these communications, the defense cannot prepare a proper § 5 notice as to the classified information that it intends to disclose in the defense of this case. It has taken the government almost 6 weeks from the date of the last motion's hearing to produce these calls. The defense should not be prejudiced by this delay which could cause problems relative to the time for notices under CIPA § 5.

REDACTED / CLEARED FOR PUBLIC RELEASE

WHEREFORE, the defendant requests that the Court order sealed proceedings in this matter.

Respectfully submitted,
By Counsel

*[signature]*
Edward B. MacMahon, Jr. VSB # 25432
107 East Washington Street
P.O. Box 903
Middleburg, VA 20118
(540) 687-3902

*[signature]*
Alan H. Yamamoto VSB # 25872
643 S. Washington Street
Alexandria, VA 22314
(703) 684-4700

## CERTIFICATE OF SERVICE

[X] I hereby certify that a true and exact copy of the foregoing was hand-delivered on this 17th day of February, 2005, to the Court Security Officer for delivery to Gordon Kromberg, Esquire, Assistant United States Attorney, 2100 Jamieson Avenue, Alexandria, Virginia.

*[signature]*
Alan H. Yamamoto

REDACTED / CLEARED FOR PUBLIC RELEASE

**CERTIFICATE OF SERVICE**

I certify that on this 27th day of March, 2015, I will file the foregoing document on the CM/ECF system, which will then send an electronic notification to:

Mr. Gordon Kromberg, Esq.
United States Attorney's Office
2100 Jamieson Ave.
Alexandria, Virginia 22314
(703) 299-3700
gordon.kromberg@usdoj.gov
*Attorney for the United States*

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy will be delivered to Chambers within one business day of this electronic filing.

                                      /s/
Thomas Michael Huff, Virginia Bar No. 73587
Thomas M. Huff, Attorney-at-Law
P.O. Box 2248
Leesburg, VA 20177
Telephone: 703.665.3756
Facsimile: 571.354.8985
thuff@law.gwu.edu