REDACTED / CLEARED FOR PUBLIC RELEASE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

Filed with court security officer
in Camera and under seal

_(signature)_

DATE 3|7|05

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| 5. | )    Case No. 04-385-A |
| | ) |
| ALI AL-TIMIMI, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### SECOND NOTICE OF INTENT TO DISCLOSE CLASSIFIED INFORMATION
### PURSUANT TO CLASSIFIED INFORMATION PROCEDURES ACT
### (18 U.S.C. App. 3 § 5 (a))

COMES NOW Ali Al-Timimi, by counsel, and for his Second Notice of Intent to

Disclose Classified Information pursuant to § 5 of the Classified Information Procedures

Act (18 U.S.C. App. 3) identifies the following classified information that the defendant

reasonably expects to disclose at or in connection with the trial and/or any pretrial

proceedings in this case.

The defense expects to elicit testimony from government officials regarding the

fact that from on or about ████████████ until the date that the agent admits that

such surveillance ended, the government intercepted every phone call and every e-mail

that the defendant made or received.  The government intercepted these calls and e-

mails pursuant to a search warrant issued by a federal court.  The government also

intercepted telephone calls to which the defendant was a party pursuant to another

search warrant issued by a district court in the Southern District of New York.

-1-



REDACTED / CLEARED FOR PUBLIC RELEASE

The National Security Agency operates a sophisticated network of surveillance satellites by which anyone's communications can be monitored and maintained. The National Security Agency maintains the evidence that it obtains through its surveillance network in discreet files. Thus, the National Security Agency has the capacity to produce all of the defendant's calls and e-mails that it has intercepted for a time period beginning on or about January 1, 2000, up to and including the date of this trial.

The defendant was never given notice that any of his communications were being monitored by the United States government and was never aware that any of his communications were being monitored.

In discovery in this case, the government has admitted that it has intercepted, reviewed and retained approximately ███ telephone calls to and from the defendant's residence. In that same time period, the government intercepted, reviewed and retained approximately ███ e-mails that were either sent or received by the defendant.

Out of all of these intercepted telephone calls and e-mails, the government has only identified five telephone calls and no e-mails that it intends to introduce in its case. One call is between Randall Royer and the defendant. The other four calls deal with the space shuttle disaster and in one call the defendant praises France and Germany for not participating in the U.S. led invasion of Iraq.

The intercepted communications contain many references to the defendant's religious beliefs. The intercepted communications contain many references to the defendant's political beliefs and his political differences and disputes with the current United States administration. Dr. Al-Timimi tells anyone who asks him for advice to tell the truth, obey the law and obtain the services of an attorney to assist them.

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

The defendant also intends to elicit testimony from government officials that:

1.    In none of the intercepted communications is the defendant heard attempting to induce anyone to conspire to use firearms;

2.    In none of the intercepted communications is the defendant heard attempting to solicit anyone to levy war;

3.    In none of the intercepted communications is the defendant heard attempting to induce anyone to conspire to levy war against the United States or any other country;

4.    In none of the intercepted communications is the defendant heard attempting to induce anyone to commit treason against the United States;

5.    In none of the intercepted communications is the defendant heard attempting to contribute services to the Taliban;

6.    In none of the intercepted communications is the defendant heard attempting to induce anyone to aid the Taliban;

7.    In none of the intercepted communications does the defendant speak of having any support or affinity for Al Qaeda, Osama Bin Laden or the movement represented by Osama Bin Laden;

8.    In none of the intercepted communications does the defendant encourage any person to violate any law;

9.    In none of the communications does the defendant voice any support for terrorism including the killing of innocent people;

10.    In none of the intercepted communications does the defendant voice any support for any organization that supports terrorism including the killing of

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

innocent people for any reason;

11.    In none of the intercepted communications is the defendant heard attempting to induce anyone to conspire to violate the Neutrality Act by waging war against Russia or India or any nation with whom the United States was or is at peace;

12.    In none of the intercepted communications is the defendant heard referencing waging war against Russia or India in any manner or form;

13.    In none of the intercepted communications is the defendant heard attempting to induce anyone to use firearms of any sort;

14.    In none of the intercepted communications does the defendant attempt to induce anyone to carry or use explosives of any kind.

Respectfully Submitted,

ALI AL TIMIMI
By Counsel

Edward B. MacMahon, Jr.  VSB #25432
107 East Washington Street
P.O. Box 903
Middleburg, Virginia 20117
540-687-3902

Alan H. Yarnamoto   VSB #25872
643 S. Washington Street
Alexandria, Virginia 22314
703-684-4700

-4-

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was hand-delivered to the U.S. Attorney's box located in the U.S. District Court Alexandria Clerk's Office this 7ᵀᴴ day of March 2005 to Gordon Kromberg, Esq., Assistant United States Attorney, 2100 Jamieson Ave., Alexandria, Virginia, 22314.

Alan Yamamoto

-5-

REDACTED / CLEARED FOR PUBLIC RELEASE

## CERTIFICATE OF SERVICE

I certify that on this 27th day of March, 2015, I will file the foregoing

document on the CM/ECF system, which will then send an electronic notification to:

Mr. Gordon Kromberg, Esq.
United States Attorney's Office
2100 Jamieson Ave.
Alexandria, Virginia 22314
(703) 299-3700
gordon.kromberg@usdoj.gov
*Attorney for the United States*

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy

copy will be delivered to Chambers within one business day of this electronic filing.


                                         /s/
                              _____
                              Thomas Michael Huff, Virginia Bar No. 73587
                              Thomas M. Huff, Attorney-at-Law
                              P.O. Box 2248
                              Leesburg, VA 20177
                              Telephone: 703.665.3756
                              Facsimile: 571.354.8985
                              thuff@law.gwu.edu