REDACTED / CLEARED FOR PUBLIC RELEASE



# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | CR-04-385 |
| v. | § § | UNDER SEAL |
| DR. ALI AL-TIMIMI, PH.D | § § | |
| Defendant. | § § | |

## DEFENDANT DR. ALI AL-TIMIMI'S MEMORANDUM OF POINTS IN RESPONSE TO GOVERNMENT'S MOTION FOR THE TREATMENT OF CERTAIN DEFENSE FILINGS AS CLASSIFIED

The government seeks in this motion to treat portions of the December 16, 2008 filing by Dr. Al-Timimi as classified as well as part of the court record that was previously released to the public and widely reproduced in the media. The government's filing reveals a continued pattern of the abusive use of classification authority in this case – a matter now under investigation by Congress and the Inspector General of the National Security Agency (NSA).[1]

---

[1]  Lead Counsel informed the National Security Agency's Inspector General's office of his concerns over the failure to disclose material evidence in this case while he was meeting with cleared staff on another classified case. After the transcript from the October hearing was released publicly and at the suggestion of the NSA IG, Professor Turley wrote to the House and Senate Intelligence Committees to ask for a formal review of the matter and, if warranted, for a referral to the NSA IG. ████████████████████████████████████████ ████████████████████████████████████████ Rather, the letter asked for the opportunity to share classified information with the Congress and NSA IG from this case. The Congress proceeded to review the allegations and to refer the matter for investigation by the NSA IG. The letter specifically asked for the investigation to include the abuse of classification authority in this case. Later, the NSA proceeded to inform Congress that it considered the letter to contain classified information despite the fact that the review of Chairman Holt's staff concluded that, if the transcript and docket is unclassified, the letter's content was not classified.

CLEARED / CLEARED FOR PUBLIC RELEASE

#283

REDACTED / CLEARED FOR PUBLIC RELEASE

## BACKGROUND

The motion and memorandum of December 16, 2008 did not contain any information derived by classified material in this case. In fact, to avoid any additional classification abuse, Lead counsel Jonathan Turley asked co-counsel Will Olson to write the motion to guarantee that nothing in the motion was the result of access to classified material. **Mr. Olson has had no access to any classified material in this case**. Mr. Olson's motion was based entirely on the transcript that was reviewed and released as unclassified by the government as well as public statements by government officials. The government has now classified material written by an uncleared attorney based expressly on public sources.

In its December 23, 2008 order, the Court referred to "violations" of the trial order governing classified material in the case.[2] Lead counsel specifically spoke with court security about what material should be filed under seal and what material could be filed in the public docket. It has not been the demand of the security staff that every filing be made under seal or submitted for pre-filing review. Under CIPA, once material has been reviewed and cleared as unclassified, counsel is allowed to quote and reference that material in public filings. This rule was confirmed in past conversations with security staff. Documents based entirely on unclassified sources are not subject to classification review. Counsel strongly contests that there were violations in this case.

---

Chairman Holt of the Select Oversight Panel then reportedly demanded that the NSA look into the classification abuse in the case, including the classification of a letter complaining about over-classification.

[2]    While counsel has attempted to get a copy of the order without success, they understand that this order was the standard limitation imposed through Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III (2000).

REDACTED / CLEARED FOR PUBLIC RELEASE

Counsel asked for a classification review of the transcript of the hearing on October 23, 2008. Not only did the government indicate that this hearing was unclassified when asked at the end of the hearing by the Court, it reviewed the transcript and released it without redaction. The government also released (three months ago) information on the prior classified motions including the fact that the defense was seeking ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Despite this record, counsel avoided any chance of classified material being used in the filing by having the material written by an uncleared attorney with no access to such material. The filing was not done under seal because there was no access to classified information and thus no chance that the document contained material derived from such sources. Indeed, as discussed below, the government is claiming that some portions of the December filing came from the classified report despite the fact that the report does not contain such information. Nevertheless, after the NSA objected to the filing, lead counsel contacted court security staff and stated his intention to file any new court filings in advance with the security staff.

Any review of the filing belies suggestions of classified content.

