CLEARED FOR PUBLIC RELEASE





## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | CR-04-385 |
| | § | |
| v. | § | UNDER SEAL |
| | § | |
| DR. ALI AL-TIMIMI, PH.D | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT DR. ALI AL-TIMIMI'S REPLY TO GOVERNMENT RESPONSE TO THE MOTION FOR DISCLOSURE OF EVIDENCE ▮▮▮▮▮

As with past motions filed in the SCIF,[1] the government has declined to respond to

Defendant's Motion for Disclosure of Evidence ▮▮▮▮▮

Instead, the government references the unopposed motion in its most recent Supplemental Report

Regarding the Search for Five Categories of Discoverable Materials. In that document, the

government notes in passing that ▮▮▮▮▮

▮▮▮ acceptance of [Dr. Al-]Timimi's argument would circumvent the balance that Congress

struck in the Classified Information Procedures Act between the needs of national security and

the discovery rights of criminal defendants." *Id.* at 10. The government then dismisses the

entire motion as moot.

The government is now not only using classified procedures to conceal purely legal

argument, but it is unilaterally declining to answer motions. Instead, it is simply declaring

pending motions before this Court as moot.

---

[1] The defense has been delayed in filings this month in the SCIF by the inauguration and the federal holidays. The security staff has been very helpful in securing time this week for the filings before next week's hearing.

CLEARED FOR PUBLIC RELEASE

Without repeating what is argued in the motion and accompanying memorandum, the defense wishes to stress four critical flaws in the government's position.

First, it is not up to the government to declare ▬▬▬▬▬▬▬▬▬ motions as moot. The point of an adversarial process is to create a record of the position of the parties and the foundation for the ruling of the Court. If the government believes ▬▬▬▬▬▬▬ ▬▬▬ it needs to cite the authority upon which that assertion is based. ▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

If CIPA is the basis for the claim of lawful surveillance, both the Court and counsel should understand the novel argument before any final ruling or appeal in the case.

Second, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ The first step in any criminal case is to determine if the defendant was subject to an unlawful search or seizure. It is highly material to a criminal defense whether the government violated the rights of the defendant during an investigation. Such violations can implicate counsel or investigators or witnesses in the alleged illegality. It can also be the basis for motions that range from selective prosecution to the exclusion of evidence.

Third, the government's supplemental report does not moot such a motion. The government is confusing two different issues. The defense has sought specific surveillance that it believes was withheld in prior motions. The instant motion seeks to determine if Dr. Al-Timimi was the subject of an unlawful search and seizure and what information was derived from that unconstitutional surveillance. These five categories might or might not be related the

unlawful surveillance.

As the District of Columbia Circuit has observed, "[i]t is a hallmark of our adversary system that we safeguard party access to the evidence tendered in support of a requested court judgment." *Abourezk v. Reagan*, 785 F.2d 1043, 1060 (D.C. Cir. 1986), *affd.* 484 U.S. 1 (1987). For that reason the courts have "the firmly held main rule that a court may not dispose of the merits of a case on the basis of *ex parte, in camera* submissions." *Abourezk*, 785 F.2d at 1061.

---

2    The government's position contradicts the standard approach in any criminal case. If there is an allegation that the government broke into a home illegally or beat a suspect, the Court first determines whether such an unlawful search or seizure occurred. Otherwise, the government could avoid any record of constitutional violations by merely proclaiming that the issue is moot.



It is not up to the government to simply declare that there is nothing at NSA that would be material to a criminal defense. The Court has stressed this very point in prior hearings. For example, the Court noted that:

> The Court has to give these [defense] attorneys time to look at and consider that information because although the government may believe there's nothing there of any value, there may be exculpatory information there especially given the nature of the First Amendment issues running through this case.

Hearing, Dec. 30, 2004, at 12. The Court repeated this unwillingness to allow the government to determine materiality because "what a prosecutor views as potentially *Brady* may not necessarily capture the full scope because the defense may have a theory of defense that they're not aware of yet." *Id.* at 13.

███████████████████████████████████████████ Otherwise, the

entire pre-trial process of adversarial review and stipulations becomes a mere pretense of

procedure since it excluded an entirely separate set of undisclosed evidence.

## CONCLUSION

The defense respectfully asks that the Court require the government to respond to this

motion or, in the alternative, ███████████████████████████████████

███████████████████████████████████████████████

███████████████████████

Respectfully submitted,

Ali Al-Timimi, Ph.D

By Counsel

Jonathan Turley (*pro hac vice* lead counsel)
2000 H St., N.W.
Washington, D.C. 20052
(202) 994-7001 (phone)
(202) 994-9811 (facsimile)

Bryan Cave LLP
700 Thirteenth Street, N.W.
Suite 700
Washington, D.C. 20005-3960
(202) 508-6000 (phone)
(202) 508-6200 (facsimile)

By: _____
Jonathan Turley (cleared counsel)

. REDACTED / CLEARED FOR PUBLIC RELEASE

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2008, a true and correct copy of the foregoing was served

by court security staff upon:

Mr. Gordon Kromberg, Esq.
Assistant United States Attorney
2100 Jamieson Ave.
Alexandria, Virginia 22314-5794

JonathanTurley

REDACTED / CLEARED FOR PUBLIC RELEASE

### CERTIFICATE OF SERVICE

I certify that on this 27th day of March, 2015, I will file the foregoing

document on the CM/ECF system, which will then send an electronic notification to:

Mr. Gordon Kromberg, Esq.
United States Attorney's Office
2100 Jamieson Ave.
Alexandria, Virginia 22314
(703) 299-3700
gordon.kromberg@usdoj.gov
*Attorney for the United States*

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy

copy will be delivered to Chambers within one business day of this electronic filing.


_____/s/_____
Thomas Michael Huff, Virginia Bar No. 73587
Thomas M. Huff, Attorney-at-Law
P.O. Box 2248
Leesburg, VA 20177
Telephone: 703.665.3756
Facsimile: 571.354.8985
thuff@law.gwu.edu