REDACTED / CLEARED FOR PUBLIC RELEASE

FILED WITH
COURT SECURITY OFFICER
DATE



IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:04cr385 |
| | ) | |
| ALI AL-TIMIMI | ) | Hon. Leonie M. Brinkema |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S NOTICE OF INTENT TO DISCLOSE CLASSIFIED INFORMATION PURSUANT TO CLASSIFIED INFORMATION PROCEDURES ACT (18 U.S.C. APP. 3 § 5 (a))

The defense has filed a motion in this case pursuant to Section 5 of the Classified

Information Procedures Act (CIPA) seeking to allow the defendant to have access to virtually *all*

of the classified information that the government has obtained in this case.[1] This request appears

to be at odds with Section 5 of CIPA and the Protective Order entered in this case by

concurrence.

Section 5 of CIPA reads in pertinent part:

### § 5. Notice of defendant's intention to disclose classified information

(a) Notice by defendant

If a defendant reasonably expects to disclose or to cause the disclosure of classified information in any manner in connection with any trial or pretrial proceeding involving the criminal prosecution of such defendant, the defendant shall, within the time specified by the court or, where no time is specified, within

---

[1] The Government in no way concedes that any of the items to which the defendant seeks access are relevant, admissible or essential to the defense, and reserves its right to object in further CIPA proceedings should defense counsel seek to re-designate certain classified items with more specificity, and to object to the relevancy or admissibility of the unclassified material at trial.

REDACTED / CLEARED FOR PUBLIC RELEASE

Case 1:04-cr-00385-LMB Document 411 Filed 06/20/15 Page 2 of 8 PageID# 1566



> thirty days prior to trial, notify the attorney for the United States and the court in writing. Such notice shall include a brief description of the classified information. Whenever a defendant learns of additional classified information he reasonably expects to disclose at any such proceeding, he shall notify the attorney for the United States and the court in writing as soon as possible thereafter and shall include a brief description of the classified information. No defendant shall disclose any information known or believed to be classified in connection with a trial or pretrial proceeding until notice has been given under this subsection and until the United States has been afforded a reasonable opportunity to seek a determination pursuant to the procedure set forth in section 6 of this Act, and until the time for the United States to appeal such determination under section 7 has expired or any appeal under section 7 by the United States is decided.

This provision appears to be aimed at eliminating any danger that could be posed to national security as a result of the use of classified material in criminal *proceedings*. It is incumbent upon the defense, first, to have the classified material reviewed by individuals with security clearances. If, during the course of that review, the defense identifies classified material that they wish to use at a criminal proceeding, then it is appropriate to provide notice under Section 5.[2]

Section 5(a) makes clear that such notice will "include a brief description of the classified information." Here the defense simply wants to give an accused terrorist access to all of the classified information that is now protected in the Secure Classified Information Facility (SCIF).

---

[2] It is also not persuasive that, as the defense notes, some of the material is in Arabic. The remedy for that situation is to have a cleared translator review that material in the SCIF. It should be noted, however, that the majority of the telephone conversations and e-mails are in English. The defense has the ability to review that material immediately to determine if there is anything they wish to use at trial. If they do locate any such information, a Section 5 Notice would be appropriate at that time.



2

Case 1:04-cr-00385-LMB Document 411 Filed 08/20/15 Page 3 of 8 PageID# 1567

As the case law makes clear, proper notice:

> must be particularized, setting forth specifically the classified information which the defendant reasonably believes to be necessary to his defense.

United States v. Collins, 720 F.2d 1195, 1199 (11th Cir. 1983) (emphasis added). See also

United States v. Smith, 780 F.2d 1102, 1105 (4th Cir. 1985)(*en banc*). This requirement applies

to both documentary exhibits and to oral testimony, whether it is anticipated to be brought out on

direct or on cross-examination. See, e.g., United States v. Wilson, 750 F.2d 7 (2d

Cir. 1984)(testimony); United States v. Collins, supra (same). [3] Without sufficient notice that sets

forth with specificity the classified information that the defendant reasonably believes necessary

to his defense, the government is unable to weigh the costs of, or consider alternatives to

disclosure. United States v. Badia, 827 F.2d 1458, 1465 (11th Cir. 1987). The Section 5

designation cannot "leave the government subject to surprise at what may be revealed in the

defense." United States v. North, 708 F.Supp. 389, 395 (D.D.C. 1988). The burden of

establishing relevance and admissibility is on the defendant, United States v. Miller, 874 F.2d

1255, 1276-77 (9th Cir. 1989), who must also establish that the information is "essential to the

defense, not merely cumulative, corroborative, nor speculative," United States v. Smith, 780 F.2d

1102, 1110 n.13 (4th Cir. 1985).

---

[3] If the defendant fails to provide a sufficiently detailed notice far enough in advance of trial to permit the implementation of CIPA procedures, section 5(b) provides for preclusion. See, United States v. Badia, 827 F.2d 1458, 1465 (11th Cir. 1987). Similarly, if the defendant attempts to disclose at trial classified information which is not described in his/her section 5(a) notice, preclusion is the appropriate remedy prescribed by section 5(b) of the statute. See United States v. Smith supra, 780 F.2d at 1105 ("A defendant is forbidden from disclosing any such information absent the giving of notice.")



