REDACTED / CLEARED FOR PUBLIC RELEASE

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

MAR   0 2005

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:04cr385 |
| | ) | |
| ALI AL-TIMIMI | ) | Hon. Leonie M. Brinkema |

GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S SECOND
NOTICE OF INTENT TO DISCLOSE CLASSIFIED INFORMATION PURSUANT TO
CLASSIFIED INFORMATION PROCEDURES ACT (18 U.S.C. App. 3 § 5(a))

On March 7, 2005, defendant Ali Al-Timimi filed a notice of intent to disclose

information pursuant to the Classified Information Procedures Act ("CIPA"). Specifically, the

defense wishes to "elicit testimony from government officials regarding the fact that from on or

about ███████████, until the date that the agent admits that such surveillance ended, the

government intercepted every phone call and every e-mail that the defendant made or received."

(Defendant's Second Notice of Intent to Disclose Classified Information at p. 1). The defense

further seeks to elicit testimony from "government officials" about a number of things that the

intercepted communications do *not* contain. At pages three and four of the defense motion, a list

containing 14 separate items is set forth. Each item, it is claimed, sets forth a category of

information summarizing what the defendant's intercepted communications do not contain. The

defense apparently expects a government agent to verify this claim.

In essence the defendant is seeking to disclose the existence ███████████ phone

calls and ███████████ emails for the purpose of having the government publicly assert the

███████████

REDACTED / CLEARED FOR PUBLIC RELEASE

████████

information that they *do not* contain.  However such "evidence" is probative of nothing.  It is as

if a defendant charged with soliciting a contract killing over the telephone sought to introduce

every phone call that he made in which he did not solicit a contract killing.  This would clearly

not be admissible evidence.

And in this case, most of the charged conduct occurred, not over the telephone or by

email, but in person.  Therefore, the fact that there would be numerous phone calls and emails

████████ which are completely irrelevant to the issues in this case is to be expected.  It is

difficult to see how introducing evidence that Timimi had communications with his wife, his

friends and his colleagues where he dealt with mundane, day-to-day issues would be helpful to a

jury.  The fact is, virtually all of the communications that the defense seeks to disclose were with

people other than Timimi's co-conspirators.  It goes without saying, that Timimi would not

communicate details of a criminal conspiracy with individuals who are not a party to that

conspiracy.

Rule 401 of the Federal Rules of Evidence is clear:

> "Relevant evidence" means evidence having any tendency to make the
> existence of any fact that is of consequence to the determination of the
> action more probable or less probable than it would be without the
> evidence.

The fact that Timimi called his wife to pick up some items at the grocery store, or

received emails from America On Line offering a free upgrade would not having any tendency to

make the existence of any fact that is of consequence to the determination of the action more

probable or less probable.  It simply has no bearing on the things that he said at Yong Kwon's

████████                                                             Page 2

house on September 16, 2001, at his own house on October 15, 2001, or as it relates to any of the other charges in the indictment.

It is important to note that in this indictment, the defendant is not charged with soliciting *anyone* he met to commit crimes. Rather, he is charged with selectively and discretely soliciting a very specific group of people. As with any criminal, Timimi had two sides. There was the side that he exposed to the people whom he solicited to commit crimes. And there was the side that he showed to the rest of the world. Offering a summary consisting ████████ communications to show the latter side of Timimi makes no sense. It would simply serve to divert the jury's attention and confuse the issues in the case.

The Fourt Circuit in *United States v. Moussaoui*, 382 F.3d 453 (4th Cir. 2004) set forth the proper standard to apply when a defendant seeks disclosure of evidence of this sort:

> In the CIPA context, we have adopted the standard articulated by the Supreme Court in *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) for determining whether the government's privilege in classified information must give way. *See United States v. Smith*, 780 F.2d 1102, 1107-10 (4th Cir. 1985)(en banc). Under that standard, a defendant becomes entitled to disclosure of classified information upon a showing that the information "'is relevant and helpful to the defense...or is essential to a fair determination of a cause.'" *Id.* at 1107 (quoting *Roviaro* 353 U.S. at 60-61, 77 S.Ct. 623), *see United States v. Fernandez*, 913 F.2d 148, 154 (4th Cir. 1990) (explaining that "*Smith* requires the admission of classified information" once the defendant has satisified the *Roviaro* standard).

In a second *Moussaoui* opinion, the Fourth Circuit again reiterated that even in the context of a case involving classified information, it is still the defendant's burden to show the materiality of the discovery material he seeks. *United States v. Moussaoui*, 365 F.3d 292, 308 (4th Cir. 2004).

Page 3

██████████

Here the defense has failed in this regard. They have offered no authority for the proposition that they should be entitled to disclose classified conversations that do not relate to any of the issues in the case, and, in fact, are being offered to show instances where the defendant did things other than participate in this criminal conspiracy. This information is not relevant and helpful to the defense in this case. It is not relevant because it does not address any of the charges in the indictment, rather it seeks to bring in a vast amount of information that is wholly unrelated to those charges. It is also not helpful to the defense, since it does not address the instances in which the defendant is alleged to have engaged in criminal conduct.

While it is submitted that the defendant should not be entitled to disclosure of this information under any circumstance, there is the added fact that Timimi suspected that his communications were being monitored, so he was careful not to say anything incriminating. On April 1, 2003, Timimi was the subject of a FISA surveillance, now de-classified, in which he spoke with Randall Royer and Hammad Abdur-Raheem. At one point in this conversation he stated:

> I mean...obviously my phone is tapped...they're gonna...the conversation is obviously being recorded. [Gov't. Exhibit 1G10].

Ten days later on April 11, 2003 Timimi was the subject of a consensually monitored phone call with Yong Kwon. At one point during this conversation he stated:

> You're calling me from Korea, they're probably taping the call.

Later in the same conversation Timimi again reiterates:

> I mean, the, the phone call's obviously taped and so they're gonna, play this back to either you or me....

██████████

Page 4

As Timimi had correctly surmised, he *was* under surveillance. Therefore, it is to be expected that he would be very careful in all of his communications. Consequently, offering a summary of more that ▮▮▮ of those communications, for the proposition that on many occasions he did not say the things over an open line that he said in a small private meeting, is probative of nothing. Timimi is a bright man. He correctly concluded that he was under surveillance as early as April 1, 2003. Therefore, the fact that there exist phone calls and emails which are not inculpatory is to be expected. However it is not properly admissible evidence.

For the reasons set forth herein, Defendant's Second Notice of Intent to Disclose Classified Information Pursuant to Classified Information Procedures Act (18 U.S.C. App. 3 § 5 (a)) should be denied.

Respectfully submitted,

Paul J. McNulty
United States Attorney

By: _____
    John T. Gibbs
    Trial Attorney



Case 1:04-cr-00385-LMB    Document 413    Filed 08/20/15    Page 6 of 6 PageID# 1580

## CERTIFICATE OF SERVICE

I hereby certify that, this 10th day of March 2005, I caused a copy of the attached

GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S SECOND NOTICE OF

INTENT TO DISCLOSE CLASSIFIED INFORMATION PURSUANT TO CLASSIFIED

INFORMATION PROCEDURES ACT (18 U.S.C. App. 3 § 5(a)) to be served by hand through

Court Security Officer Mary Cradlin upon:

> Edward B. MacMahon, Jr.
> P.O. Box 903
> 107 East Washington Street
> Middleburg, Virginia 20118

Page 6