# Exhibit B

**Trial Transcript, April 18, 2015 [Dkt. No. 156], excerpted pages 2317-20
(Jury Instruction 44 as delivered to the jury)**

2317

1  include an antique firearm.
2           A firearm is said to be possessed in furtherance of a
3  crime of violence offense when the firearm was possessed to
4  advance, assist, or promote the commission of the offense.
5  However, mere presence of a firearm is not sufficient.
6           In considering whether or not a firearm was possessed in
7  furtherance of a crime of violence, you may consider the type of
8  activity that is being conducted, the location of the activity,
9  the accessibility of the firearm, the type of weapon, whether the
10 weapon is loaded, and the time and circumstances under which the
11 weapon was possessed.
12          Instruction 44 is going to define for you various
13 offenses that constitute crimes of violence or felony which may be
14 prosecuted in a court of the United States, and these are
15 technical terms that are used in the statute, so you do need to
16 know them.
17          The following offenses constitute crimes of violence for
18 purposes of Count 1 of the indictment as well as for Counts 7 and
19 8 of the indictment and also constitute felonies which may be
20 prosecuted in a court of the United States for purposes of Counts
21 9 and 10 of the indictment.
22          And in some of the other sections of the, of the
23 instructions, I may have shortened that latter term, just calling
24 them federal felonies, but a federal felony would be a felony
25 which can be prosecuted in a court of the United States, all

2318

1  right? And now I'm listing these.
2           A. Levying war against the United States and conspiring
3  to do so, in violation of Title 18, United States Code, sections
4  2381 and 2384;
5           B. Attempting and conspiring to supply services to the
6  Taliban, in violation of Title 50, United States Code, section
7  1705;
8           C. Beginning, providing for, preparing a means for, and
9  taking part in military expeditions and enterprises to be carried
10 on from the United States against the territory and dominion of
11 foreign states, districts, and peoples with whom the United States
12 was at peace -- and conspiring to do so -- in violation of Title
13 18, United States Code, sections 371 and 960;
14          D. Enlisting and entering oneself or another to go
15 beyond the jurisdiction of the United States with intent to be
16 enlisted and entered in the service of any foreign prince, state,
17 colony, district, and people as a soldier -- and conspiring to do
18 so -- in violation of Title 18, United States Code, sections 371
19 and 959;
20          E. Conspiring to commit at any place outside the United
21 States acts that would constitute the offense of murder or maiming
22 if committed in the special maritime and territorial jurisdiction
23 of the United States, in violation of Title 18, United States
24 Code, section 956(a);
25          F. Conspiring to damage or destroy specific property

1  situated within a foreign country and belonging to a foreign
2  government or to any political subdivision thereof with which the
3  United States is at peace, and any railroad, canal, bridge,
4  airport, airfield, and other public utility, public conveyance,
5  and public structure and any religious, educational, and cultural
6  property so situated, in violation of Title 18, United States
7  Code, section 956(b);
8         G. Attempting and conspiring to provide material
9  support and resources, knowing or intending that they are to be
10 used in preparation for or in carrying out a violation of section
11 956 of Title 18, United States Code, in violation of Title 18,
12 United States Code, section 2339(a);
13        H. Attempting and conspiring to provide material
14 support and resources to Al-Qaeda, in violation of Title 18,
15 United States Code, section 2339(b); and
16        I. Enlisting and engaging with intent to serve in armed
17 hostility against the United States -- and conspiring to do so --
18 in violation of Title 18, United States Code, sections 371 and
19 2390.
20        Now, Counts 1, 7, and 8 include an element referring to
21 crimes of violence, and Counts 9 and 10 refer to "a felony which
22 may be prosecuted in a court of the United States," which I'm
23 shortening to a federal felony.
24        To find this element, the jury must be unanimous as to
25 which of the nine enumerated crimes was involved. And the nine

2320

enumerated crimes are the ones that you have listed there in Instruction 44. The jury may unanimously find more than one crime of violence or federal felony; however, to satisfy that element, the jury must unanimously find at least one such crime for each count.

We're moving on to Count 2. Does anyone need a break yet, or are you all okay? All right? Okay.

Count 2 of the indictment charges that between on or about September 16, 2001, and continuing up to on or about October 21, 2001, in Fairfax County, in the Eastern District of Virginia, the defendant, Ali Al-Timimi, with intent that another person engage in conduct constituting a felony that has as an element the use, attempted use, or threatened use of physical force against property or the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, did knowingly and unlawfully solicit, command, induce, and otherwise endeavor to persuade Masaud Khan, Yong Kwon, Khwaja Hasan, Muhammad Aatique, Randall Royer, Hammad Abdur-Raheem, Donald Surratt, Unindicted Coconspirator No. 2, Caliph Basha Ibn Abdur-Raheem, and others known and unknown to the grand jury, to levy war against the United States and adhere to their enemies, while owing allegiance to the United States, giving aid and comfort to the Taliban in the United States and Afghanistan and elsewhere, in violation of Title 18, United States Code, section 2381.