IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | Case No. 1:04-cr-385 (LMB) |
| ALI AL-TIMIMI, | ) ) ) | |
| *Defendant.* | ) ) | |

**REPLY BRIEF IN SUPPORT OF AL-TIMIMI'S RENEWED MOTION FOR ACQUITTAL ON COUNTS 7 AND 8 IN LIGHT OF INTERVENING SUPREME COURT AUTHORITY**

Dr. Ali Al-Timimi has filed this renewed motion for acquittal, asking that his § 924(c) convictions under Counts 7 and 8 be set aside in light of the Supreme Court's intervening opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Dkt. Nos. 432-433. *Johnson* invalidated the "residual clause" portion of the "violent felony" definition found in the Armed Career Criminal Act (ACCA), concluding that both features of its two-part categorical methodology—its "ordinary case" inquiry and its "risk" inquiry—suffered from "hopeless indeterminacy" that rendered the clause unconstitutionally vague. *Id*. at 2557-58.

Al-Timimi's convictions here rely on the similarly worded residual clause found in 18 U.S.C. § 924(c)(3)(B), which uses an analogous two-part categorical methodology that combines an identical "ordinary case" inquiry with a near-identical "risk" inquiry. Although the Fourth Circuit has not yet ruled on its continuing validity in light of *Johnson*, it has described it as utilizing "almost the exact same vague standard" as the ACCA clause invalidated in *Johnson*. *See In re Hubbard*, 825 F.3d 225, 232 (4th Cir. 2016) (examining the materially identical

1

residual clause of § 16(b)). Accordingly, Al-Timimi submits that it too is unconstitutionally vague, and that his corresponding convictions should be set aside.

The government opposes the motion, *see* Dkt. No. 437 ("Govt. Br.") but its opposition rests on minor textual distinctions that were not part of *Johnson*'s central holding and that have been further undermined by subsequent authority. For example, the government first attempts to limit *Johnson*'s holding to the ACCA on the basis of its four enumerated offenses, see Govt. Br. at 4-5, but has no answer to the fact that the Supreme Court has subsequently reaffirmed and summarized *Johnson*'s holding without even mentioning those enumerated offenses. *See Welch v. United States*, 136 S. Ct. 1257, 1261-62 (2016). It next attempts to distinguish § 924(c)(3)(B)'s risk-of-force standard as materially narrower than the ACCA's risk-of-physical-injury standard, but has no answer to the Fourth Circuit's post-*Johnson* statement that both amount to "almost the exact same vague standard," *see In re Hubbard*, 825 F.3d at 232, and does not offer any specific examples as to how they differ in practice. Most critically, the government's brief does not contest that § 924(c)(3)(B) utilizes the same ordinary case inquiry as that of the ACCA invalidated in *Johnson*, and a near-identical risk inquiry.

In sum, § 924(c)(3)(B) suffers from the same two critical flaws that led the Supreme Court to invalidate the residual clause of the ACCA. Although their respective risk prongs use slightly different wording, the differences are immaterial to the Supreme Court's ultimate analysis. Accordingly, Al-Timimi's corresponding § 924(c) accomplice liability convictions under Counts 7 and 8 are no longer sustainable and Al-Timimi is entitled to a judgment of acquittal.

# ARGUMENT

**I.     The government is unable to distinguish § 924(c)'s two-part categorical framework from that of the ACCA clause invalidated in *Johnson*.**

The Supreme Court in *Johnson* explained that "[t]wo features of the residual clause conspire[d] to make it unconstitutionally vague," 135 S. Ct. at 2557—first, its so-called "ordinary case" methodology (which judged a violent felony not in terms of the defendant's own conduct in the case at hand, but instead in terms of how a hypothetical perpetrator might be expected carry it out in a judicially imagined "ordinary case"), and second, its open-ended "serious potential risk of physical injury" standard (which the Court found too vague to produce consistent results demanded by the rule of law). *See id.* at 2557-58; *see also* Dkt. No. 433 ("Def. Br.") at 10.

