IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 1:04-cr-385 (LMB) |
| ) | |
| ALI AL-TIMIMI, ) | |
| ) | |
| *Defendant*. ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S
RENEWED MOTION FOR ACQUITTAL**

Defendant Dr. Ali Al-Timimi respectfully submits notice that the Supreme Court has just issued its decision in *Sessions v. Dimaya*, 584 U.S. ___ (April 17, 2018) (previously captioned *Lynch v. Dimaya*), which is directly relevant to Al-Timimi's pending motion for acquittal on Counts 7 and 8 before this Court.[1] *See* Dkt. No. 432. A copy of the slip opinion is attached as Exhibit A.

Yesterday, in an 5-4 opinion authored by Justice Kagan, the *Dimaya* Court concluded that the residual clause portion of the "crime of violence" definition codified at 18 U.S.C. § 16(b)—a provision functionally identical to the § 924(c)(3)(B) clause that Al-Timimi challenges

---

[1] On August 4, 2015, the Fourth Circuit remanded this case to this Court for consideration of newly declassified evidence that was released (in redacted form) after the filing of his appeal. The Fourth Circuit later modified its remand order to also permit Al-Timimi to challenge his § 924(c) convictions in light of the Supreme Court's intervening decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). The defense then filed a Renewed Motion for Acquittal on Counts 7 and 8 [Dkt. No. 432]; this Court stayed that motion pending *Dimaya*'s outcome. Dkt. No. 439.

here—is unconstitutionally vague in light of the Court's prior decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015).

Moreover, in striking down §16(b), the *Dimaya* Court expressly rejected the very same arguments that the government has made to this Court with respect to § 924(c)(3)(B). First, *Dimaya* rejected the government's attempt to distinguish § 16(b) from ACCA based on an alleged "temporal restriction." Slip Op. at 16-19 ("[N]ot a single one of this Court's ACCA decision turned on conduct that might occur after a crime's commission . . . Every offense that could have fallen within ACCA's residual clause might equally fall within § 16(b)."); compare with Dkt. No. 437 ("Govt. Opp.") at 6-9. Second, the Court rejected the government's claim that § 16(b)'s risk-of-physical-force standard is materially narrower than ACCA's risk-of-physical-injury standard. Slip Op. at 19-20; compare with Govt. Opp. at 8-9. Third, *Dimaya* rejected the government's attempt to distinguish ACCA based on its list of exemplar crimes that preceded its residual clause. Slip Op. at 20-21 ("To say that ACCA's listed crimes failed to resolve the residual clause's vagueness is hardly to say they caused the problem. . . . *Johnson* found the residual clause's vagueness to reside in just 'two' of its features: the ordinary-case requirement and a fuzzy risk standard.") (citation omitted); compare with Govt. Opp. at 4-5. Finally, the Court was unmoved by the government's assertion that § 16(b) had not produced as many failed attempts at judicial construction as ACCA had. Slip Op. at 21-24 ("The Government would condemn us to repeat the past—to rerun the old ACCA tape, as though we remembered nothing from its first showing. . . . We abandoned that lunatic practice in *Johnson* and see no reason to start it again.") (citations omitted); compare with Govt. Opp. at 9-10. Accordingly, the defense's position is that because § 16(b) and § 924(c)(3)(B) are functionally identical, *see*, *e.g.*, *In re*

*Hubbard*, 825 F.3d 225, 230 n.3 (4th Cir. 2016), *Dimaya* thereby resolves the pending motion in Al-Timimi's favor.

Yesterday, the defense contacted the government, seeking its position on the pending acquittal motion in light of the Supreme Court's new decision. The defense also asked the government if its positions have changed on any of the various issues at the center of the current evidentiary remand before this Court—including the disclosure of the "Squad IT-3" document and the large number of related files referenced herein in relation to Dr. Al-Timimi.

The government advised that it is in the process of obtaining guidance from the Justice Department. Once the government confers regarding its current position, the defense will renew its motion for acquittal, and also its pending evidentiary motions pursuant to the Fourth Circuit's remand order. The defense believes that a hearing on these motions would be beneficial to the parties and the Court. Of course, the defense is also prepared for a status hearing in the interim if the Court believes it would be constructive.

Dated: April 18, 2018            Respectfully submitted,

                                                                   /s/
Thomas Michael Huff, Virginia Bar No. 73587
Thomas M. Huff, Attorney-at-Law
P.O. Box 2248
Leesburg, VA 20177
Telephone: 703.665.3756
Facsimile: 571.354.8985
thuff@law.gwu.edu

Jonathan Turley (*pro hac vice*)
The George Washington University Law School
2000 H Street, NW
Washington, D.C. 20052
(202) 994-7001 (telephone)
(202) 508-6200 (facsimile)
jturley@law.gwu.edu

Attorneys for Defendant Dr. Ali Al-Timimi

3

## CERTIFICATE OF SERVICE

I certify that on April 18, 2018, I will file the foregoing document on the CM/ECF system (after a review by this Court's designated Classified Information Security Officer), which will then serve it by NES electronic notification upon all counsel of record, including:

AUSA Gordon D. Kromberg
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA  22314
(703) 299-3700 (telephone)
(703) 837.8242 (facsimile)
gordon.kromberg@usdoj.gov

                                                /s/
Thomas Michael Huff, Virginia Bar No. 73587
Thomas M. Huff, Attorney-at-Law
P.O. Box 2248
Leesburg, VA 20177
Telephone: 703.665.3756
Facsimile: 571.354.8985
thuff@law.gwu.edu