IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>v.<br><br>ALI AL-TIMIMI,<br><br>    *Defendant*. | )<br>)<br>)<br>)<br>)<br>) Case No. 1:04-cr-385 (LMB)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF AL-TIMIMI'S RENEWED MOTION FOR ACQUITTAL ON COUNT 1 IN LIGHT OF INTERVENING AUTHORITY**

Defendant Dr. Ali Al-Timimi respectfully submits this memorandum in support of his renewed motion for a judgment of acquittal on Count 1 in light of intervening authority by both this Court and the Supreme Court. Dkt. No. 445. The purpose of this motion is to supplement Al-Timimi's currently pending motion for acquittal on Counts 7 and 8 to also include Count 1.

1. On July 26, 2016, the Fourth Circuit modified the current remand order to allow Al-Timimi to challenge his § 924(c) convictions in light of intervening Supreme Court authority that has called into question the constitutionality of the residual clause portion of the statute's crime-of-violence definition. Dkt. No. 431. Al-Timimi then filed a corresponding motion for acquittal on Counts 7 and 8 that is currently pending with this Court. Dkt. Nos. 432-33; *see also* Dkt. Nos. 437 (opposition brief), 438 (reply brief), 442 (govt response to show-cause order), 443 (def's reply brief regarding show-cause order).

2. This filing supplements that motion by also moving for a judgment of acquittal on Count 1, which charged Al-Timimi under 18 U.S.C. § 924(o) with aiding and abetting a firearms conspiracy. As this Court has recently recognized, 18 U.S.C. § 924(o) utilizes the same residual

clause as § 924(c)(3)(B). *See*, *e.g.*, *United States v. Khan*, No. 1:03-cr-296-LMB (E.D. Va., August 1, 2018), Dkt. No. 922 ("Khan Op.") at 11, n.6 ("Although one of the convictions that Khan is challenging is under 18 U.S.C. § 924(o), not § 924(c), § 924(o) incorporates § 924(c) . . . . Therefore, any analysis of the constitutionality and appropriate interpretation of § 924(c) applies equally to § 924(o).").

       3.     In light of the Supreme Court's intervening decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), this Court has recently adopted a savings construction of the residual clause that evaluates alleged crimes of violence by examining the actual conduct of the accused offenders—as opposed to evaluating predicate crimes categorically. *See*, *e.g.*, *United States v. Chapman*, No. 1:03-cr-296-LMB (E.D. Va., July 19, 2018), Dkt. No. 914 ("Chapman Op.") at 24-29. Operating under this narrowed construction, this Court recently vacated the § 924(o) convictions of defendants Masoud Khan and Seifullah Chapman after conducting an examination of their conduct and concluding that there was no evidence that their actions ever involved a substantial risk of physical force being used against the person or property of another. *Id*. at 30; *see also* Khan Op. at 31-32.

       3.     Count 1 of the operative indictment charged Al-Timimi with aiding and abetting that same conspiracy that Chapman and Khan were convicted of membership in. Accordingly, Al-Timimi is entitled to acquittal of his § 924(o) conviction for the same reasons that the principals were entitled to vacatur of their convictions. It is undisputed that Al-Timimi never possessed or trained with any firearms, never traveled to any combat zone, never participated in paintball games, and never traveled to LET camps in Pakistan.[1] Accordingly, there is no

---

[1] Notably, Al-Timimi was not even charged with being a party to the conspiracy agreement (the operative indictment did not allege such, nor did the jury instructions require a jury finding to that effect), but instead with being an accomplice to the conspiracy based on the government's

evidence of any actions by Al-Timimi involving a substantial risk that he would use force against the person or property of another.

4. After Al-Timimi's trial, he filed Rule 29 motions for acquittal on all counts—including Count 1. *See* Dkt. Nos. 118, 125, & 126. The Court denied those motions from the bench in a sentencing hearing on July 13, 2005. *See* Dkt. No. 147 at 2-6. But because *Dimaya* had not yet been decided, this Court did not have the opportunity to consider his motions under the new savings construction. Accordingly, he renews his motion for acquittal now for evaluation under the new legal standard. And operating under that standard, the government is unable to meet its evidentiary burden under Rule 29.

5. In the alternative, Al-Timimi respectfully submits that he is also entitled to acquittal because the residual clauses associated with § 924(c) and § 924(o) have been rendered unconstitutionally vague for the reasons described in his renewed motion for acquittal on Counts 7 and 8. *See* Dkt. No. 432. The defense understands and respects the Court's recent rulings on this question, but respectfully preserves the issue for further appeal in the event the savings construction is altered by a higher court.

6. Al-Timimi's 2005 conviction for Count 1 resulted in a concurrent prison sentence of 121 months, Dkt. No. 132 at 3 (judgment form); accordingly, his time on this count has been fully served. However, he files this motion because he has an ongoing interest in clearing his record in light of intervening authority. Moreover, it is the understanding of undersigned counsel

---

broader allegations that his comments at a dinner induced the principals to attend LET. *See* Dkt. No. 47 at 4-9 (operative indictment); Trial Transcript, April 18, 2015 [Dkt. No. 156] at 2304 (jury instructions regarding Count 1); *see also id.* at 2180 (Court observes of Count 1 that "this is a tough case because it's almost a third level of culpability; that is, you've got the underlying offense, an inchoate offense such as conspiracy to do it, then you've got him one step further removed, aiding and abetting or soliciting or procuring the conspiracy. It certainly is a unique set of legal structure.").

that the existence of firearms-related convictions affects the conditions of his imprisonment.

    7.    The parties have conferred, and the government opposes this motion.

Dated: August 17, 2018        Respectfully submitted,

        /s/
Thomas Michael Huff, Virginia Bar No. 73587
Thomas M. Huff, Attorney-at-Law
P.O. Box 2248
Leesburg, VA 20177
Telephone: 703.665.3756
Facsimile: 571.354.8985
thuff@law.gwu.edu

Jonathan Turley (*pro hac vice*)
The George Washington University Law School
2000 H Street, NW
Washington, D.C. 20052
(202) 994-7001 (telephone)
(202) 508-6200 (facsimile)
jturley@law.gwu.edu

Attorneys for Defendant Dr. Ali Al-Timimi

## CERTIFICATE OF SERVICE

I certify that on August 17, 2018, I will file the foregoing document on the CM/ECF system, which will then serve it by sending an electronic notification to:

AUSA Gordon D. Kromberg
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA  22314
(703) 299-3700 (telephone)
(703) 837.8242 (facsimile)
gordon.kromberg@usdoj.gov

                                                    /s/
Thomas Michael Huff, Virginia Bar No. 73587
Thomas M. Huff, Attorney-at-Law
P.O. Box 2248
Leesburg, VA 20177
Telephone: 703.665.3756
Facsimile: 571.354.8985
thuff@law.gwu.edu