IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | Case No. 1:04-cr-385 (LMB) |
| ALI AL-TIMIMI, | ) ) ) | |
| *Defendant*. | ) ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S
RENEWED MOTIONS FOR ACQUITTAL**

Defendant Dr. Ali Al-Timimi respectfully submits notice that the Supreme Court has just issued its decision in *United States v. Davis*, 588 U.S. ___ (June 24, 2019), which is directly relevant to Al-Timimi's pending motions for acquittal on Counts 1, 7, and 8 before this Court. *See* Dkt. Nos. 432 & 445. A copy of the slip opinion is attached as Exhibit A.

In a 5-4 opinion authored by Justice Gorsuch, the *Davis* Court has unequivocally invalidated the § 924(c)(3)(b) residual clause that formed the basis for Al-Timimi's convictions under Counts 1, 7, and 8. Observing that "[i]n our constitutional order, a vague law is no law at all," Slip Op. at 1, and applying its recent precedents in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) and *Johnson v. United States*, 135 S.Ct. 2551 (2015), the Court concluded that § 924(c)(3)(b) "provides no reliable way to determine which offenses qualify as crimes of violence and is thus unconstitutionally vague." Slip. Op. at 2; *see also id*. at 4-7; *id*. at 24. And although the government had attempted to avoid the implications of *Johnson* and *Dimaya* by asking the Court to adopt a new conduct-oriented savings construction, the *Davis* Court declined to do so,

finding that such a reading "[could not] be squared with the statute's text, context, and history." Slip op. at 2; *see also id.* at 7-19. In sum, § 924(c)(3)(b) is unconstitutional and no longer good law capable of sustaining a conviction. Slip Op. at 24.

Because Al-Timimi's convictions under Counts 1, 7, and 8 all depend on § 924(c)(3)(b), the defense's position[1] is that *Davis* resolves the pending motions in Al-Timimi's favor, *see* Dkt. Nos. 432 (Counts 7 and 8) & 445 (Count 1), and respectfully requests the relief outlined in the proposed order attached as Exhibit B.

Separate from these motions for acquittal, the defense also has an evidentiary motion pending before this Court pursuant to the Fourth Circuit's 2015 remand order. *See* Dkt. Nos. 417-418; 420 (government opposition brief); 430 (reply brief). The defense would welcome a status hearing, or an order for additional briefing should it please the Court.

Dated: June 24, 2019                    Respectfully submitted,

                                                                     /s/
Thomas Michael Huff, Virginia Bar No. 73587
Thomas M. Huff, Attorney-at-Law
P.O. Box 2248
Leesburg, VA 20177
Telephone: 703.665.3756
Facsimile: 571.354.8985
thuff@law.gwu.edu

Jonathan Turley (*pro hac vice*)
The George Washington University Law School
2000 H Street, NW
Washington, D.C. 20052
(202) 994-7001 (telephone)
(202) 508-6200 (facsimile)
jturley@law.gwu.edu

Attorneys for Defendant Dr. Ali Al-Timimi

---

[1] The defense also notes that the U.S. Attorney for the Eastern District of North Carolina has just advised the Fourth Circuit that it no longer opposes issuance of the mandate in *United States v. Simms* (15-4646) (en banc) in light of *Davis*. (Letter attached as Exhibit C.)

## CERTIFICATE OF SERVICE

I certify that on June 24, 2019, I will file the foregoing document on the CM/ECF system, which will then serve it by sending an electronic notification to:

AUSA Gordon D. Kromberg
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA  22314
(703) 299-3700 (telephone)
(703) 837.8242 (facsimile)
gordon.kromberg@usdoj.gov

/s/
Thomas Michael Huff, Virginia Bar No. 73587
Thomas M. Huff, Attorney-at-Law
P.O. Box 2248
Leesburg, VA 20177
Telephone: 703.665.3756
Facsimile: 571.354.8985
thuff@law.gwu.edu