IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                  ) | CRIMINAL NO. 1:04-cr-385 |
| ) | |
| ALI AL-TIMIMI,           ) | |
| ) | |
| Defendant.         ) | |

**ADDENDUM TO GOVERNMENT'S SUPPLEMENTAL
MEMORANDUM ON *DAVIS v. UNITED STATES***

The government has now filed its response to the Court's order to show cause why the defendant's renewed motions for judgment of acquittal on Counts 1, 7, and 8 should not be granted. (ECF No. 455). In addition to addressing the procedural posture of the case and any appropriate remedies, the government argues that (i) violations of 18 U.S.C. §§ 960, 2381, and 2390 are force-clause crimes sufficient to support convictions under 18 U.S.C. § 924(c) and (o), and (ii) there is sufficient evidence in the record to support the defendant's convictions on the three challenged counts.

In Counts 7 and 8, the superseding indictment alleged that two of the defendant's associates, Yong Kwon and Khwaja Hasan, "discharge[d] … firearms … during, in relation to, and in furtherance of crimes of violence" while at training camps controlled by Lashkar-e-Taiba in Pakistan in 2001. (ECF No. 47 at 15.) The government has argued that this conduct was in furtherance of a violation of § 2390, insofar as it occurred in relation to and in furtherance of Kwon and Hasan's decision to enlist for the purpose of serving in armed hostility against the United States by fighting alongside the Taliban in Afghanistan. (ECF No. 455 at 22–23.)

For the completeness of the record and the avoidance of doubt, the government also wishes to preserve the argument that there is sufficient evidence to show that Kwon and Hasan used firearms while at the camps in relation to and in furtherance of another crime of violence—namely, in violation of the Neutrality Act, 18 U.S.C. § 960. To that end, the government has compiled a list of record citations, attached hereto as **Exhibit 1**, establishing that Kwon and Hasan understood that by visiting the camps in Pakistan they would be participating in or otherwise preparing for or supporting military expeditions against, among others, the nation of India, a country with whom the United States was "at peace" for purposes of § 960.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____/s/_____

Daniel T. Young
Gordon D. Kromberg
John T. Gibbs
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Office: (703) 299-3700
Fax: (703) 299-3980
Email: daniel.young@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on July 26, 2019, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By: _____/s/_____
Daniel T. Young
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office:  (757) 441-6331
Fax:     (757) 441-6689
E-mail:  daniel.young@usdoj.gov