# Exhibit A

**Bill of Particulars filed in *United States v. Khan*, *et al.*,
Case No. 1:03-cr-296 (E.D. Va.) at Dkt. No 336**

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Crim. No. 03-296-A |
| | ) | |
| v. | ) | The Honorable Leonie M. Brinkema |
| | ) | |
| RANDALL TODD ROYER, ET AL. | ) | |

## BILL OF PARTICULARS

By order of December 12, 2003, the Court ordered the United States to specify the

following:

1. As to Count 1, Object 3, the predicate felony offenses alleged;

2. As to Count 11, the predicate crimes of violence alleged;

3. As to Counts 12-14, all predicate offenses punishable by imprisonment for a term exceeding one year in addition to those already specified in the indictment; and

4. As to Counts 17-32, the predicate crimes of violence alleged.

1. Count 1, Object 3

At Object 3, Count 1 of the Superseding Indictment alleges that the conspirators agreed to unlawfully, knowingly, and intentionally receive firearms and ammunition in interstate commerce with knowledge and reasonable cause to believe that felony offenses were to be committed therewith, in violation of Title 18, United States Code, Section 924(b).

In accordance with the Court's Order of December 12, 2003, the United States hereby gives notice that the felony offenses to be committed therewith are:

a. Conspiring to begin, provide for, prepare a means for, and take part in military expeditions and enterprises to be carried on from the United States against the territory and dominion of foreign states, districts and peoples with whom the United States was at peace - - namely, India and Russia - - in violation of Title 18,

1

United States Code, Sections 371 and 960 [hereinafter, §§ 371 & 960"];

b.  Conspiring to enlist and enter oneself or another to go beyond the jurisdiction of the United States with intent to be enlisted and entered in the service of any foreign prince, state, colony, district, and people - - namely, Lashkar-e-Taiba - - as a soldier, in violation of Title 18, United States Code, Sections 371 and 959 [hereinafter "§§ 371 & 959"];

c.  Conspiring to commit at any place outside the United States - - namely, India and Russia - acts that would constitute the offense of murder or maiming if committed in the special maritime and territorial jurisdiction of the United States, in violation of Title 18, United States Code, Section 956(a) [hereinafter "§ 956(a)"];

d.  Conspiring to damage or destroy specific property situated within a foreign country and belonging to a foreign government or to any political subdivision thereof with which the United States is at peace - - namely, India - - and any railroad, canal, bridge, airport, airfield and other public utility, public conveyance, and public structure and any religious educational and cultural property so situated, in violation of Title 18, United States Code, Section 956(b) [hereinafter, "§ 956(b)"];

e.  Conspiring to provide material support and resources to Lashkar-e-Taiba knowing and intending that they are to be used in preparation for, or in carrying out a violation of Section 956 of Title 18, United States Code, in violation of Title 18, United States Code, Section 2339A [hereinafter "§ 2339A"]; and

f.  Conspiring to supply services to the Taliban, to the territory of Afghanistan controlled by the Taliban, and to persons whose property and interests in property were blocked pursuant to Title 31, Code of Federal Regulations, Section 545.201, in violation of Title 50, United States Code, Section 1705 [hereinafter "§ 1705"].

2.  Count 11

At Count 11, the Superseding Indictment alleges that the conspirators agreed to use, carry, possess and discharge firearms including machine guns and destructive devices under Title 18, United States Code, Section 924(c)(1)(B)(ii), during, in relation to, and in furtherance of crimes of violence for which the defendants may be prosecuted in a court of the United States. In accordance with the Court's Order of December 12, 2003, the United States hereby gives notice that the crimes of violence for which the defendants may be prosecuted in a court of the United

2

States are:

a. §§ 371 & 959.
b. §§ 371 & 960;
c. § 956(a);
d. § 956(b);
e. § 2339A;
f. § 1705;

g. Conspiring to levy war against the Government of the United States and oppose by force the authority thereof, in violation of Title 18, United States Code, Section 2384 [hereinafter "§ 2384"];

h. Conspiring to provide material support and resources to Al-Qaeda, a foreign terrorist organization, in violation of Title 18, United States Code, Section 2339B [hereinafter "§ 2339B"]; and

i. Enlisting and engaging with intent to serve in armed hostility against the United States -- and conspiring to do so -- in violation of Title 18, United States Code, Sections 371 and 2390 [hereinafter "§ 371 & 2390"].

