# Exhibit D

**United States Probation Office, Status Report of July 8, 2005**



TO: **EDWARD B. MACMAHON**
**DEFENSE COUNSEL**

FAX NO: **540-687-6366**

FROM:

**DARRYL L. THOMAS**
**Senior United States Probation Officer**
Electronic Monitoring Specialist
Pretrial Services Unit
401 Courthouse Square, Third Floor
Alexandria, VA 22314-5796
Direct Telephone No:    703-299-2271
Fax No:    703-299-2279

_2___ Pages (including *not* cover)

REMARKS:    If you have any questions please call me at the above number.

THE INFORMATION CONTAINED IN THIS MESSAGE IS **CONFIDENTIAL** AND INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION, OTHER THAN ITS RETURN TO SENDER, IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY TELEPHONE AND RETURN THE FACSIMILE MESSAGE TO THE SENDER AT THE ABOVE ADDRESS BY U.S. MAIL.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
UNITED STATES PROBATION OFFICE

JOHN R. LONG
CHIEF U.S. PROBATION OFFICER

REPLY TO:  Third Floor
Pretrial Services Unit
U.S. District Courthouse
401 Courthouse Square
Alexandria, Virginia 22314

July 8, 2005

The Honorable Leonie M. Brinkema
United States District Judge
United States District Court
Alexandria, VA 22314

Re:   AL-TIMIMI, Ali
      2004-CR-0385
      Status Report

Dear Judge Brinkema:

The above-named defendant is scheduled for sentencing before Your Honor on July 13, 2005. The following is a status report to advise Your Honor of his compliance with conditions of release.

On September 24, 2004, the defendant appeared before he Honorable Liam O'Grady and was released on a $75,000 secured corporate surety bond with the following conditions:

- Pretrial Services supervision;
- do not move from residence without permission from the Court or Pretrial Services;
- travel restricted to the Washington, D.C. metropolitan area;
- refrain from possessing a firearm, destructive device, or any other dangerous weapon;
- refrain from excessive use of alcohol, or any use or unlawful possession of a narcotic or other controlled substance unless prescribed by a licensed medical practitioner; and
- obtain no passport or travel document.

In a status report submitted to the Court prior to the defendant's trial, it was noted that office and field visits were conducted to assure the defendant's compliance with conditions of release. It was reported that the defendant was in full compliance. Collateral contact with the defendant's wife, Ziyana Al-Rawahi, was also utilized to monitor the defendant. Mrs. Al-Rawahi informed Pretrial Services that the defendant was in compliance. Assistant United States Attorney Gordon Kromberg verified that the defendant's passport was seized by law enforcement authorities. A passport stop notice was submitted to the State Department.

On April 26, 2005, upon his finding of guilty, Your Honor modified the defendant's bond to include:

- the defendant be placed on home detention, with electronic monitoring or global positioning satellite (GPS) tracking for which the defendant must pay. Defendant may not leave his residence for any reason except to meet with counsel, probation officer, appear for court hearings, and attend religious services on Fridays. Any departure must be approved by Pretrial Services; and
- Pretrial Services must immediately alert the designated officials at the FBI if the defendant violates the above restriction on his travel.

Re:    Status Report

At the time of the defendant's release after trial this officer did not have any active GPS equipment in stock; therefore, the defendant was placed on home detention with radio frequency (RF) monitoring until the GPS equipment arrived.

On April 26, 2005, with his attorney present, the defendant was read and explained the rules of the home confinement program. They were also explained that once the GPS equipment arrived, the defendant will be placed on active GPS tracking. A timeout was set from noon to 2 p.m., for the defendant to attend mosque on Fridays at the Islamic Institute in Merrifield. Later that afternoon, this officer performed a home visit and placed the RF monitoring device in the defendant's residence.

On April 28, 2005, a home visit was conducted and the defendant was read and explained the rules of the GPS tracking program. The GPS equipment was installed in his residence and the RF equipment was removed. Exclusion zones (places/areas the defendant is forbidden from entering) and inclusion zones (places/areas the defendant is allowed to enter) were established. Exclusionary zones included the major places of egress in the metropolitan area, to include airports, bus stations, and train stations. If the defendant enters an exclusion zone, this officer would receive an alert text message and respond accordingly. The inclusion zones included the defendant's residence, attorney's offices, and the Islamic Institute. This officer viewed the defendant's movements on a daily basis to assure the defendant was at authorized location. Since his placement on GPS tracking, the defendant has complied with the conditions and restrictions of the GPS program.

Office, field, and home visits were maintained to assure the defendant's compliance with the terms of the home detention program and his conditions of release; the defendant complied with all the rules of the Court. Collateral contact with Mrs. Al-Rawhi was utilized to verify the defendant's compliance with conditions of release. Mrs. Al-Rawahi informed Pretrial Services that the defendant was in full compliance. A computerized criminal record check conducted today revealed no new arrests for the defendant.

Should Your Honor have any questions or concerns please contact me at 299-2271.

Sincerely,

Darryl L. Thomas
Senior U.S. Probation Officer
Electronic Monitoring Specialist
Pretrial Services Unit

cc:    AUSA Gordon Kromberg
       Alan Yamamoto, defense counsel
       Edward MacMahon, defense counsel