**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                             Case No. :04-cr-385 (LMB)

ALI AL-TIMIMI

      Defendant.

---

## DECLARATION OF KIMBERLY GEMPLER

---

I, Kimberly Gempler, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me from official records reasonably relied upon by me in the course of my employment, hereby declare as follows relating to the above-titled matter. All attachments to this declaration are true and accurate copies of Federal Bureau of Prisons (Bureau) records maintained in the ordinary course of business.

1.     I am a Unit Manager and the Acting Complex Case Manager Coordinator with the Federal Bureau of Prisons (Bureau) at the Federal Correctional Complex in Florence, Colorado (FCC Florence). FCC Florence includes four separate institutions: the Federal Prison Camp (FPC) (minimum security), the Federal Correctional Institution (FCI) (medium security), the United States Penitentiary Florence– High Security (USP), and the United States Penitentiary Florence – Administrative Maximum (ADX).

2.     I have been employed by the Bureau, in positions of increasing responsibility, since 1997. I have been the FCC Florence Acting Complex Case Manager Coordinator since October 8, 2019.

3.     As part of my official duties as the FCC Florence Acting Complex Case Manager

Coordinator, I oversee all issues regarding correction programs and advise the Warden and Executive Staff on these issues—which include the administration of inmate records, monitoring of all inmate admissions and releases, coordination of inmate transfers between institutions, and the physical processing of inmates. I also supervise the Complex's mailroom staff, serve as a liaison between institution staff and community corrections personnel.

4.      I am aware of Ali Al-Timimi (Register Number 48054-083). He is a federal inmate currently housed at the ADX. Inmate Al-Timimi is subject to Special Administrative Measures (SAM) imposed by the Attorney General pursuant to 28 C.F.R. § 501.3.

**A. Inmate Al-Timimi's Housing History**

5.      Inmate Al-Timimi has been housed at the ADX since April 14, 2015. Attachment 1, Inmate History.

6.      Prior to being housed at the ADX, inmate Al-Timimi was housed at the Federal Transfer Center (FTC) Oklahoma City from April 13, 2014 to April 14, 2015 and he was housed at USP Hazelton, West Virginia from October 27, 2014 to April 13, 2014. *Id.*

7.      From August 1, 2006 to October 27, 2014, inmate Al-Timimi was released on Federal Writ and not located at a Bureau facility. *Id.*

8.      Prior to his release on a federal writ, inmate Al-Timimi was housed at the following locations:

- USP Hazelton – February 28, 2006 to August 1, 2006
- FTC Oklahoma City – February 13, 2006 to February 28, 2006
- USP Atlanta – February 1, 2006 to February 13, 2006
- USP Big Sandy, Kentucky – September 29, 2005 to February 1, 2006
- USP Atlanta – August 29, 2005 to September 29, 2005

- Federal Correction Institution (FCI) Petersburg, Virginia – August 26, 2005 to August 29, 2005. *Id.*

9.      Prior to the above, inmate Al-Timimi was under the supervision of the Residential Reentry Coordinator in Raleigh, North Carolina from August 3, 2005 to August 26, 2005. *Id.*

**B. Inmate Al-Timimi's Disciplinary History**

10.     On May 2, 2019, inmate Al-Timimi received disciplinary sanctions for an incident (disruptive conduct) that occurred on December 26, 2018. *See* Attachment 2. Specifically, inmate Al-Timimi threatened another with bodily harm. *See* Attachment 3.  On December 26, 2018, inmate Al-Timimi told a staff member that he would "beat his ass if I am ever near him" when referring to an unnamed inmate in his unit. *Id.*  Inmate Al-Timimi informed staff that he previously had an issue with the inmate when they were in a different housing unit. *Id.*  Due to the misconduct, inmate Al-Timimi was sanctioned with the loss of 27 days of good conduct time and fined $20.00. *Id.*  He was also removed from the housing unit.  A review of inmate Al-Timimi's discipline history does not reveal any other instances of misconduct while in Bureau custody.

**C. Inmate Al-Timimi's Placement at the ADX**

11.     Pursuant to policy, an inmate must be referred for placement at the ADX.  See Attachment 4.  Among the class of inmates who may be considered for placement at the ADX are those who are subject to Special Administrative Measures. *Id.* at 2.  Referrals to the ADX are reviewed at multiple levels to ensure that placement is appropriate. *Id.* at 2-3.  After review of the referral, the inmate is provide with a due process hearing by a Discipline Hearing Administrator. *See id.* at 6-7.  Generally, the Hearing Administrator will issue a report and recommendation to the Bureau's Assistant Director/Correctional Programs Division (CPD)

3

within fifteen days of the hearing. *Id.* at 7. The Assistant Director/CPD will accept or reject the Hearing Adminstrator's within thirty days of receipt. *Id.* at 8. The inmate is provided an opportunity to appeal the placement determination. *Id.* If the inmate is designated to the ADX, the ADX Warden will place the inmate on a waiting list. *Id.* at 9. Due to the multiple levels of review and the due process afforded to inmates, the process for placing an inmate at the ADX can take several months.

12. The initial Special Administrative Measures were placed on inmate Al-Timimi in April 2010, at a time when he was not in Bureau custody. Attachment 5 at 3. Inmate Al-Timimi returned to Bureau custody in October 2014 and he was referred for placement to the ADX in November 2014. Attachment 6. On January 27, 2015, he was provided notice that he was referred for transfer to the ADX. *Id.* at 1. *See* Attachment 5 at 1. The basis for the referral was due to concerns that inmate Al-Timimi "pose[d] a threat to others or to the orderly operation of the institution" and concerns that his Special Administrative Measures presented "security management concerns which cannot be adequately met in an open population institution." *Id.* at 4.

13. Inmate Al-Timimi was given a hearing on January 30, 2015, by the Hearing Administrator. *See* Attachment 7. He was provided with an opportunity to make a statement and to present documentary evidence. *Id.* at 1-2. The Hearing Administrator determined that inmate Al-Timimi met the criteria for placement at the ADX. *Id.* at 2. Specifically, the DHA found that due to inmate Al-Timimi's status, he could not be safely housed in general population at a regular correctional institution. *Id.* at 2. Inmate Al-Timimi's Special Administrative Measures were cited as reasons to support the finding. *See id.* at 6. On February 2, 2015, inmate Al-Timimi was provided with a copy of the Hearing Administrator's Report. *Id.*

14.    On February 27, 2015, inmate Al-Timimi was notified of the Bureau's decision to place him at the ADX.  Attachment 8.


Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on this 16th day of June 2020, in Florence, Colorado.


