IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) CRIMINAL NO. 1:04-cr-385 |
| ALI AL-TIMIMI, | ) |
| | ) |
| Defendant. | ) |

**Protective Order**

Before the Court is the Parties' Joint Motion for a Protective Order, which seeks to limit dissemination of materials filed by the United States under seal in support of its opposition to the defendant's motion for bail pending appeal. (ECF Nos. 487–488.) Based on the findings below, these materials (the "Protected Materials") shall be subject to the following Protective Order:

1. The United States has filed these Protected Materials under seal, and in partially redacted form, based on its asserted need to protect the identity of an unidentified prison informant. The informant's name, personal identifiers, and the identity of the particular United States Attorney's Office that prosecuted him, have all been fully redacted from the Protected Materials.

2. Because the Protected Materials are now under seal, the United States and defense counsel have conferred and agreed upon the following restrictions on their handling and dissemination.

3. The United States and defense counsel may use the Protected Materials for purposes of litigating the defendant's ongoing Emergency Motion for Release under the Bail Reform Act (ECF No. 465), and may make such further disclosures as may be necessary for the sole purpose of opposing or supporting this motion.

4.  Access to Protected Materials shall be restricted to persons authorized by this Protective Order—namely, the defendant, the defendant's attorneys of record in this case, and the attorneys' staff. The defendant's attorneys may also disseminate the contents of Protected Materials to third parties for the sole purpose of preparing the defendant's defense—and not for any other reason—on the understanding that any such dissemination shall be made solely by the defendant's attorney, and not by the attorney's staff or the defendant himself.

5.  Under the terms of this Order, the defendant's access to the Protected Materials requires that he not reveal their contents to anyone beyond his attorneys and their staff.

6.  The United States will transmit the material filed under seal (ECF Nos. 487–488) to the Bureau of Prisons ("BOP") facility at FCC Florence by mailing the materials on Bates-stamped colored paper, which BOP officials will permit the defendant to review in a separate room outside the defendant's cell. The defendant will be permitted to take notes on the material, and to mail such notes to his counsel if he chooses, but he will not be permitted to take either the Protected Materials or any notes back to his cell. The material will be maintained in the defendant's central file at BOP.

7.  The following restrictions are placed on the defendant, defendant's attorneys, the defendant's attorneys' staff, and the above-designated individuals, unless and until further ordered by the Court. The defendant, defendant's attorneys, and the above-designated individuals:

    a.  **shall not** allow any other person to disseminate or view the Protected Materials;

    b.  **shall not** use the Protected Materials for any purpose other than for the litigation of the defendant's emergency bail motion; and

      c.      **shall** be required to delete, destroy, or return to the United States Attorney's Office the Protected Materials, or any other materials with references thereto, at the conclusion of this litigation matter or upon the individual's removal from the case.

8. Defendant's attorneys shall inform any person to whom disclosure may be made pursuant to this Protective Order of the existence and terms of this Order. Defense counsel shall diligently protect from unnecessary dissemination any of the information included in the Protected Materials.

9. Both parties will move to file under seal any filings or attachments that reference the Protected Materials. The defense will also notify the government of any Protected Materials that it may wish to introduce at any hearing so that the government may seek an additional order sealing the information contained therein from public disclosure as necessary.

10. Prior to the disclosure of any Protected Materials to a person not identified in Paragraph 4 of this Order, counsel for the defendant must first receive permission from the Court for such disclosure. Such permission may be requested *ex parte*.

11. Upon conclusion of this action, and consistent with the ethical responsibilities of defense counsel, defendant's attorneys shall return to government counsel, or destroy and certify to government counsel the destruction of, all Protected Materials within a reasonable period of time, not to exceed thirty days after the last appeal is final. If any defense counsel is removed from the case, defense counsel, forthwith, shall similarly delete, destroy, or return all Protected Materials to return to government counsel.

So Ordered

/s/ *[signature]* 6/25/2020
Leonie M. Brinkema
United States District Judge

3