IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) CRIMINAL NO. 1:04-cr-385 |
| ALI AL-TIMIMI, | ) |
| | ) |
| Defendant. | ) |

**Government's Notice of Withdrawal of Certain Arguments in Opposition to
Defendant's Emergency Motion for Bail Pending Appeal**

The Court convened a telephonic conference regarding the defendant's emergency motion for bail pending appeal under 18 U.S.C. § 3145(c) (ECF No. 465) on June 11, 2020. During the conference, the Court noted that the government's initial filing in opposition to the motion (ECF No. 473) did not argue that the defendant was a danger to the community. The government confirmed that it had not initially raised the dangerousness issue, but it explained that the facts underlying the imposition of Special Administrative Measures ("SAMs") on the defendant in 2010 (*see* ECF No. 473-2) could bear on the Court's analysis and that the government would provide such information if requested. The government thereafter filed both a public supplemental memorandum (ECF No. 482), a declaration about the defendant's history in the Bureau of Prisons (ECF No. 482-1), under-seal attachments to the BOP declaration (ECF No. 487), and an under-seal pleading with exhibits describing certain events in 2010 predating imposition of the SAMs (ECF No. 488). The defendant filed a public response (ECF No. 495) and several under-seal supplements (ECF Nos. 502–04).

For the reasons appearing below, the government now provides notice that it is withdrawing certain arguments in opposition to the defendant's motion.

I.  **The Defendant's Hypertension and Health**

In support of its initial opposition to the defendant's motion, the government filed an under-seal declaration from Dr. Susan Conroy at FCC Florence. (ECF No. 472). As the government then stated:

> Reviewing relevant medical records, Dr. Conroy disputes the defendant's assertions about the severity of his asthma and hypertension. (¶¶ 14–15.) His medical conditions are, if anything, well managed (¶ 16), he is in a single-occupancy cell where all staff who interact with him observe social distancing (¶ 17), and—most critically—these precautions are taking place in a facility where no known COVID-19 cases have occurred (*id.*).

(ECF No. 473 at 26.) In response, the defendant points to certain blood-pressure records which, he claims, demonstrate that his hypertension is not under control now and was not under control when the Conroy declaration was filed. (ECF No. 495 at 4–5.)

The government has asked FCC Florence to review the defendant's filing and to explain any discrepancy between the Conroy declaration and the blood-pressure records. If it is necessary to correct or supplement the record, the government will do so promptly.

II. **Information Predating the Imposition of SAMs**

As the government stated in its public supplemental filing:

> SAMs were imposed on the defendant in 2010 and have remained in place ever since. In addition to this pleading, the government will move to file additional information, under seal and in partially redacted form, which details events that occurred before the SAMs were imposed.

(ECF No. 482 ¶ 4.) Defense counsel have since responded to the under-seal information supplied by the government. In their filings, defense counsel cite numerous events that post-date 2010 in arguing that the Court should doubt the credibility of information provided to the government in 2010 and communicated to the Court under seal.

The government has reviewed the defendant's supplemental filings carefully. Defense counsel make a number of factual assertions, some of which the government is currently investigating. The U.S. Attorney's Office has concluded, however, that it is not in a position today to prove or disprove what occurred ten years ago.

Accordingly, and without adopting any position about the veracity of any of the under-seal allegations from 2010, the government hereby withdraws reliance on the under-seal allegations from 2010 in support of an argument that the defendant is a danger to the community. Instead, the government relies on the underlying facts of the case, in which Al-Timimi was convicted of soliciting treason and inducing at least five of his followers to join a terrorist group with the aim of fighting against American troops in Afghanistan.[1]

The government therefore now opposes the bail motion solely on the grounds that:

- The defendant has not met his burden to show he is not a danger to the community given the gravity of his offenses of conviction (ECF No. 482 at 3–4);

- The defendant has not shown that his motion presents "a substantial question of law or fact" under 18 U.S.C. § 3143(b)(1)(B) (ECF No. 473 at 8–20); and

- The defendant has not shown an "exceptional reason" under 18 U.S.C. § 3145(c) for bail pending appeal in light of the lack of COVID-19 cases at FCC Florence and his own personal health characteristics (ECF No. 473 at 20–26).

---

[1] This Court is familiar with Al-Timimi's inducement of Masaud Khan, Yong Kwon, Mohammed Aatique, and Khwaja Hasan. *See United States v. Khan*, 309 F. Supp. 2d 789 (E.D. Va. 2004). It should not be forgotten, however, that Ali Asad Chandia was another follower of Al-Timimi who also was convicted of providing material support to LET after responding to Al-Timimi's exhortations in the fall of 2001. *United States v. Chandia*, 514 F.3d 365, 370 (4th Cir. 2008). Another of Al-Timimi's acolytes, Sabri Benkhala, was convicted of falsely denying his attendance at an LET camp. *United States v. Benkhala*, 530 F.3d 300, 308 (4th Cir. 2008). Still another, Abu Ali, was convicted of providing support to al-Qaeda, *United States v. Abu Ali*, 528 F.3d 210 (4th Cir. 2008), and is currently serving a life sentence.

The government also intends to move the Court to modify the protective order in this matter (ECF No. 494) so that the components within the Department of Justice responsible for imposing SAMs may consider the defendant's under-seal filing.

        Respectfully submitted,

        G. Zachary Terwilliger
        United States Attorney

By:         /s/
        Daniel T. Young
        John T. Gibbs
        Gordon D. Kromberg
        Assistant United States Attorneys
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Office:  (703) 299-3700
        Fax:     (703) 299-3980
        Email:  daniel.young@usdoj.gov
                    john.gibbs@usdoj.gov
                  gordon.kromberg@usdoj.gov

**Certificate of Service**

I certify that on July 13, 2020, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By: _____/s/_____
Daniel T. Young
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Office:  (703) 299-3700
Fax:     (703) 299-3980
Email:   daniel.young@usdoj.gov