IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA  )<br>)<br>v.                                            )<br>)<br>ALI AL-TIMIMI,                         )<br>)<br>Defendant.                            ) | CRIMINAL NO. 1:04-cr-385 |

**Government's First Notice of Supplemental Authority**

The government wishes to make the Court aware of new authority that bears on the defendant's bail motion. On July 30, 2020, the Second Circuit issued its decision in *Hassoun v. Searls*, — F.3d —, No. 20-2056-CV, 2020 WL 4355275 (2d Cir. July 30, 2020).[1] There, the Second Circuit explained its reasons for staying an order releasing a terrorism defendant from immigration detention, notwithstanding the district court's earlier denial of a government stay motion. In doing so, the Second Circuit discussed the unique dangers posed by terrorism defendants in ways that are pertinent to resolution of the defendant's bail motion.

The defendant in *Hassoun* served 13 years in prison after a jury found that he "participated in a conspiracy to murder, kidnap, and maim persons overseas; conspired to provide material support to terrorists; and provided material support to terrorists." *Id.* at *2. More specifically, the government's trial evidence showed that "[Hassoun and his codefendants] formed a support cell linked to radical Islamists worldwide and conspired to send money, recruits, and equipment overseas to groups that [they] knew used violence in their efforts to establish Islamic states." *Id.* (quoting *United States v. Jayyousi*, 657 F.3d 1085, 1104 (11th Cir. 2011)). After the defendant's prison term expired, the government held him in immigration

---

[1] A copy of the slip opinion in *Hassoun* is attached as **Exhibit 1**.

detention pending removal under a series of statutory and regulatory authorities governing the detention of aliens for reasons relating to national security. Hassoun filed a habeas petition, and the district court concluded that his detention was unlawful. It then ordered his release and denied the government's motion for a stay pending appeal. *Id.* at *2–3.

Notwithstanding the denial of a stay in the district court, the Second Circuit stayed the defendant's release pending appeal.[2] With respect to irreparable harm and the balance of the equities, it stated that "'[w]here ... special and narrow circumstances are present,' such as the risk of terrorism, 'the government's interest in preventing harm outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Id.* at *10 (quoting *Hernandez-Carrera v. Carlson*, 547 F.3d 1237, 1251–52 (10th Cir. 2008)). The Second Circuit also underscored that "even terrorists with no prior criminal behavior are unique among criminals in the likelihood of recidivism, the difficulty of rehabilitation, and the need for incapacitation." *Id.* at *11 (quoting *United States v. Meskini*, 319 F.3d 88, 92 (2d Cir. 2003)).

The Second Circuit's reasoning in *Hassoun* applies here as well. Just as Hassoun provided material support to terrorists, Al-Timimi sought to provide trained fighters to the Taliban for the purpose of harming Americans overseas. While *Hassoun* arose from a habeas petition and not a bail appeal, the same dangerousness concerns articulated by the Second Circuit are relevant to the inquiry under the Bail Reform Act. Under 18 U.S.C. § 3143(b)(1)(A) and Federal Rule of Criminal Procedure 46(c), the defendant must make a showing of non-

---

[2] "After [the Second Circuit's] decision on the government's motion to stay his release, the government informed the court that it removed Hassoun from the United States." *Hassoun*, 2020 WL 4355275, at *1 n.1.

dangerousness by clear and convincing evidence, and the defendant has not done so.[3] The record contains no evidence that Al-Timimi has accepted responsibility for his misconduct or has forsworn violent jihad as a legitimate goal or permissible tactic. Indeed, quite the opposite is true: the defendant asserted in his bail motion that his "pending appeal presents a substantial First Amendment question over whether his alleged advocacy" was constitutionally protected. (ECF No. 466 at 16.) It is difficult to understand how the defendant has demonstrated non-dangerousness while simultaneously asserting that his actions in support of violent jihad were entirely permissible. The same concerns regarding recidivism, rehabilitation, and incapacitation that were present in *Hassoun* therefore counsel in favor of denying bail.

For this reason and those asserted in the government's prior filings, the Court should deny the defendant's motion for bail pending appeal.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:       /s/
Daniel T. Young
John T. Gibbs
Gordon D. Kromberg
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Office: (703) 299-3700
Fax: (703) 299-3980
Email: daniel.young@usdoj.gov
        john.gibbs@usdoj.gov
        gordon.kromberg@usdoj.gov

---

[3] The government did not initially raise the issue of dangerousness in light of the total absence of COVID-19 cases at FCC Florence when it filed its opposition to the bail motion in May. (ECF No. 473.) In light of changing circumstances, the government has since done so. (ECF No. 505 at 3; ECF No. 482 at 3–4.)

## Certificate of Service

I certify that on August 3, 2020, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By: _____/s/_____
Daniel T. Young
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Office: (703) 299-3700
Fax: (703) 299-3980
Email: daniel.young@usdoj.gov