IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | 1:04-cr-385 (LMB) |
| ALI AL-TIMIMI, ) | |
| ) | |
| Defendant. ) | |

ORDER

On August 18, 2020, defendant Ali Al-Timimi ("defendant" or "Al-Timimi") was granted release from custody pending his appeal of his 2005 convictions and sentence. The Order, which granted Al-Timimi's Motion for Release from Custody Pending Appeal pursuant to 18 U.S.C. § 3145(c), imposed multiple restrictions to ensure that Al-Timimi did not abscond or pose a risk to the health or safety of others. Among these restrictions was a requirement that Al-Timimi be placed in a 14-day quarantine so that he could not infect anyone with COVID-19, as well as strict conditions of release, including home confinement with GPS monitoring and several limitations on his ability to communicate with others. The United States Probation Office has investigated and approved the residence in which he will live. Before the Court is the government's Motion for a Stay ("Motion"), in which the government requests a stay of the execution of the August 18, 2020 Order while it appeals the decision to grant Al-Timimi release from custody to the Fourth Circuit. Al-Timimi has filed an opposition to the Motion, to which the government has replied. For the following reasons, the Motion will be denied.

A stay of an order pending appeal of that order is "an exercise of judicial discretion" and "the propriety of its issue is dependent upon the circumstances of the particular case." Realvirt, LLC v. Lee, 220 F. Supp. 3d 704, 705 (E.D. Va. 2016) (quotation omitted). Courts consider four

factors to determine whether such a stay is appropriate: "(1) whether the stay applicant has made a strong showing that he [or she] is likely to succeed on the merits; (2) whether the applicant will be irreparably harmed absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. (quotation omitted). "[A] stay is considered extraordinary relief for which the moving party bears a heavy burden." Personhuballah v. Alcorn, 155 F. Supp. 3d 552, 558 (E.D. Va. 2016) (quotation omitted).

Here, for the many reasons set out in Al-Timimi's forceful and persuasive opposition to the Motion, the government has not met its heavy burden with regard to any of the stay factors. First, the government has not made a strong showing that it is likely to succeed on the merits of its appeal of the Order granting Al-Timimi release from custody. Giving all due consideration to the serious nature of the offenses involved in Al-Timimi's convictions, Al-Timimi's compelling track record since this case began clearly demonstrates that he is not likely to flee or pose a danger to others while his direct appeal is resolved. As the Court discussed in its 16-page Memorandum Opinion, the government consented to Al-Timimi's release during his trial, when any likelihood of his flight or danger was squarely before the Court, and he fully complied with all of the conditions of his release during that period. In addition, Al-Timimi's direct appeal presents multiple substantial questions of law, including questions about the inchoate nature of his convictions and the effect on his convictions of intervening Supreme Court authority. There are also two exceptional reasons why Al-Timimi's continued detention is no longer appropriate: the significant risks to his health posed by the COVID-19 pandemic as long as he remains in a congregate facility, and the unique procedural posture of this case, which presents a substantial risk of unjust confinement.

Second, the government has not demonstrated that it will be irreparably harmed absent a stay. The government's two-paragraph argument as to this factor rests entirely on the serious nature of Al-Timimi's convictions, and is directly undermined by the government having waited seven days before noticing its appeal of the August 18, 2020 Order. Third, the issuance of a stay risks substantial injury to Al-Timimi. Al-Timimi has multiple medical conditions which increase his risk of severe illness if he were to contract COVID-19, which has recently reached several of the facilities near where he is being held. Moreover, resolution of Al-Timimi's direct appeal is likely to take at least a year given that the Court has not completely resolved all of the issues on remand, which risks further unjust confinement. Again, it bears emphasizing that at least two of Al-Timimi's convictions will likely be vacated before his appeal returns to the Fourth Circuit, and should he prevail on appeal, he may well have already served excess years in prison. Lastly, the public interest does not favor a stay. In addition to the risk of unjust confinement, Al-Timimi has only been granted release pending resolution of his direct appeal and has already served 15 years in prison.[1] For these reasons, it is hereby

ORDERED that the government's Motion [Dkt. No. 525] be and is DENIED.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 28th day of August, 2020.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge

---

[1] The government's argument that the delays in Al-Timimi's direct appeal are of his own making is not well-taken. Al-Timimi noticed his direct appeal two days after his sentencing and has vigorously pursued that appeal ever since. Moreover, as the government well knows, a signifcant amount of the delay associated with the Fourth Circuit's first remand of Al-Timimi's direct appeal was due to the government having unreasonably restricted the Court's resources by refusing to clear any of the Court's judicial clerks for access to certain classified materials. Other delays have been caused by significant changes in the legal landscape underlying Al-Timimi's convictions. This kind of extremely weak argument undermines the integrity of the government's position.