IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. 1:04-cr-385 (LMB) |
| ALI AL-TIMIMI, | ) |
| *Defendant*. | ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR MODIFICATION OF CONDITIONAL RELEASE ORDER**

Defendant Dr. Ali Al-Timimi respectfully moves this Court to modify the conditions of his supervised release to allow Al-Timimi to leave his place of home confinement for three additional reasons: (1) to exercise outside of his mother's home by walking in the neighborhood (within geographical boundaries to be approved by his Probation Officer) between the hours of 9:30 a.m. and 11:00 a.m. each day; (2) to visit the gravesite of his father in Fredericksburg, Virginia; and (3) to meet with his former trial counsel, Edward MacMahon.

As further detailed below, the government has relayed that it takes no position on the present motion and defers to the discretion of the Court. *See infra* at 3, ¶ 7.

**Background:**

1. On August 18, 2020, this Court granted Al-Timimi's motion for release into home confinement on bail pending his appeal, and issued an Order detailing the conditions of his supervised release. Dkt. No. 520 ("Conditional Release Order).

2. Paragraph 1 of the Conditional Release Order permits Al-Timimi to leave the home, with the prior approval of his Probation Officer, for the following five reasons: "(a) to

meet with his Probation Officer; (b) to meet with his legal counsel; (c) to appear at any court hearings; (d) to attend to any of his medical needs; and (e) to attend religious services on Fridays." *Id*. at 1, ¶1.

3.     Al-Timimi had also requested permission in his bail motion to walk outside the home for exercise. Dkt. No. 514-1 at ¶ 1. The Court observed that this request was "not unreasonable" and could be renewed in the future after Al-Timimi is settled into supervised release. Conditional Release Order at 1, n.1. Al-Timimi has now been in home confinement for approximately ten months and respectfully renews that request today. Exercise has also been recommended by his physicians to improve his health. *See*, *e.g.*, Dkt. No. 514 at 2-3 (noting an ADX physician's advice that Al-Timimi exercise more to address his ongoing hypertension)

**Request for outdoor exercise:**

4.     Undersigned counsel has drafted the attached proposed order with helpful input from Al-Timimi's Probation Officer. In sum, Al-Timimi seeks permission to exercise by walking in the neighborhood outside of his mother's home between the hours of 9:30 a.m. and 11:00 a.m. Under the proposed order, Al-Timimi's Probation Officer will approve the specific geographical boundaries of the neighborhood subdivision in which he may exercise. But because the proposed order establishes a specific time of day for exercise, the Probation Officer will not need to continually approve daily time-outs for this activity.

**Request to allow Al-Timimi to visit his father's gravesite:**

5.     Al-Timimi's father passed away in August of 2010 while Al-Timimi was incarcerated. Al-Timimi respectfully seeks permission to pay his respects by visiting his father's gravesite in Fredericksburg, Virginia, with the prior approval of his Probation Officer.

2

**Request to allow Al-Timimi to meet with his former trial counsel:**

6. Finally, Al-Timimi also seeks permission to meet with his former trial counsel, Edward MacMahon, with the prior approval of his Probation Officer. Some ambiguity has arisen over whether such a meeting is expressly covered by the current Conditional Release Order. As such, the defense seeks this relief to remove any uncertainty.

**The government's position:**

7. The parties have conferred, and the government has relayed its position as follows:

> In response to defense counsel's inquiry as to the government's position on this motion, the government states that it opposed the defendant's release on bail pending appeal and litigated before the Fourth Circuit on the assertion that Al-Timimi had not met his burden to show he was not a danger by clear and convincing evidence. In light of the Fourth Circuit's ruling affirming the Court's bail order (No. 20-4441, ECF No. 27), and without waiving any of its arguments regarding dangerousness, the government takes no position on the present motion and defers to the discretion of the Court.

## CONCLUSION

For all the foregoing reasons, Al-Timimi respectfully requests that the motion be granted. A proposed order is attached to the motion at Dkt. No. 539-1.

Respectfully submitted,

_____/s/_____
Thomas Michael Huff, Virginia Bar No. 73587
Thomas M. Huff, Attorney-at-Law
P.O. Box 2248
Leesburg, VA 20177
Telephone: 703.665.3756
Facsimile: 571.354.8985
thuff@law.gwu.edu

Jonathan Turley (*pro hac vice*)
The George Washington University Law School
2000 H Street, NW
Washington, D.C. 20052
(202) 994-7001 (telephone)
(202) 508-6200 (facsimile)
jturley@law.gwu.edu

Attorneys for Defendant Ali Al-Timimi

Dated: July 7, 2021

## CERTIFICATE OF SERVICE

I certify that on July 7, 2021, I will file the foregoing document on the CM/ECF system, which will then serve it by electronic notification on all parties of record. I further certify that I have conferred with this Court's designated Classified Information Security Officer, who has advised that the foregoing document may be filed on the public docket.

_____/s/_____
Thomas Michael Huff, Virginia Bar No. 73587
Thomas M. Huff, Attorney-at-Law
P.O. Box 2248
Leesburg, VA 20177
Telephone: 703.665.3756
Facsimile: 571.354.8985
thuff@law.gwu.edu