REDACTED FOR PUBLIC CONTEXT

REDACTED FOR PUBLIC CONTEXT



These latest classifications do not occur in a vacuum.  Previously, the government

classified pages of purely legal argument.  The Court previously expressed frustration with the

over-classification, including statements on the public record in the last hearing:

> That particular representation has been deemed to be classified, and, Mr. Turley, as I've
> expressed to you before, I understand and appreciate your frustration, but as you know,
> the status of the law – now, whether the law should be changed is an issue that Congress
> may want to address.
>     Whether inspector general's office should have expanded powers in certain cases
> to review whether the way in which agencies are classifying things is appropriate in the
> context of criminal prosecutions are legitimate issues to be addressed at some point and,
> unfortunately, in a different forum, because as a judge, I do not have the authority and I
> cannot order these agencies to reevaluate their classification – well, I can order them to
> reevaluate, but if they come back with the same position, then this Court cannot go
> beyond that.[3]

---

[3]     Oct. Tr. at 8.  As noted earlier, both Congress and the inspector general are now looking
into this controversy. However, the defense will note that the government has not responded to
the motions on over-classification and should be required to do so.

Yet, despite an objection from the Court and counsel, the NSA continues to claim basic legal discussion as Top Secret information.  Now, the government seeks to classify a motion written from purely public sources by an uncleared attorney.  As discussed below, these passages are compelling examples of classification abuse,

## I.   THE PORTIONS CLASSIFIED BY THE GOVERNMENT ARE CLEARLY NOT BASED ON CLASSIFIED FILINGS.

To guarantee that the December 16, 2008 motion and memorandum did not contain classified evidence, counsel (1) waited for the clearing of the October transcript and (2) had uncleared counsel write the motion and memorandum from purely public sources.



The third provision is particularly maddening.  The defense filing states:



Case 1:04-cr-00385-LMB   Document 403   Filed 03/27/15   Page 9 of 13 PageID# 1511

The defense strongly believes that such obvious classification abuse should not be tolerated by the Court. Among other things, the government should be ordered to respond to the motions on classification abuse and ordered to reevaluate these assertions – particularly given the false premise                                                                 A record should be made of the classification abuse.

II.

-- 9 --
REDACTED / CLEARED FOR PUBLIC RELEASE

[REDACTED]

However, it seeks to retroactively classify material to support this argument. This effort to "make the cat walk backwards" is both transparent and abusive. More importantly, it is clearly not meant to protect any classified information [REDACTED] It is designed to try to (as in past filings) limit the access of the public and Congress to the filings in this case while making it more difficult for counsel to argue this case through the adversarial process.

The government is asking the Court to participate in an absurd exercise of classifying material [REDACTED] There is no law that requires the Court to participate in such a meaningless and futile act.

## CONCLUSION

The defense respectfully submits that the Court should not act on this motion until these matters are fully addressed by the government. Moreover, the defense submits that the Court should order a hearing on this matter to address the classification abuse in this case.

[REDACTED]

Respectfully submitted,

Ali Al-Timimi, Ph.D

By Counsel

REDACTED / CLEARED FOR PUBLIC RELEASE

Jonathan Turley (*pro hac vice* lead counsel)
2000 H St., N.W.
Washington, D.C. 20052
(202) 994-7001 (phone)
(202) 994-9811 (facsimile)

Bryan Cave LLP
700 Thirteenth Street, N.W.
Suite 700
Washington, D.C. 20005-3960
(202) 508-6000 (phone)
(202) 508-6200 (facsimile)

By: _____
Jonathan Turley (cleared counsel)

REDACTED / CLEARED FOR PUBLIC RELEASE

-- 11 --

REDACTED / CLEARED FOR PUBLIC RELEASE

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2008, a true and correct copy of the foregoing was served by

court security staff upon:

> Mr. Gordon Kromberg, Esq.
> Assistant United States Attorney
> 2100 Jamieson Ave.
> Alexandria, Virginia 22314-5794

JonathanTurley

REDACTED / CLEARED FOR PUBLIC RELEASE

## CERTIFICATE OF SERVICE

I certify that on this 27th day of March, 2015, I will file the foregoing

document on the CM/ECF system, which will then send an electronic notification to:

> Mr. Gordon Kromberg, Esq.
> United States Attorney's Office
> 2100 Jamieson Ave.
> Alexandria, Virginia 22314
> (703) 299-3700
> gordon.kromberg@usdoj.gov
> *Attorney for the United States*

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy

copy will be delivered to Chambers within one business day of this electronic filing.


_____/s/_____
Thomas Michael Huff, Virginia Bar No. 73587
Thomas M. Huff, Attorney-at-Law
P.O. Box 2248
Leesburg, VA 20177
Telephone: 703.665.3756
Facsimile: 571.354.8985
thuff@law.gwu.edu