3



As the foregoing makes clear, there are rigorous requirements set forth under CIPA to protect classified information from improper dissemination. However, the proposal that the defense puts forth in the instant case will defeat all of these protections. The government will be left with the Hobson's choice of handing over a vast amount of classified material to a criminal defendant, either by giving him access in the SCIF, or by being forced to de-classify it all.

Yet, as the protective order makes clear, the defendant is simply not entitled to review classified information:

The Protective Order in this case reads in pertinent part:

> 1. <u>Protection of Classified Information.</u> The Court finds that, in order to protect the classified information involved in this case, no defendant, defense counsel, employee of defense counsel, or defense witness shall have access to any classified information in this case unless that person shall first have.

a. Received an approval for access to the appropriate level of classification from the Court on a need to know basis;

b. Received the necessary security clearance as determined by the Department of Justice Security Officer working in conjunction with the Court Security Officer, and approval from the Court (as set forth below in paragraph 20) or the government, for access to the particular classified information in question; approval by the Court shall not occur but upon a showing to the Court's satisfaction of a "need to know" the particular classified information;[4] and

c. Signed the Memorandum of Understanding in the form attached hereto, agreeing to comply with the terms of this Order. The signed Memorandum of Understanding shall be filed with the Court. The substitution, departure, or removal for any reason from this case of counsel for any defendant, or anyone

---

[4] Nothing stated herein should be interpreted to create or confer any right or guarantee upon any person to receive a government security clearance or access to classified information. Decisions regarding security clearances shall be made on a case by case basis by the appropriate security personnel.



4

Case 1:04-cr-00385-LMB Document 411 Filed 08/20/15 Page 5 of 8 PageID# 1569

associated with the defense as an employee or witness or otherwise, shall not release that person from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order.[5]

The defense has also failed to cite any authority for the proposition that the government has an obligation to take classified material and de-classify it simply because a criminal defendant, charged with serious terrorism offenses, wishes to look at all of it himself. Such a result would make the restrictions of CIPA utterly meaningless.

The defense does cite to United States v. Brian Regan in its pleading. However, Regan is not applicable to the instant case. First, Regan actually had a security clearance. Timimi does not. Second, Regan was only given access to documents that he had previously had lawful access to prior to his arrest. He was not allowed to view any documents that he would not have had legitimate access to before he was arrested. When he did review documents, Regan's attorneys were required to be present with him to ensure that he did not remove any documents or copy anything down.

In addition, Regan was in prison and subject to Special Administrative Measures (SAMS). His ability to alert others to what was contained in the classified material was severely constrained.

Timimi, by contrast, is out on bond. Once he reviews this information, he will be in possession of a great deal of valuable information with virtually no constraints on his ability to disseminate it. The defense suggests that since these are his own e-mails and phone

___

[5] Protective Order, Paragraph 12.



5

Case 1:04-cr-00385-LMB Document 411 Filed 08/20/15 Page 6 of 8 PageID# 1570

conversations, there can be no harm in having him review this information. Nothing could be further from the truth. If Timimi is allowed to review this information he will know exactly what information the government intercepted. He can alert every single individual with whom he was in e-mail contact that the government knows their e-mail addresses, and has read their e-mails. He can alert every single individual with whom he was in telephone contact that their conversations were recorded and he can tell them exactly what was said. By looking at the type of information that was intercepted, he can make conclusions about what types of communication could be used to avoid government scrutiny. He could easily pass this information around the globe.

There is simply too great a risk in providing this information to an individual charged with serious terrorism offenses who has spent much of his adult life broadcasting his ideas around the world.

While it is clear that it would be improper to give the defendant unfettered access to classified materials in this case, the government is committed to expediting the defense's review of these materials by individuals with the proper security clearances. Therefore, the government is agreeable to providing the defense with a classified spreadsheet containing telephone calls, numbering approximately ▮▮▮ which have been summarized by the government. This spreadsheet sets forth the date and time of the call, a summary of who was talking and what was said, and whether the phone call was in Arabic or English. It is important to note that a majority of these calls are in English.



6

████████

With regards to the other information intercepted from the defendant's telephone or e-mail account, there are approximately ████ telephone calls that have not been summarized. Of these, the majority are in English. With regards to the e-mails, approximately ████ e-mails were intercepted. Virtually all of them are in English. All of these e-mails and telephone calls are available for cleared members of the defense team to review immediately.

The proposal set forth by the government will help the defense better review the classified information in the SCIF. It will also allow this information to remain classified which will avoid the danger of grey-mail or unapproved dissemination of the information. In this way, the interests of the government, and of the defense, will be served.

Respectfully submitted,

Paul J. McNulty
United States Attorney

By: _____
John T. Gibbs
Trial Attorney, Dept. of Justice

████████

REDACTED / CLEARED FOR PUBLIC RELEASE



CERTIFICATE OF SERVICE

I hereby certify that, this _ day of January, 2005, I caused a copy of the attached

GOVERNMENT'S RESPONSE TO DEFENDANT'S NOTICE OF INTENT TO

DISCLOSE CLASSIFIED INFORMATION PURSUANT TO CLASSIFIED

INFORMATION PROCEDURES ACT (18 U.S.C. APP. 3 § 5(a)) to be served by hand on:

> Edward B. MacMahon, Jr.
> P.O. Box 903
> 107 East Washington Street
> Middleburg, Virginia 20118
> ebmjr@crosslink.net

> _____
> Christine Gunning
> Court Security Officer

REDACTED / CLEARED FOR PUBLIC RELEASE