As explained in the defense's opening brief, § 924(c)(3)(B) contains precisely the same two flaws. Like the ACCA, § 924(c)'s residual clause requires courts to consider not the defendant's own conduct, but rather that of a hypothetical perpetrator's "possible conduct under the elements of the offense" as imagined "in the ordinary case." *See United States v. Naughton*, No. 13-4816, 2015 U.S. App. LEXIS 15592, at *18 (4th Cir. Sept. 2, 2015) (emphasis added) (citing *United States v. Fuertes*, 805 F.3d 485, 500-501, 500 n.6 (4th Cir. 2015)). Second, like the ACCA, § 924(c) offers no guidance for determining when an "ordinary case" has met the equally indeterminate standard of whether there is a "substantial risk" that force will be used. *See* § 924(c)(3)(B); *see also In re Hubbard*, 825 F.3d at 232-33 (observing of § 16(b): "The provision also applies almost the exact same vague standard—'involves a substantial risk'—to the abstract ordinary case.") (citations omitted). Thus, the same two defects that rendered the ACCA's residual clause void for vagueness are equally present in that of § 924(c)(3)(B) and mandate the identical result. *See also* Def. Br. at 12.

3

The government's opposition brief does not contest that § 924(c)(3)(B) and the ACCA use the same two-part methodology—indeed, its brief does not even address the issue. Instead, it seeks to save § 924(c)(3)(B) by pointing to minor textual distinctions between the two clauses. But as detailed below, none of the claimed distinctions are material.

A. **The government's attempt to distinguish *Johnson* based on the ACCA's list of enumerated offenses fails**

The government first attempts to distinguish the ACCA residual clause on the basis of its four enumerated offenses. *See* Govt. Br. at 4-5. But as the defense notes in its opening brief, *see* Def. Br. at 12-15, this was not one of the "two features" that the *Johnson* Court explained "conspire[d]" to render the ACCA residual clause unconstitutionally vague. *See* Def. Br. at 12-15; *see also Johnson*, 135 S. Ct. at 2557; *Welch*, 136 S. Ct. at 1261-62; *see also Baptiste v. AG United States*, No. 14-4476, 2016 U.S. App. LEXIS 20140, at *45-46 (3d Cir. Nov. 8, 2016) ("[T]he language in *Johnson* by no means suggests that the list of examples was an integral component of the Court's finding that the residual clause was unconstitutionally vague. Rather, as the Supreme Court made clear, the vagueness was the product of '[t]wo features of the residual clause'—the ordinary case inquiry and the risk inquiry—which, as we explained above, are present in the § 16(b) analysis as well.") (citations omitted).

Indeed, the Supreme Court's subsequent opinion in *Welch* has reaffirmed and summarized *Johnson*'s holding without any mention of those four enumerated offenses as a factor in its decision, see *Welch*, 136 S. Ct. at 1261-62, and the Fourth Circuit's subsequent opinion in *In re Hubbard* has explicitly minimized their importance in analyzing the materially identical residual clause of § 16(b). See *In re Hubbard*, 825 F.3d at 232-33. The government's opposition brief has no answer, declining to confront either case in its argument. *Compare* Def. Br. at 14-15 & 13, n.2 *with* Govt. Br. at 4-5. For these and the reasons elucidated in the defense's

4

opening brief, the government's attempt to distinguish the ACCA on the basis of its four enumerated offenses fails.

    **B.**    **The government's attempt to distinguish § 924(c)(3)(B) as materially more narrow than the ACCA fails.**

The government next argues that § 924(c)(3)(B) is materially narrower than the ACCA residual clause, asserting that the former's risk-of-force standard is less inclusive than the latter's risk-of-physical-injury standard. *See* Govt. Br at 6-9. But as noted in the defense's opening brief, see Def. Br. at 15-18, the Fourth Circuit has expressed considerable skepticism for this argument in the context of § 16(b). Indeed, it described the "substantial risk [of] physical force" standard at issue here as "*almost the exact same vague standard*" as the "serious potential risk of physical injury" standard invalidated in *Johnson*. *See In re Hubbard*, 825 F.3d at 232 (4th Cir. 2016) (emphasis added); see also *Vivas-Ceja*, 808 F.3d at 722 ("[a]ny difference between these two phrases is superficial."); *Gonzalez-Longoria*, 2016 U.S. App. LEXIS 14460 at *11 (JOLLY, J., dissenting) ("[V]irtually every criminal act that satisfies the § 16(b) test could also satisfy the [ACCA] residual clause's test; any distinction between the two statutes on this ground is of indeterminate ultimate consequence to § 16(b)'s unconstitutionality under *Johnson*."). Indeed, the government does not offer a single example of a hypothetical crime of violence that would pass muster under the ACCA's risk-of-injury standard but not 924(c)'s risk-of-physical-force standard,[1] and again declines to confront the Fourth Circuit's statements in *In re Hubbard*.