3. Counts 12-14

Counts 12-14 of the Superseding Indictment allege that the defendants, with knowledge and reasonable cause to believe that offenses punishable by imprisonment for a term exceeding one year were to be committed therewith, received ammunition in interstate commerce. As to these counts, the United States specifies no predicate offenses punishable by imprisonment for a term exceeding one year in addition to those already specified in the indictment.

4. Counts 17-32

Counts 17-32 of the Superseding Indictment allege that defendants knowingly used, carried, possessed, and discharged firearms -- including automatic rifles, machine guns and destructive devices such as rocket-propelled grenades under Title 18, United States Code, Section 924(c)(1)(B)(ii) -- during, in relation to, and in furtherance of crimes of violence for which the defendants may be prosecuted in a court of the United States, including Counts 1

3

through 10 of this Superseding Indictment. As to these counts, the United States specifies the following crime of violence:

**Count 17**: Benkhala used and discharged an AK-47 automatic rifle and a rocket-propelled grenade ("RPG") in August 1999, in Afghanistan, in furtherance of the following predicate crimes of violence:

a. §§ 371 & 960;
b. § 956(a);
c. § 2339A;
d. § 1705; and
e. §§ 371 and 959.

**Count 18**: Royer used and discharged an AK-47 automatic rifle in April 2000 in Pakistan, in furtherance of the following predicate crimes of violence:

a. §§ 371 & 960;
b. § 956(a);
c. § 956(b);
d. § 2339A; and
e. §§ 371 and 959.

**Count 19**: Al-Hamdi, aided and abetted by Seifullah Chapman and Hammad Abdur-Raheem, used and discharged an AK-47 automatic rifle in September 2000 in Pakistan, in furtherance of the following predicate crimes of violence:

a. §§ 371 & 960;
b. § 956(a);
c. § 956(b);
d. § 2339A; and
e. §§ 371 & 959.

**Count 20**: Chapman and Al-Hamdi possessed a Saiga .308 rifle, on Dec 18, 2000, in Fairfax, Virginia, in furtherance of the following predicate crimes of violence:

a. §§ 371 & 960;
b. § 956(a); and
c. §§ 371 & 959.

**Count 21**: Chapman and Caliph Basha possessed an AK-47-style rifle in June 2001, in Falls Church, Virginia, in furtherance of the following predicate crimes of violence:

a. §§ 371 & 960;

4

b. § 956(a); and
c. §§ 371 & 959.

**Count 22:** Chapman used and discharged an AK-47 automatic rifle, a machine gun, and a RPG in September 2001, in Pakistan, in furtherance of the following predicate crimes of violence:

a. §§ 371 & 960;
b. § 956(a);
c. § 956(b);
d. § 2339A; and
e. §§ 371 & 959.

**Count 23:** Royer possessed an AK-47 semi-automatic rifle on or about September 22, 2001, in Alexandria, Virginia, in furtherance of the following predicate crimes of violence:

a. § 2384;
b. §§ 371 & 960;
c. § 956(a);
e. § 2339A;
f. § 1705;
g. §§ 371 & 2390;
h. § 2339B; and
i. §§ 371 & 959.

**Count 24:** Khan, aided and abetted by Royer, Chapman, and Hammad Abdur-Raheem, used and discharged an AK-47 automatic rifle in October 2001 in Pakistan, in furtherance of the following predicate crimes of violence:

a. § 2384;
b. §§ 371 & 960;
c. § 956(a);
e. § 2339A;
f. § 1705;
g. §§ 371 & 2390;
h. § 2339B; and
i. §§ 371 & 959.

**Count 25:** Khan, aided and abetted by Royer, Chapman, and Hammad

5

Abdur-Raheem, used and discharged a 12mm anti-aircraft gun in October 2001, in Pakistan, in furtherance of the following predicate crimes of violence:

a. § 2384;
b. §§ 371 & 960;
c. § 956(a);
e. § 2339A;
f. § 1705;
g. §§ 371 & 2390;
h. § 2339B; and
i. §§ 371 & 959.