Kimberly Gempler
Acting Complex Case Manager Coordinator
FCC Florence
Federal Bureau of Prisons


**Enclosures**

Attachment 1, SENTRY Inmate History

Attachment 2, SENTRY Inmate Chronological Disciplinary Record

Attachment 3, Discipline Hearing Officer Report Number 3206304

Attachment 4, Administrative Maximum Facility (ADX) General Population Referral Procedure

Attachment 5, Notice of Hearing on Referral for Transfer to Florence General Population

Attachment 6, ADX Control Unit Referral, dated November 19, 2014

Attachment 7, ADX General Population Hearing Administrator's Report

Attachment 8, ADX General Population Placement Decision

# ATTACHMENT 1

```
FLMCK  531.01 *                    INMATE HISTORY              *        06-15-2020
PAGE 001        *                    ADM-REL                   *        15:30:33


  REG NO..: 48054-083 NAME....: AL-TIMIMI, ALI
  CATEGORY: ARS        FUNCTION: PRT      FORMAT:


FCL    ASSIGNMENT DESCRIPTION                     START DATE/TIME STOP  DATE/TIME
FLM    A-DES      DESIGNATED, AT ASSIGNED FACIL   04-14-2015 1155 CURRENT
A01    RELEASE    RELEASED FROM IN-TRANSIT FACL   04-14-2015 1355 04-14-2015 1355
A01    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL  04-14-2015 1000 04-14-2015 1355
OKL    HLD REMOVE HOLDOVER REMOVED                04-14-2015 0900 04-14-2015 0900
OKL    A-BOP HLD  HOLDOVER FOR INST TO INST TRF   04-13-2015 1720 04-14-2015 0900
A01    RELEASE    RELEASED FROM IN-TRANSIT FACL   04-13-2015 1820 04-13-2015 1820
A01    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL  04-13-2015 0713 04-13-2015 1820
HAZ    TRANSFER   TRANSFER                        04-13-2015 0713 04-13-2015 0713
HAZ    A-DES      DESIGNATED, AT ASSIGNED FACIL   10-27-2014 1926 04-13-2015 0713
P06    RELEASE 10 RELEASED FROM IN-TRANSIT, OCT   10-27-2014 1926 10-27-2014 1926
P06    A-ADMIT 12 ADMITTED TO IN-TRANSIT, DEC     12-06-2006 0530 10-27-2014 1926
I-T    RELEASE    RELEASED FROM IN-TRANSIT FACL   12-06-2006 0530 12-06-2006 0530
I-T    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL  08-08-2006 0530 12-06-2006 0530
A01    RELEASE    RELEASED FROM IN-TRANSIT FACL   08-08-2006 0530 08-08-2006 0530
A01    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL  08-07-2006 0900 08-08-2006 0530
OKL    HLD REMOVE HOLDOVER REMOVED                08-07-2006 0800 08-07-2006 0800
OKL    A-HLD      HOLDOVER, TEMPORARILY HOUSED    08-01-2006 1730 08-07-2006 0800
A01    RELEASE    RELEASED FROM IN-TRANSIT FACL   08-01-2006 1830 08-01-2006 1830
A01    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL  08-01-2006 0836 08-01-2006 1830
HAZ    FED WRIT   RELEASE ON FEDERAL WRIT         08-01-2006 0836 10-27-2014 1926
HAZ    A-DES      DESIGNATED, AT ASSIGNED FACIL   02-28-2006 1630 08-01-2006 0836
A02    RELEASE    RELEASED FROM IN-TRANSIT FACL   02-28-2006 1630 02-28-2006 1630
A02    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL  02-28-2006 0900 02-28-2006 1630
OKL    HLD REMOVE HOLDOVER REMOVED                02-28-2006 0800 02-28-2006 0800
OKL    A-BOP HLD  HOLDOVER FOR INST TO INST TRF   02-13-2006 1825 02-28-2006 0800
A01    RELEASE    RELEASED FROM IN-TRANSIT FACL   02-13-2006 1925 02-13-2006 1925
A01    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL  02-13-2006 0938 02-13-2006 1925
ATL    HLD REMOVE HOLDOVER REMOVED                02-13-2006 0938 02-13-2006 0938
ATL    A-BOP HLD  HOLDOVER FOR INST TO INST TRF   02-01-2006 1737 02-13-2006 0938
S38    RELEASE    RELEASED FROM IN-TRANSIT FACL   02-01-2006 1737 02-01-2006 1737
S38    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL  02-01-2006 0857 02-01-2006 1737
BSY    TRANSFER   TRANSFER                        02-01-2006 0857 02-01-2006 0857
BSY    A-DES      DESIGNATED, AT ASSIGNED FACIL   09-29-2005 1433 02-01-2006 0857
S38    RELEASE    RELEASED FROM IN-TRANSIT FACL   09-29-2005 1433 09-29-2005 1433
S38    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL  09-29-2005 0608 09-29-2005 1433
ATL    HLD REMOVE HOLDOVER REMOVED                09-29-2005 0608 09-29-2005 0608
ATL    A-HLD      HOLDOVER, TEMPORARILY HOUSED    08-29-2005 0600 09-29-2005 0608
B09    RELEASE    RELEASED FROM IN-TRANSIT FACL   08-29-2005 0600 08-29-2005 0600
B09    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL  08-29-2005 0436 08-29-2005 0600
PEM    HLD REMOVE HOLDOVER REMOVED                08-29-2005 0436 08-29-2005 0436
PEM    A-HLD      HOLDOVER, TEMPORARILY HOUSED    08-26-2005 0839 08-29-2005 0436




G0002      MORE PAGES TO FOLLOW . . .
```

```
FLMCK  531.01 *                INMATE HISTORY            *      06-15-2020
PAGE 002 OF 002 *                  ADM-REL              *      15:30:33

 REG NO..: 48054-083 NAME....: AL-TIMIMI, ALI
 CATEGORY: ARS       FUNCTION: PRT       FORMAT:

FCL    ASSIGNMENT DESCRIPTION                START DATE/TIME STOP  DATE/TIME
2-D    RELEASE    RELEASED FROM IN-TRANSIT FACL 08-26-2005 0839 08-26-2005 0839
2-D    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 08-10-2005 1048 08-26-2005 0839
CRL    ADMIN REL  ADMINISTRATIVE RELEASE       08-10-2005 1048 08-10-2005 1048
CRL    A-ADMIN    ADMINISTRATIVE ADMISSION     08-10-2005 1045 08-10-2005 1048
2-D    RELEASE    RELEASED FROM IN-TRANSIT FACL 08-10-2005 1045 08-10-2005 1045
2-D    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 08-03-2005 1034 08-10-2005 1045
CRL    ADMIN REL  ADMINISTRATIVE RELEASE       08-03-2005 1034 08-03-2005 1034
CRL    A-ADMIN    ADMINISTRATIVE ADMISSION     08-03-2005 1030 08-03-2005 1034




G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

# ATTACHMENT 2