Moreover, *Johnson* did not invalidate the ACCA residual clause because of its breadth,

---

[1] Although the government does not cite any examples in its brief, the Third Circuit's recent § 16(b) opinion in *Baptiste v. AG United States*, No. 14-4476, 2016 U.S. App. LEXIS 20140 (3d Cir. Nov. 8, 2016), posits the offense of arson with intent to destroy a building. *Id*. at *40. Regardless, the *Baptiste* court ultimately found any such minor differences in breadth to be immaterial to the constitutional inquiry, see *id*. at *40-41, and went on to conclude that § 16(b) was void for vagueness in light of *Johnson*. See *Id*. at *48.

but rather because of its *vagueness*. *See* Def. Br. at 17-18; *see also In re Hubbard*, 825 F.3d at 233 (noting that "this distinction between the ACCA residual clause and § 16(b), as presented by the government, goes more to the breadth of the two clauses than their vagueness."). And given that the *Johnson* Court found the ACCA residual clause's two-part methodology to suffer from "hopeless indeterminacy," *id*. at 2558, it seems highly unlikely that its defects could be cured by substituting its risk-of-injury standard for a risk-of-force one. *See*, *e.g.*, *Golicov v. Lynch*, No. 16-9530, 2016 U.S. App. LEXIS 17121, at *19 (10th Cir. Sep. 19, 2016) ("[E]ven if we assume that the standard employed in § 16(b) is 'marginally narrower' than the standard employed in the ACCA's residual clause, the fact remains that they are both 'abstraction[s] all the same.' . . . In other words, neither phrase offers courts meaningful guidance to assess the risk posed by the hypothetical offense.") (citations and footnote omitted); *Baptiste*, No. 14-4476, 2016 U.S. App. LEXIS 20140, at *41-42 (3d Cir. Nov. 8, 2016) ("In short, the distinction the Attorney General draws between the two statutes is a distinction without a difference within the reasoning of *Johnson*.") (citations omitted).

      **C.**     **The government's attempt to distinguish *Johnson*'s vagueness holding based on the ACCA's litigation history fails.**

The government next argues that the ACCA residual clause should be distinguished because the Supreme Court had "repeatedly" attempted and failed to construe it prior to *Johnson*. Govt. Br. at 9-10. But throughout that litigation history, it was the categorical ordinary-case methodology that the Court was repeatedly attempting to construe. As the Third Circuit recently observed in invalidating § 16(b), "the fact that the Supreme Court has only taken and decided one § 16(b) case, see *Leocal*, 543 U.S. at 1, and so has not experienced repeated failures in interpreting the provision, is probative only of the Court's composition of its docket—not absence of vagueness in the provision." *Baptiste*, No. 14-4476, 2016 U.S. App. LEXIS 20140, at

*46-47 (3d Cir. Nov. 8, 2016) (citations omitted); *see also Shuti v. Lynch*, 828 F.3d 440, 450 (6th Cir. 2016); *Dimaya v. Lynch*, 803 F.3d 1110, 1119 (9th Cir. 2015).

Section 924(c)(3)(B) uses the same two-part methodology: it requires a court to evaluate a crime of violence by first conceptualizing how it might be expected to play out in a hypothetical "ordinary case" (as opposed to the specific case at hand), and then judging that hypothetical ordinary case under an equally indeterminate risk inquiry. *See* Def. Br. at 10-12. These are the same two features that led the *Johnson* Court to invalidate the ACCA clause.

D. **The government's attempt to distinguish § 924(c) on the grounds that it requires a nexus to a firearm fails**

The government next argues that § 924(c) is different from ACCA in the sense that a § 924(c) conviction requires a nexus to a firearm. Govt. Br. at 10. However, this claimed distinction has no apparent impact on the function of the residual clause. Al-Timimi is not challenging the statute's firearm prong, and the defense is unaware of any court that has distinguished the residual clauses on this basis. Indeed, the firearm nexus element is entirely unaffected by Al-Timimi's challenge, and would continue to operate in connection with § 924(c) with respect to crimes of violence that qualify under the force clause. See generally 18 U.S.C. § 924(c).