**Count 26**: Khan, aided and abetted by Royer, Chapman, and Abdur-Raheem, used and discharged a machine gun in October 2001 in Pakistan, in furtherance of the following predicate crimes of violence:

a. § 2384;
b. §§ 371 & 960;
c. § 956(a);
e. § 2339A;
f. § 1705;
g. §§ 371 & 2390;
h. § 2339B; and
i. §§ 371 & 959.

**Count 27**: Khan, aided and abetted by Royer, Chapman, and Abdur-Raheem, used and discharged a RPG in October 2001 in Pakistan, in furtherance of the following predicate crimes of violence:

a. § 2384;
b. §§ 371 & 960;
c. § 956(a);
e. § 2339A;
f. § 1705;
g. §§ 371 & 2390;
h. § 2339B; and
i. §§ 371 & 959.

**Count 28**: Chapman possessed an AK-47-style semi-automatic rifle on or about July 20, 2002, in Fairfax, Virginia, in furtherance of the following predicate crimes of violence:

a. §§ 371 & 960;
b. § 956(a);
c. § 2339A; and
d. §§ 371 & 959.

**Count 29:** Al-Hamdi possessed a Saiga .308 rifle on or about February 25, 2003, in Annandale, Virginia, in furtherance of the following predicate crimes of violence:

a. § 2384;
b. §§ 371 & 960;
c. § 956(a); and
d. §§ 371 & 959.

**Count 30:** Caliph Basha possessed an AK-47 semi-automatic rifle in Arlington, Virginia, on or about March 24, 2003, in furtherance of the following predicate crimes of violence:

a. §§ 371 & 960;
b. § 956(a);
c. § 2339A; and
d. §§ 371 and 959.

**Count 31:** Hammad Abdur-Raheem possessed an AK-47-style semi-automatic rifle in Falls Church, Virginia, on or about April 1, 2003, in furtherance of the following predicate crimes of violence:

a. §§ 371 & 960;
b. § 956(a);
c. § 2339A; and
d. §§ 371 and 959.

**Count 32:** Khan possessed an AK-47 semi-automatic rifle on or about May 8, 2003, in Gaithersburg, Maryland, in furtherance of the following predicate crimes of violence:

a. § 2384;
b. §§ 371 & 960;
c. § 956(a);
d. § 956(b);
e. § 2339A;
f. §§ 371 & 2390;

7

  g. § 2339B; and
  h. §§ 371 & 959.

          Respectfully submitted,

          Paul J. McNulty
          United States Attorney

     By: _____
        Gordon D. Kromberg
        Assistant United States Attorney

8

## CERTIFICATE OF SERVICE

I hereby certify that, this \_\_\_\_ day of December 2003, I caused a copy of the attached

BILL OF PARTICULARS to be served by email and or facsimile, as well as first class mail,

postage paid, addressed as follows:

| | | |
|---|---|---|
| John K. Zwerling | John N. Nassikas, III | Drewry B. Hutcheson, Jr. |
| Zwerling & Kemler, P.C. | Arent Fox Kintner Plotkin & Kahn, PLLC | 627 South Washington St. |
| 108 North Alfred Street | 1050 Connecticut Avenue, N.W. | Alexandria, VA 22314 |
| Alexandria, Virginia 22314 | Washington, D.C. 20036-5339 | Facsimile: 703.684.3909 |
| Facsimile: 703.684.9700 | | |
| Bernard S. Grimm | Jonathan Lienhard | John Keats |
| Jennifer Wicks | Richards McGettigan Reilly & West, P.C. | 10511 Judicial Drive |
| 307 G Street, NW | 1725 Duke Street, Suite 600 | Fairfax, VA 22030 |
| Washington, DC 20001 | Alexandria, VA 22314 | Facsimile: 703.383.1241 |
| Facsimile. 202.478.0867 | Facsimile: 703.683.2941 | |

William B. Cummings
112 South Pitt Street
Alexandria, VA 22314
Facsimile: 703.836.0238

_____