```
FLMCK           *          INMATE DISCIPLINE DATA          *       06-11-2020
PAGE 001 OF 001 *    CHRONOLOGICAL DISCIPLINARY RECORD      *       15:21:16

REGISTER NO: 48054-083 NAME..: AL-TIMIMI, ALI
FUNCTION...: PRT        FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 06-11-2020

------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 3206304 - SANCTIONED INCIDENT DATE/TIME: 12-26-2018 1430
DHO HEARING DATE/TIME: 05-02-2019 1000
FACL/CHAIRPERSON.....: FLM/BANUELOS
REPORT REMARKS.......: I/M DENIED MAKING A SPECIFIC THREAT, BUT DID SAY THERE W
                       AS GOING TO BE A PROBLEM.
   299 DISRUPTIVE CONDUCT-HIGH - FREQ: 1
       DIS GCT   / 27 DAYS / CS
       COMP:010 LAW:P   TO DETER FUTURE LIKE BEHAVIOR
       LP COMM   / 60 DAYS / CS / SUSPENDED 180 DAYS
         COMP:    LAW:   TO DETER FUTURE LIKE BEHAVIOR
                        SUSPENDED 180 DAYS CLEAR CONDUCT
       LP PHONE  / 60 DAYS / CS / SUSPENDED 180 DAYS
         COMP:    LAW:   TO DETER FUTURE LIKE BEHAVIOR
                        SUSPENDED 180 DAYS CLEAR CONDUCT
       LP VISIT  / 60 DAYS / CS / SUSPENDED 180 DAYS
         COMP:    LAW:   TO DETER FUTURE LIKE BEHAVIOR
                        SUSPENDED 180 DAYS CLEAR CONDUCT
       MON FINE  / 20.00 DOLLARS / CS
         COMP:    LAW:   TO DETER FUTURE LIKE BEHAVIOR




   G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

# ATTACHMENT 3

By A0304
JAN 17

**DISCIPLINE HEARING OFFICER REPORT**

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL OF BUREAU PRISONS**

| Institution: | ADX Florence | Incident Report Number: | | 3206304 | |
|---|---|---|---|---|---|
| Name of Inmate: | Al-Timimi, Ali | REG. NO. | 48054-083 | Unit: | H |
| Date of Incident Report: | 12-26-18 | Offense Code: | 203 | | |
| Date of Incident: | 12-26-18 | | | | |
| Summary of Charges: | Threatening Another with Bodily Harm | | | | |

**I. NOTICE OF CHARGE(S)**

| A. Advanced written notice of charge (copy of Incident Report) was given to inmate on: | 12-26-18 | at | 5:45 pm | by | J. Armijo, Lt. |
|---|---|---|---|---|---|
| B. The DHO Hearing was held on (date) | | 05-02-19 | at (time) | | 10:00 am |

C. The inmate was advised of the rights before the DHO by (staff member):

| J. Holbrooks | on (date) | 12-27-18 | and a copy of the advisement of rights from is attached. |
|---|---|---|---|

**II. STAFF REPRESENTATIVE**

| A. Inmate waived right to Staff Representative. | | Yes: | | No: | X |
|---|---|---|---|---|---|
| B. Inmate requested Staff Representative and | T. Bodrey / J. Corcoran | | | appeared. | |
| C. Staff Representative statement: | Talked about situation, did not say if it was a threat or not. | | | | |

D. Requested Staff Representative declined or could not appear, but inmate was advised of option to postpone hearing to obtain another Staff Representative with the result that:

| New Staff Representative Name | N/A | was selected |
|---|---|---|
| E. Staff Representative : | N/A | was appointed |

**III. PRESENTATION OF EVIDENCE**

| A. Inmate: | Admits | | Denies | | Neither | X | the charge(s). |
|---|---|---|---|---|---|---|---|

B. Summary of Inmate Statement:

"I said this person threatened me. There was going to be a problem. The people in the unit did not want him here."

| C. Witnesses: | | N/A |
|---|---|---|

| 1. Inmate waived right to witness(es). | | Yes: | X | No: | |
|---|---|---|---|---|---|

2. The following persons were called as witnesses at this hearing and appeared (each witness and statement listed below):

| ████ Reg. No. ████ | Statement taken from SIS report |
|---|---|
| ████ Reg. No. ████ | Statement taken from SIS report |
| ████ Reg. No. ████ | Statement taken from SIS report |

3. The following person requested were not called for the reason(s) given (each witness and statement listed below):

N/A

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (each witness name and statement listed below).

N/A

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

1

BP-A0304
JAN 17

## DISCIPLINE HEARING OFFICER REPORT

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| Name of Inmate: | Reg. No.: | Hearing Date: |
|---|---|---|
| Al-Timimi- Ali | 48054-083 | 05-02-19 |

| N/A |
|---|

| **E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate.  The confidential information was documented in a separate report.  The confidential information has been (confidential informants have been) determined to be reliable because:** |
|---|

| N/A |
|---|

**IV. FINDINGS OF THE DHO**

| | **A.   The act was committed as charged.** | **C.   No prohibited act was committed:** |
|---|---|---|
| | | **Expunged according to Inmate Discipline PS.** |
| X | **B.   The Following act was committed:** Code 299, Conduct which Disrupts the Orderly Running of the Institution, Most Like Code 203, Threatening Any Person. | |

**V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS**
**(Physical evidence, observations, written documents, etc.):**

The DHO advised you of your rights before the Discipline Hearing Officer and you stated you understood those rights.  You confirmed you did not request a staff representative or witnesses present at the time of the hearing.

The DHO finds you committed the prohibited act of Code 299, Conduct which Disrupts the Orderly Running of the Institution, Most Like Code 203, Threatening Any Person, when you stated to staff that you would "beat his ass if I'm ever near him" then would not tell staff who you were talking about.  Your statement "threat" to an unknown person caused disruption in the unit causing staff to conduct a SIS investigation.

The DHO bases this finding on the incident report writer's statement in Section 11 which states, "While conducting rounds in JB unit, inmate Al-Timimi stated to me, "I will beat his ass if I am ever near him." I asked him what he was talking about? Al-Timimi stated, "The inmate you just moved down here. We had issues with him in H-unit. I will beat his ass Ms. Tuttoilmondo. I have not had a shot in 13 years. I am being honest." I told him this was a serious threat to another inmate. By stating this, I told him I was taking it serious. I believe by the statement above he wanted to cause serious physical harm. He claimed he would "beat his ass" and repeated it several times. He even said, "I told Ms. Turner the same thing when she did rounds." I asked him why he felt that way? Al-Timimi stated, "We had issues with him in H-unit. When he got here, he pointed at my neck in a slashing motion." I asked Al-Timimi who he was referencing and he would not comment."

The DHO noted Inmate Investigative Report FLM-19-0004, which revealed you had an issue with an inmate.  The witness you requested were all interviewed and their statements were taken into consideration.