E. **The government's attempt to distinguish § 924(c)(3)(B) as an ordinary risk-based statute fails.**

The government briefly attempts to characterize § 924(c)(3)(B) as an example of one of the many commonplace risk-oriented statutes that the *Johnson* Court exempted from its holding. Govt. Br. 10-11. But it plainly is not: the *Johnson* Court distinguished the ACCA residual clause from other risk-oriented statutes precisely on the basis of its ordinary case framework, explaining that ACCA applied its risk inquiry not against conduct that "an individual defendant engages in

7

on a particular occasion" but instead against "an idealized ordinary case of the crime." *Johnson*, 135 S. Ct. at 2561.

Thus, although risk-based statutes that ask a jury to evaluate the riskiness of a defendant's *particularized* actions are unaffected by *Johnson*'s holding, Section 924(c)(3)(B) is not such a statute. It requires the same ordinary-case methodology found impermissibly vague in *Johnson*. *See* Def. Br at 10-12.

### F. The government's argument that Al-Timimi is ineligible to raise a facial challenge fails.

The government next argues that Al-Timimi is ineligible to raise a facial challenge to § 924(c)(3)(B), asserting that "a person whose conduct is clearly proscribed by a statute cannot complain that the law is vague as applied to the conduct of others." Govt. Br. at 16; *see generally id*. at 16-18. But Al-Timimi is not challenging hypothetical applications of the act against other persons. He is challenging the residual clause, which is the very portion of the statutory crime-of-violence definition upon which his convictions rely. If that clause is unconstitutionally vague, his convictions must necessarily be set aside. Moreover, a facial invalidation of the ACCA residual clause is precisely how the Supreme Court resolved *Johnson*.

The government's argument also appears to contradict the United States' position in other recent post-*Johnson* cases, at least with respect to § 16(b) in the immigration context. *See Baptiste*, No. 14-4476, 2016 U.S. App. LEXIS 20140, at *33-34 n.17 (3d Cir. Nov. 8, 2016) ("The Attorney General wisely does not contest Baptiste's assertion that he has a right under the Fifth Amendment's Due Process Clause to bring a void for vagueness challenge to the definition of a crime of violence in § 16(b).") (collecting immigration cases) (citations omitted). Because § 924(c) is a felony criminal statute, Al-Timimi's interest in challenging his convictions is even more acute than that in an immigration proceeding.

8

G.  **The government's argument that Al-Timimi's convictions can be sustained under § 924(c)'s force clause fails.**

Finally, the government alternatively asks this Court to sustain the offenses asserted in Jury Instruction 44 as crimes of violence under the separate force clause of § 924(c)(3)(A), suggesting that the word "threaten" could be broadly construed to encompass each offense. *See* Govt. Br. 18-19. But this broad construction would appear to largely make surplusage of the residual clause, and the defense is unaware of any court that has adopted it. Moreover, the force clause requires that a crime of violence include the use of force "as an element"—and as the defense's opening brief demonstrates, none of the offenses in Jury Instruction 44 meet that requirement. *See* Def. Br. at 8 & Ex. A.[2]

II. **Although the federal courts remain divided over post-*Johnson* challenges to § 924(c)(3)(B) and § 16(b), intervening authority continues to support their invalidation.**

After the defense filed its opening brief last month, the Third Circuit became the most recent court of appeals to rule on *Johnson*'s impact on the materially identical residual clause of § 16(b), striking it down as void for vagueness. *Baptiste v. AG United States*, No. 14-4476, 2016 U.S. App. LEXIS 20140, at *45-46 (3d Cir. Nov. 8, 2016). As the defense observes in its opening brief, the Sixth, Seventh, Ninth, and Tenth Circuits have all similarly invalidated § 16(b).

---

[2]  Moreover, the defense does not, as the government suggests, "fault" this Court for not polling the jury on Instruction 44. *See* Govt. Br. at 19, n. 6. Al-Timimi's trial pre-dated *Johnson*, and both parties agreed with the Court's suggestion that a special verdict was unnecessary. *See* Trial Tr., April 26, 2005 [Dkt. No. 161] at 2412 (attached to the defense's opening brief as Ex. C). And because all nine offenses appear to unambiguously rely on the residual clause, the defense expects the point to be moot. *See* Def. Br. at 8-9. However, it is the continued position of the defense that any selective attempts by the government to rely on the force clause for only some of the offenses in Jury Instruction 44 would depend on improper speculation about how the jury arrived at its decision. *See Id*.