The DHO noted you did not present any documentary evidence to be considered on your behalf.

The DHO noted during the investigative process the investigator stated, "I am being manipulated."

The DHO noted during the UDC, you stated, "She misunderstood me."

During the DHO hearing you self-admitted the charge by stating, "I said this person threatened me. There was going to be a problem. The people in the unit did not want him here."

Based on the evidence which includes the written statement of the reporting staff member in Section 11 and the Inmate Investigative Report FLM-19-0004 confirming you had an issue with an inmate when you made the threatening statement to the writer of the incident report, and the indirect statement of there was going to be a problem, to the DHO during the hearing  the DHO finds you committed the prohibited act, Code 299, Conduct which Disrupts the Orderly Running of the Institution, Most Like Code 203, Threatening Any Person, when you stated to staff that you would "beat his ass if I'm ever near him" then would not tell staff who you were talking about.  Your statement "threat" to an unknown person caused disruption in the unit causing staff to conduct a SIS investigation.

2

BP-A0304
JAN 17

**DISCIPLINE HEARING OFFICER REPORT**

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| Name of Inmate: | Reg. No.: | Hearing Date: |
|---|---|---|
| Al-Timimi- Ali | 48054-083 | 05-02-19 |

**VI. SANCTION OR ACTION TAKEN (list each prohibited act with respective sanctions for that act):**

Sanctioned Code 299:
27 Days Dis GCT
60 Days Loss of Commissary, Visiting, and Phone Privileges Suspended 180 days clear conduct.
$20.00 Monetary Fine

**VII. REASON FOR SANCTION OR ACTION TAKEN:**

The action/behavior on the part of any inmate to make any sort of threat towards any person poses a serious threat to the health, safety and welfare of not only the person(s) involved, but that of all other inmates and staff. In the past, evidence has clearly shown threats to be carried out by inmates, or other inmates who may have witnessed the threat being made. This type of action/behavior cannot and will not be tolerated from any inmate. The sanctions imposed by the DHO were taken to let the inmate know that he, and he alone, will be held responsible for his actions/behavior at all times.

The sanction of disallowance of Good Conduct Time (DGCT) was imposed to emphasize the seriousness of the offense and to enforce the standard that inmates be held accountable for their actions as well as to comply with mandatory sanctioning guidelines for inmates sentenced under the Prison Litigation Reform Act (PLRA).

The sanction of the monetary fine was imposed to emphasize the seriousness of the offense, to enforce the standard that inmates be held accountable for their actions, and to deter similar future misconduct.

The sanctions for loss of commissary, visiting, and phone, privileges were imposed but Suspended to enforce the standard that inmates be held accountable for their actions and to deter future misconduct.

**VIII. APPEAL RIGHTS:**

  X  The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action.  The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure.  A copy of this report has been given to the inmate.

**IX. DISCIPLINE HEARING OFFICER**

| Printed Name | Signature | Date |
|---|---|---|
| M. Banuelos | *M. Bab* | June 25, 2019 |

DHO Report Delivered to Inmate by:

| Printed Name (Staff) | Signature | Date and Time: |
|---|---|---|
| *Jwison* | *Jwison* | 7-11-19  1050AM |

Prescribed by P5270                    Replaces BP-AO304 of AUG 11

3

BP-A0288
JAN 17

**INCIDENT REPORT**

**U.S. DEPARTMENT OF JUSTICE**                              **FEDERAL BUREAU OF PRISONS**

**Part I - Incident Report**

| 1. Institution: ADX Florence | | Incident Report Number: 3206304 |
|---|---|---|
| 2. Inmate's Name: AL-TIMIMI, ALI | 3. Register Number: 48054-083 | 4. Date of Incident: 12/26/2018 — 5. Time: 2:30pm |
| 6. Place of Incident: J03-104 | 7. Assignment: J Orderly | 8. Unit: JB |
| 9. Incident: Threatening Another with Bodily Harm or Any other Offense | 10. Prohibited Act Code(s): 203 | |

11. Description of Incident: (Date: 12/26/2018 Time: 2:30pm Staff became aware of incident):

While conducting rounds in JB unit, inmate Al-Timimi stated to me, "I will beat his ass if I am ever near him." I asked him what he was talking about? Al-Timimi stated, "The inmate you just moved down here. We had issues with him in H-unit. I will beat his ass Ms. Tuttoilmondo. I have not had a shot in 13 years. I am being honest." I told him this was a serious threat to another inmate. By stating this, I told him I was taking it serious. I believe by the statement above he wanted to cause serious physical harm. He claimed he would "beat his ass" and repeated it several times. He even said, "I told Ms. Turner the same thing when she did rounds." I asked him why he felt that way? Al-Timimi stated, "We had issues with him in H-unit. When he got here, he pointed at my neck in a slashing motion." I asked Al-Timimi who he was referencing and he would not comment.

| 12. Typed Name/Signature of Reporting Employee: A. Tuttoilmondo/ | 13. Date And Time: 12/26/2018 2:45pm |
|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature): | 15. Date Incident Report Delivered: 12-26-18 | 16. Time Incident Report Delivered: 5:05pm |

**Part II - Committee Action**

17. Comments of Inmate to Committee Regarding Above Incident:

*Inmate stated shot does not have an inmates name I supposedly threatened. Two new inmates have moved into J/B in the last month. She misunderstood what I was saying. Theers is no new inmates in my group that I have contact with*

| 18. A. It is the finding of the committee that you: | B. ☒ The Committee is referring the Charge(s) to the DHO for further Hearing. |
|---|---|
| ____ Committed the Prohibited Act as charged. ____ Did not Commit a Prohibited Act. ____ Committed Prohibited Act Code(s). ____ ____ | C. ____ The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days. |

19. Committee Decision is Based on Specific Evidence as Follows:

*Base on the information in section 11 where the writer puts the threat of "I will beat his ass." several times. This is refered to DHO UDC cannot Sanction this level.*

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):

*Recomend all available sanctions at DHO level.*

*Holbrook JHA 12/27/18 800m*

WD                                    Prescribed by P5270                        Replaces BP-A0288 of AUG 11

Distribute: Original-Central File Record; COPY-1-DHO; COPY-2-Inmate after UDC Action; COPY 3-Inmate within 24 hours of Part I Preparation

| WD | Prescribed by P5270 | Replaces BP-A0288 of AUG 11 |
|---|---|---|

| **Part III - Investigation** | 22. Date And Time Investigation Began |
|---|---|
| | December 26, 2018/5:45 pm |

23. Inmate Advised Of Right To Remain Silent: You are advised of your right to remain silent at all stages of the discipline process. Your silence may be used to draw an adverse inference against you at any stage of the discipline process. Your silence alone may not be used to support a finding that you have committed a prohibited act.