By contrast, the government points to three courts of appeals—the Second, Sixth, and Eighth Circuits—which have upheld the residual clause of § 924(c)(3)(B). Govt. Br. at 11. But as previously noted, two of these cases appear to have upheld the clause by simply abandoning the categorical approach to its interpretation altogether—an avenue foreclosed by controlling Fourth Circuit precedent in this jurisdiction. Def. Br. at 18-20. Indeed, even the Solicitor General opposes this result, as indicated in the recent petition for certiorari in *Dimaya* that the government attaches to its opposition brief. *See* Dkt. No. 437-2 at 9-10. Thus, only the Second Circuit's decision in *United States v. Hill*, No. 14-3872-cr, 2016 U.S. App. LEXIS 14118 (2d Cir. Aug. 3, 2016) has upheld § 924(c)(3)(B) consistent with the reasons urged by the government here. *Hill* distinguishes the ACCA largely on the basis of its four enumerated offenses, see *id*. at 28-31, but does not appear to have an answer to the Supreme Court's subsequent opinion in *Welch*, which summarized *Johnson*'s holding without even mentioning this enumerated list of offenses as a relevant factor in its decision. *See* Def. Br. at 14-15; *see also supra* at 4-5. The defense respectfully disagrees with *Hill* for the reasons described in its opening brief. *Id*. at 12-15.

Finally, the government argues that § 924(c)(3)(B) and § 16(b) can be distinguished, and that cases invalidating the latter are not necessarily controlling with respect to the former. *See* Govt. Br. at 14-15. As a starting point, the defense notes that the Solicitor General's brief in *Dimaya* describes these clauses as "materially identical," *see*, *e.g.*, Dkt. No. 437-2 at 9, and that the Fourth Circuit too appears to treat them interchangeably. *See In re Hubbard*, 825 F.3d at 232, n.4 ("We note that the circuits are divided as to whether § 16(b) and § 924(c)(3)(B) are unconstitutionally vague under *Johnson*."). And second, the Solicitor General's brief seems to suggest that, if anything, § 924(c)(3)(B) should be held to a *more* rigorous standard than § 16(b).

10

Indeed, the government's threshold argument for upholding § 16(b) in *Dimaya* is that the civil immigration context in which it operates should enjoy a more relaxed standard of review than the criminal context of the ACCA at issue in *Johnson*. *See* Dkt. No. 437-1 at 11-16. By contrast, § 924(c) operates exclusively in a criminal statute, where vagueness concerns are most acute.

## CONCLUSION

Defendant Ali Al-Timimi respectfully requests that the Court grant this motion, issue a judgment of acquittal with respect to his § 924(c) accomplice liability convictions under Counts 7 and 8 in light of the Supreme Court's intervening authority in *Johnson* and *Welch*, and adjust his sentence accordingly.

Respectfully submitted,

/s/
Thomas Michael Huff, Virginia Bar No. 73587
Thomas M. Huff, Attorney-at-Law
P.O. Box 2248
Leesburg, VA 20177
Telephone: 703.665.3756
Facsimile: 571.354.8985
thuff@law.gwu.edu

Jonathan Turley (*pro hac vice*)
The George Washington University Law School
2000 H Street, NW
Washington, D.C. 20052
Telephone: (202) 994-7001
Facsimile: (202) 508-6200
jturley@law.gwu.edu

Attorneys for Defendant Dr. Ali Al-Timimi

Dated: November 14, 2016

## CERTIFICATE OF SERVICE

I certify that on November 14, 2016, I will file the foregoing document on the CM/ECF system, which will then serve it by sending an electronic notification to:

AUSA Gordon D. Kromberg
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA  22314
(703) 299-3700 (telephone)
(703) 837.8242 (facsimile)
gordon.kromberg@usdoj.gov

                                                /s/
Thomas Michael Huff, Virginia Bar No. 73587
Thomas M. Huff, Attorney-at-Law
P.O. Box 2248
Leesburg, VA 20177
Telephone: 703.665.3756
Facsimile: 571.354.8985
thuff@law.gwu.edu