The Inmate Was Advised Of The Above Right By     LT J. Armijo     At December 26,2018 / 5:45 pm

24. Inmate statement and attitude:

Inmate Al-Timimi, Ali # 48054-083 advised of his rights, and was given a copy of this incident report. Inmate Al-Timimi, Ali made the following statement to the charge "I am being manipulated ".   Inmate Al-Timimi, Ali had a fair attitude during the delivery of the incident report

25. Other facts about the incident, statements of those persons present at scene, disposition of evidence, etc.

Inmate Al-Timimi, Ali was advised of his rights.
Inmate Al-Timimi, Ali did acknowledge that he understood his rights.
Inmate Al-Timimi, Ali was provided a copy of the Incident Report.
Inmate Al-Timimi, Ali did not provide written documentation for his defense against this.
Inmate Al-Timimi, Ali did not request any witnesses pertaining to this incident report.

26. Investigator's comments and conclusions:
Based on the facts stated in the body of the incident report, I find this report to be considered to be true as written and the charges valid.

27. Action taken

Inmate Al-Timimi, Ali #48054-083 will remain in his current status, and this report is being forwarded to UDC/DHO pending further hearing

Date and Time Investigation Completed     12-26-2018/7:15 pm

Printed Name/Signature Of Investigator     J. Armijo/     Title    Lieutenant

| WD | Prescribed by P5270 | Replaces BP-A0288 of AUG 11 |
|---|---|---|

BP-S293.052  **INMATE RIGHTS AT DISCIPLINE HEARING**  CDFRM
MAY 94
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

Institution: **ADX Florence, Colorado**

As an inmate charged with a violation of Bureau of Prisons rules or regulations referred to the Discipline Hearing Officer (DHO) for disposition, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;

2. The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;

3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized;

4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

5. The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized. If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

6. The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, and the DHO's disposition in writing; and,

7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before the Discipline Hearing Officer. I have further been advised that if I have previously received either a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission of the presumptive or effective parole date.

Inmate Name: **Al-Timimi**          Reg. No.: **48054-083**  Date:_____

Inmate Signature: X _____

Notice of rights given to inmate(Date/time): _12/27/18  8:55 a.m._

by: _Holbrook_____
        Staff Printed Name/Signature

3

BP-S294.052  **NOTICE OF DISCIPLINE HEARING BEFORE THE (DHO)**  CDFRM
MAY 94
**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

|  | ADX Florence, Colorado |
|---|---|
|  | Institution |
|  | 12-27-2018 |
|  | Date |

| TO: Al-Timimi | Reg. No.: 48054-083 |
|---|---|

ALLEGED VIOLATION(S): Threatening bodily harm

| DATE OF OFFENSE: 12-26-2018 | Code No.: 203 |
|---|---|

You are being referred to the DHO for the above charge(s).

The hearing will be held on\after:　　　Next Available Docket　　at　　TBD　　(A.M./P.M.) at the following location:

**ADX Florence, Colorado**

You are entitled to have a full-time staff member represent you at the hearing. Please indicate below whether you desire to have a staff representative, and if so, his or her name.

I (do) __X__ (do not) _____ wish to have a staff representative.

If so, the staff representative's name is: _Bodrey/Corcoran_

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety. Names of witnesses you wish to call should be listed below. Briefly state to what each proposed witness would be able to testify.

I (do) __X__ (do not) _____ wish to have witnesses.

| NAME: Shazad #63510-054 | Can Testify to: That I did not threaten the inmate. |
|---|---|

| NAME: Sahakian 54744-097 | Can Testify to: That I did not threaten the inmate. |
|---|---|

| NAME: Rollock 12874-058 | Can Testify to: That I did not threaten the inmate. |
|---|---|

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by the DHO to have information relevant to the charge(s). Repetitive witnesses and repetitive character references need not be called. Unavailable witnesses may be asked to submit written statements.

If additional space is needed, use the reverse side of this form. Date, sign, and return this form to the DHO.

| DATE: 12-27-2018 | SIGNATURE: X _AM/A_ |
|---|---|
| Notice of hearing before DHO given inmate | 12-27-18 8:55am    by    Holbrooks |
|  | Date/Time    Staff Printed Name/Signature |

2

BP-S306.052  **DUTIES OF STAFF REPRESENTATIVE**    CDFRM
MAY 94
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

<u>FLM Florence, Colorado</u>
Institution

TO:    All Staff Representatives

FROM:  Warden

There may be questions as to just which part an employee takes when that employee serves as staff representative for an inmate who appears before the DHO. Generally, your role is to help the inmate present the best defense possible to the charged violations. The Warden, the DHO, the reporting officer, investigating officer, a witness to the incident, and UDC members involved in the case may not act as staff representative. If, during your representation, you encounter difficulties which you believe will prevent you from functioning properly, you should notify the DHO of this, and he will excuse you if there is a good reason to do so.

(1) You are to assist the inmate in presenting whatever information the inmate wants to present and in preparing a defense. This will require, in every case, consultations with the inmate, and familiarity with the Inmate Discipline Program Statement.

(2) You are to speak to witnesses who might furnish evidence on behalf of the inmate, if the inmate indicates there are such witnesses whom the inmate wishes to have called. You may question witnesses requested by the inmate who are called before the DHO.

(3) You should become familiar with all reports relative to the charge against the inmate. Confidential or security information must of course be protected and may not be shared with any other person, including inmates, staff, visitors, attorneys, etc. Any request for confidential information should be directed to the DHO.

(4) You should present any evidence favorable to the inmate=s defense.

(5) You should present information which may assist the DHO and which may obtain a lesser sanction for the inmate. If you believe you need additional time to pursue any of the functions, you may request a delay in the hearing from the DHO, but ordinarily only after you have the concurrence of the inmate to do this.

(6) You are to help an inmate understand the charges and the potential consequences.

(7) You should be familiar with procedures at the hearing, explain them to the inmate in advance, and, if necessary during the hearing, assist the inmate in understanding procedural points.

(8) You should not be present during deliberations by the DHO. An exception would be where you have read confidential information, and want to discuss that with the DHO outside the inmate=s presence. In that case, you will have to explain to the inmate, in general terms, what you are doing, and you should leave the room as soon as that function is over.

(9) If the inmate asks you to assist in writing an administrative appeal from the DHO action, you should assist the inmate in doing so.

I have read the Duties of Staff Representative and (agree) (do not agree) to serve as staff representative for inmate  **Al-Timimi, Ali** , reg. no.  48054-083  in the inmate's appearance before the DHO. I do not agree for the following reason

Printed Name/Signature of Employee: _T. Bodray / _____    Date: _12-27-18_
Record Copy - DHO

(This form may be replicated via WP)                    Replaces BP-306(52) of JAN 88

BP-S306.052  **DUTIES OF STAFF REPRESENTATIVE**  CDFRM
MAY 94
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

FLM Florence, Colorado
Institution

TO:    All Staff Representatives

FROM:  Warden

There may be questions as to just which part an employee takes when that employee serves as staff representative for an inmate who appears before the DHO. Generally, your role is to help the inmate present the best defense possible to the charged violations. The Warden, the DHO, the reporting officer, investigating officer, a witness to the incident, and UDC members involved in the case may not act as staff representative. If, during your representation, you encounter difficulties which you believe will prevent you from functioning properly, you should notify the DHO of this, and he will excuse you if there is a good reason to do so.

(1) You are to assist the inmate in presenting whatever information the inmate wants to present and in preparing a defense. This will require, in every case, consultations with the inmate, and familiarity with the Inmate Discipline Program Statement.

(2) You are to speak to witnesses who might furnish evidence on behalf of the inmate, if the inmate indicates there are such witnesses whom the inmate wishes to have called. You may question witnesses requested by the inmate who are called before the DHO.

(3) You should become familiar with all reports relative to the charge against the inmate. Confidential or security information must of course be protected and may not be shared with any other person, including inmates, staff, visitors, attorneys, etc. Any request for confidential information should be directed to the DHO.

(4) You should present any evidence favorable to the inmate=s defense.

(5) You should present information which may assist the DHO and which may obtain a lesser sanction for the inmate. If you believe you need additional time to pursue any of the functions, you may request a delay in the hearing from the DHO, but ordinarily only after you have the concurrence of the inmate to do this.

(6) You are to help an inmate understand the charges and the potential consequences.

(7) You should be familiar with procedures at the hearing, explain them to the inmate in advance, and, if necessary during the hearing, assist the inmate in understanding procedural points.

(8) You should not be present during deliberations by the DHO. An exception would be where you have read confidential information, and want to discuss that with the DHO outside the inmate=s presence. In that case, you will have to explain to the inmate, in general terms, what you are doing, and you should leave the room as soon as that function is over.

(9) If the inmate asks you to assist in writing an administrative appeal from the DHO action, you should assist the inmate in doing so.

I have read the Duties of Staff Representative and (agree) (do not agree) to serve as staff representative for inmate  **Al-Timimi, Ali**  , reg. no.  **48054-083**  in the inmate's appearance before the DHO. I do not agree for the following reason

_____

Printed Name/Signature of Employee: J.Corcoran /s/ ___ Date: 12-27-18
Record Copy - DHO

(This form may be replicated via WP)                    Replaces BP-306(52) of JAN 88

# ATTACHMENT 4



**U.S. Department of Justice**

Federal Bureau of Prisons

*Washington, D.C.   20534*

OCT 15 2012

MEMORANDUM FOR CHIEF EXECUTIVE OFFICERS

FROM:          Blake R. Davis, Assistant Director
               Correctional Programs Division

SUBJECT:       Administrative Maximum Facility (ADX) General
               Population Referral Procedures


This memorandum supersedes guidance on this topic issued by
D. Scott Dodrill, Assistant Director, Correctional Programs Division
(CPD), on June 9, 2010.  Please review the entire memorandum
carefully.

The Designation and Sentence Computation Center (DSCC) has the
responsibility for processing referrals to the general population at
the United States Penitentiary, Administrative Maximum, Florence,
Colorado.  Placement of inmates in the ADX-GP is at the discretion
of the Assistant Director, CPD, Central Office. (The Executive Panel
retains decision-making authority for placement of inmates in the ADX
Control Unit.)

A Hearing Administrator will be designated by the National Discipline
Hearing Administrator (DHA) to conduct due process hearings for
inmates who are referred for placement to the ADX-GP.

Inmates designated to the ADX-GP will have a two-level administrative
remedy process.

Guidelines for implementing these designation procedures are
attached.

Any questions regarding information outlined in this memorandum or
the attachment should be directed to me or Jose A. Santana, Chief,
DSCC.

## ADX GENERAL POPULATION CRITERIA GUIDELINES

An inmate referred to the ADX General Population (ADX-GP) will originally meet one or both of the following criteria:

- The inmate's placement in other correctional facilities creates a risk to institutional security and good order or poses a risk to the safety of staff, inmates, others, or to public safety.

- As a result of the inmate's status, either before or after incarceration, the inmate may not be safely housed in the general population of another institution.

As a guideline, the following factors have been found sufficient to warrant consideration for such placement:

- The inmate is subject to restrictive conditions of confinement as a result of a Special Administrative Measure, pursuant to 28 C.F.R. §§ 501.2 or 501.3; or based on documented reliable information from a government agency that the inmate was convicted of, charged with, associated with, or in any way linked to terrorist activities and, as a result, presents national security management concerns which cannot adequately be met in an open population institution.

- The inmate is subject to restrictive conditions of confinement after being convicted of any offense, and the sentencing judge imposes restrictions on contacts by the convicted person pursuant to 18 U.S.C. § 3582(d), or similar statute.

- The inmate engaged in any conduct that is prohibited by any federal law or state law in the facility where the inmate is housed.

- The inmate has committed two 100 or 200 level prohibited acts within the last 60 months.

- After being validated as a member of a Disruptive Group, the inmate committed any 100 level prohibited act.

- The inmate has been identified as participating in, organizing, or facilitating any group misconduct that adversely affected the

-1-

Attachment A, Page 2

orderly operation of a correctional facility (including
lock-down of an entire facility or any unit therein).

- The inmate engaged in any behavior outlined above, while
confined in a correctional facility other than an open
population setting, and as a result of the severity of the
behavior, it is determined the inmate would be unable to function
in a less restrictive correctional environment without being a
threat to others or to the secure and orderly operation of a less
secure correctional facility.

- The inmate has notoriety to the extent that the inmate's
well-being would be jeopardized in a less secure setting.

- The inmate has access to resources within a correctional
environment or in the community to the extent that housing the
inmate in a less secure setting poses a heightened probability
of an escape.

### ADX GENERAL POPULATION REFERRAL PROCEDURES

Medical Designations

- *Office of Medical Designations and Transportation* (OMDT) –
Inmates classified as Care Level 4 (medical or mental health),
must first be reviewed (on record) by OMDT to determine an
appropriate designation based on the health care needs of the
inmate (Medical Referral Center, institution, or community
hospital).

- Inmates classified as Care Level 3 (medical or mental health),
will be referred to Health Services and/or Psychology
Department, FCC Florence, to determine if the ADX can meet the
health care needs of the inmate.

- Any inmate with medical or mental health concerns which cannot
be addressed while in the ADX will be referred to the
Administrator, Intelligence and Counter Terrorism Branch
(ICTB), for further review of security concerns regarding
designation.

Referral for Currently Designated Inmates

- *Institution Staff* - Staff will initiate the referral process in
accordance with the procedures outlined in Program Statement
-2-

Attachment A, Page 3

5100.08, <u>Inmate Security Designation and Custody Classification</u>, and submit the packet to the Warden for review.

- *Warden* - If the Warden concurs with the referral, the referral packet is signed and forwarded to the Regional Director in the region where the inmate is located.

- *Regional Director* - If the Regional Director concurs with the referral, the referral packet is signed and submitted to the Chief, DSCC.

- *Initial Assessment* - DSCC staff will conduct an initial assessment of the referral packet and the inmate's need for placement at ADX-GP:

  o *Inmates not appropriate for ADX-GP:* If the case is not appropriate for ADX-GP placement, the Chief, DSCC, will forward the packet to the Assistant Director, CPD, who will notify the referring warden via memorandum through the DSCC; or

  o *Inmates appropriate for ADX-GP:* If it is determined the inmate warrants consideration for placement in the ADX-GP, the Chief, DSCC, will forward the packet to the National Discipline Hearing Administrator (DHA). The National DHA will assign a Hearing Administrator to conduct a hearing on the appropriateness of the inmate's placement at the ADX.

- The Chief, DSCC, will also simultaneously forward the packet to the Administrator, Psychology Services, Central Office, for review.  The Administrator will conduct a review of the psychological assessment of the inmate and report findings to the Chief, DSCC.

<u>Referral for Initial Designations after Sentencing</u>

- Inmates identified by the DSCC who warrant consideration for initial designation to the ADX will be referred to the Counter Terrorism Unit (CTU).

- CTU staff will initiate the referral process in accordance with the procedures outlined in Program Statement 5100.08, <u>Inmate Security Designation and Custody Classification</u>, and submit the packet to the Administrator, ICTB.

-3-

Attachment A, Page 4

- *ICTB Administrator* – The Administrator will identify an appropriate high security institution for designation with consideration for ADX placement.  The identification of this designation will be made in consultation with affected regional office staff and DSCC staff.  The designation will be identified in Sentry by the DSCC.  The Administrator will forward the ADX referral packet to the Warden of the designated institution for review.

- *Warden* – If the Warden concurs with the ADX-GP referral, the referral packet is signed and forwarded to the Regional Director in the region where the inmate is located.

- *Regional Director* – If the Regional Director concurs with the referral, the referral packet is signed and submitted to the Chief, DSCC.

- *Initial Assessment* – DSCC staff will conduct an initial assessment of the referral packet and the inmate's need for placement at ADX-GP:

    - *Inmates not appropriate for ADX- GP:* If the case is not appropriate for ADX-GP placement, the Chief, DSCC, will forward the packet to the Assistant Director, CPD, who will notify the referring warden via memorandum through the DSCC; or

    - *Inmates appropriate for ADX GP:* If it is determined the inmate warrants consideration for placement in the ADX-GP, the Chief, DSCC, will forward the packet to the National DHA. The National DHA will assign a Hearing Administrator to conduct a hearing on the appropriateness of the inmate's placement at the ADX.

- The Chief, DSCC, will also simultaneously forward the packet to the Administrator, Psychology Services, Central Office, for review.  The Administrator will conduct a review of the psychological assessment of the inmate and report findings to the Chief, DSCC.

Witness Security Program Cases – Referral for Current Protective Custody Unit Inmates

- *Warden* – The Warden will initiate the referral process in accordance with the procedures outlined in Program Statement 5100.08, Inmate Security Designation and Custody

Classification, and submit the packet to the Administrator,
Correctional Programs Branch (CPB), Central Office, for review.

- *CPB Administrator* - If the Administrator concurs with the
referral and determines the inmate warrants consideration for
placement in the ADX-GP, the Administrator will forward the
packet to the National DHA.  The National DHA will assign a
Hearing Administrator to conduct a hearing on the
appropriateness of the inmate's placement at the ADX.

- The CPB Administrator will also simultaneously forward the
packet to the Administrator, Psychology Services, Central
Office, for review.  The Administrator, Psychology Services,
will conduct a review of the psychological assessment of the
inmate and report findings to the Administrator, CPB.

As a note, only those staff with a specific need to know should be
involved in the referral and due process of Witness Security Program
cases which are referred for ADX-GP designation.

Witness Security Program Cases – Initial Designations after
Sentencing

- *Inmate Monitoring Section (IMS) Staff* – IMS staff will identify
an institution pending completion of the ADX referral process.
IMS staff will initiate the referral process in accordance with
the procedures outlined in Program Statement 5100.08, Inmate
Security Designation and Custody Classification, and submit the
packet to the Warden for review.

- *Warden* - If the Warden concurs with the referral and determines
the inmate warrants consideration for placement in the ADX-GP,
the Warden will forward the packet to the Administrator, CPB,
for review.

- *CPB Administrator* - If the Administrator concurs with the
referral and determines the inmate warrants consideration for
placement in the ADX-GP, the Administrator will forward the
packet to the National DHA.  The National DHA will assign a
Hearing Administrator to conduct a hearing on the
appropriateness of the inmate's placement at the ADX.

- The Administrator will also simultaneously forward the packet
to the Administrator, Psychology Services, Central Office, for
review.  The Administrator, Psychology Services, will conduct

Attachment A, Page 6

a review of the psychological assessment of the inmate and report findings to the Administrator, CPB.

As a note, only those staff with a specific need to know should be involved in the referral and due process of Witness Security Program cases which are referred for ADX-GP designation.

Hearing

- *Hearing Administrator* - The Hearing Administrator will have correctional experience, including institution work with inmates, institutional experience in observing and evaluating inmate adjustment and disruptive behavior, and knowledge of the options available in the Bureau of Prisons (BOP) for dealing with such conduct. The Hearing Administrator will be familiar with BOP policies and operations, including the criteria for placement of inmates in different institutions with emphasis on the ADX.

- *Hearing Coordination* - The Hearing Administrator will contact the recommending institution to arrange a time and date for the hearing. The hearing may be conducted via video conferencing, teleconference, at the institution of confinement or any other location as determined by the Hearing Administrator.

- *Notice Form* - The Hearing Administrator will prepare the Notice of Hearing on Referral for Transfer to ADX-GP (Notice). Specific evidence which forms the basis for the referral shall be placed in the Notice unless such information would jeopardize the safety and security of the institution or endanger staff or others.

- *Delivery of Notice* - The Notice will be sent to the institution for delivery to the inmate, along with a copy of these procedures. Institution staff shall deliver the Notice to the inmate and will ensure all applicable areas of the form are filled out regarding confirmation of delivery, receipt, and if the inmate chooses to waive his appearance at the hearing. The Notice must be delivered at least 24 hours prior to the hearing. If an inmate is illiterate, staff shall explain the Notice and these procedures to the inmate and document the date and time the inmate receives the Notice.

- *Inmate Appearance* - The inmate will have the opportunity to be present throughout the hearing, except where institution security and good order are jeopardized. If the inmate waives

-6-

Attachment A, Page 7

his right to appear at the hearing, the appropriate section of the Notice must be completed reflecting the waiver.  If the inmate is not present at the hearing, the Hearing Administrator will document the reason in the record of the hearing.

- *Inmate Statement/Evidence* – The inmate will have the opportunity to make an oral statement during the hearing and may present documentary evidence to the Hearing Administrator.  The evidence must be material and relevant to the issue without posing a threat to staff, inmates, the public, or the orderly operation of the institution.

Hearing Administrator's Recommendation

- *Report* – At the conclusion of the hearing and following a review of all material, the Hearing Administrator shall prepare a written recommendation on whether placement of the inmate at the ADX is warranted.  The recommendation will summarize all information and indicate the specific reasons for the recommendation with sufficient detail, unless the information poses a threat to any individual or the orderly operation of an institution.

- *Report Delivery* – The inmate shall receive a copy of the written report prepared by the Hearing Administrator.  The inmate shall receive all of the information utilized by the Hearing Administrator in making the recommendation, unless it is determined that release of this information could pose a threat to individual safety or institutional security, in which case limited information may be summarized and withheld. Institution staff shall document in the appropriate section of the report, and all copies, the date and time the inmate receives a copy of the report and the name and signature of the staff member delivering the report.  A copy of the report with delivery confirmation must be returned to the Hearing Administrator.

- *Report to the Assistant Director, CPD* – The Hearing Administrator will send a copy of the report with supporting documentation to the National DHA for review before forwarding to the Assistant Director, CPD, or designee.  This report will ordinarily be forwarded within 15 working days following the hearing.

Review and Final Decision

- *Review and Decision* - The Assistant Director, CPD, or designee, shall review the Hearing Administrator's report and supporting documentation. The Assistant Director, CPD, or designee, shall accept or reject the Hearing Administrator's recommendation contained in the report, ordinarily within 30 working days of its receipt, unless, for good cause, there is a reason for delay.

- *Decision Delivery* - The Assistant Director, CPD, will notify the Chief, DSCC, of the final decision. The DSCC will enter a designation in accordance with the decision. If approved for placement, the Chief, DSCC, will forward a copy of the decision to the institution for delivery to the inmate. The date and time the inmate receives the written decision, and the name and signature of the staff member confirming delivery, will be recorded on all copies of the written decision and filed in the inmate central file.

Review and Final Decision for Witness Security Program Cases

- *Review and Decision* - The Assistant Director, CPD, or designee, shall review the Hearing Administrator's report and supporting documentation. The Assistant Director, CPD, or designee shall accept or reject the Hearing Administrator's recommendation contained in the report, ordinarily within 30 working days of its receipt, unless, for good cause, there is a reason for delay.

- *Decision Delivery* - The Assistant Director, CPD, will notify the Administrator, CPB, of the final decision. IMS will enter a designation in accordance with the decision. If approved for placement, IMS staff will forward a copy of the decision to the institution for delivery to the inmate. The date and time the inmate receives the written decision, and the name and signature of the staff member confirming delivery, will be recorded on all copies of the written decision and filed in the inmate central file.

Appeal

- *Administrative Remedy Program* - The inmate will be advised of the opportunity to appeal the decision of the Assistant Director, CPD, through the Administrative Remedy Program, first to the Chief, DSCC, and then to the Office of General Counsel, HOLC Building, 320 First Street, N.W., Washington, D.C. 20534.

Attachment A, Page 9

<u>Appeal for Witness Security Program Cases</u>

- *Administrative Remedy Program* - The inmate will be advised of the opportunity to appeal the decision of the Assistant Director, CPD, through the Administrative Remedy Program, first to the Administrator, CPB, and then to the Office of General Counsel, HOLC Building, 320 First Street, N.W., Washington, D.C. 20534.

<u>Movement</u>

- *Designation* - If an inmate is approved for placement at the ADX, the ADX Warden will place the inmate on a waiting list and will notify the referring Warden when housing is available.

# ATTACHMENT 6



**U.S. Department of Justice**

Federal Bureau of Prisons

*Mid-Atlantic Regional Office*

---

*302 Sentinel Drive, Suite 200*
*Annapolis Junction, MD 20701*

November 19, 2014

MEMORANDUM FOR  PAUL M. LAIRD, REGIONAL DIRECTOR
NORTH CENTRAL REGION

FROM:          C. Eichenlaub, Regional Director
               Mid-Atlantic Region

SUBJECT:       ADX Control Unit Referral
               Al-Timimi, Ali
               Register No:  48054-083

The above inmate is being referred for placement in the Administrative Maximum Security (ADX) facility in Florence, Colorado for the reasons stated in the attached referral.

On July 13, 2005, inmate Al-Timimi was sentenced in the Eastern District of Virginia to a Life sentence for Inducing Others to Conspire to Use Firearms, Soliciting Others to Levy War Against the United States, Inducing Others to Levy War Against the United States, Exec Order - Attempting to Contribute Services to the Taliban, Exec Order - Counseling and Inducing Others to Aid the Taliban, Counseling and Inducing Others to Conspire to Violate the Neutrality Act, Inducing Others to Use Firearms in Connection With a Crime of Violence (2x), and Inducing Others to Carry Explosives During Commission of a Felony (2x).

Al-Timimi has not received any incident reports since his incarceration.  Al-Timimi was on Federal Writ from August 1, 2006 until October 27, 2014.

Attachment:  FCC HAX ADX Referral Packet

cc:  FCC HAX Warden

# ATTACHMENT 8

| ADX GENERAL POPULATION PLACEMENT DECISION | | |
|---|---|---|
| **Name** | **Register Number** | **Institution** |
| AL-TIMIMI | 48054-083 | USP HAZELTON |

You warrant placement in the ADX General Population.

You have the right to appeal this decision within thirty days of receipt, through the Administrative Remedy Program, using a Regional Administrative Remedy Appeal (BP-10) form. Your appeal should be sent to the Grand Prairie Complex, U. S. Armed Forces Reserve Complex, 346 Marine Forces Drive, Grand Prairie, Texas 75051.

You have the right to appeal the BP-10 response within thirty days from the date on the BP-10 response using the Central Office Administrative Remedy Appeal (BP-11) form. Your appeal should be sent to Office of General Counsel, HOLC Building, 320 First Street, N.W., Washington, D.C. 20534.


_____                    2-26-15
Frank Strada, Assistant Director                Date
Correctional Programs Division
Central Office


_____                    2-27-15
Inmate Signature Acknowledging Receipt of Decision    Date

_____                    2-27-15
Staff Signature Acknowledging Delivery to Inmate      Date

cc:    Inmate Central File
       Regional Director
       Regional DHA/DHO
       ADX Warden
       ADX CMC
       Warden
       CMC
       Unit Team
       Captain