IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | Case No. 1:04-cr-385 (LMB) |
| ALI AL-TIMIMI, | ) ) ) | |
| *Defendant*. | ) ) | |

**MEMORANDUM IN SUPPORT OF
UNOPPOSED SECOND MOTION FOR MODIFICATION OF CONDITIONAL
RELEASE ORDER**

Defendant Dr. Ali Al-Timimi respectfully moves this Court to modify the conditions of his supervised release (1) to allow Al-Timimi use to a non-internet-capable cellular phone, subject to certain restrictions detailed below and in the attached proposed order; and (2) to allow Al-Timimi to communicate with his former doctoral dissertation advisor. The parties have conferred, and government has no objection to the motion.

**Background:**

1.      On August 18, 2020, this Court granted Al-Timimi's motion for release into home confinement on bail pending his appeal, and issued an Order detailing the conditions of his supervised release. Dkt. No. 520 ("Conditional Release Order). On July 7, 2021, this Court modified the Order to permit Al-Timimi to leave the home for outdoor exercise and other limited activities. Dkt. No. 541. Al-Timimi seeks two additional modifications of the Order today.

**Request for non-internet-capable cellular phone**:

2.      Paragraph 3 of the Conditional Release Order prohibits Al-Timimi from

"possess[ing] or us[ing] any device to access any online computer services . . . without the prior approval of his Probation Officer." Dkt. No. 520, ¶ 3. Paragraph 4 further requires that he "must consent to the installation of computer monitoring software on any computer to which he has access." *Id*. at ¶ 4.

3. Consistent with these computer and internet restrictions, Al-Timimi seeks to obtain a non-internet-capable cellular phone. Among other things, the requested relief would allow Al-Timimi to better communicate with his immediate family (particularly when he has medical appointments and needs to coordinate his pickup) and would also allow him better access to private communications with his attorneys.

4. Undersigned counsel has researched and selected for Al-Timimi a non-internet-capable cellular phone that is specifically designed to block internet access; as such, it does not allow access to internet browsers, email, or social media. Its functionality includes the ability to make and receive phone calls, send and receive SMS text messages, draft notes, use GPS location tracking, and take photographs and videos. The phone also logs the phone numbers and timestamps of all incoming and outgoing text messages via an administrative functionality. A description of the phone has been provided to the government and to Al-Timimi's Probation Officer.

5. Some ambiguity has arisen over whether the SMS text messaging features of the phone are similar enough to email messages to be governed by the existing Conditional Release Order. Accordingly, the defense and the government have agreed that Al-Timimi will restrict his sending of text messages to an approved list of phone numbers that will include (at minimum) those of his immediate family, his attorneys and their administrative staff, his medical providers, and his Probation Officer. Al-Timimi will not send text messages to any other phone numbers

without first obtaining the approval of his Probation Officer. These restrictions are further detailed in the attached Proposed Order at Dkt. No. 543-1.

6. Al-Timimi's Probation Officer will be granted administrative access to the logs of the phone numbers and timestamps of all text messages that are sent and received on the phone.

**Request for permission to communicate with his former doctoral dissertation adviser**:

7. The existing Conditional Release Order requires that Al-Timimi "must not have any communications with . . . any of the witnesses who testified at his trial." Dkt. No. 520, ¶ 5(b). Al-Timimi seeks a limited modification of this condition to permit him to communicate with his former doctoral dissertation adviser, Dr. C. Jamison, who briefly testified as a character witness for Al-Timimi and had no connection to any charged conduct. *See* Trial Tr. (Volume 8), April 14, 2005, pp. 2025-44 (Dkt. No. 155). Al-Timimi holds a Ph.D. in computational biology, and the requested relief would allow him to discuss developments in his field of study with a former scientific colleague and mentor.

## CONCLUSION

For all the foregoing reasons, Al-Timimi requests that the Court grant the motion. A proposed order is attached to the motion at Dkt. No. 543-1.

        Respectfully submitted,

        _____/s/_____
        Thomas Michael Huff, Virginia Bar No. 73587
        Thomas M. Huff, Attorney-at-Law
        P.O. Box 2248
        Leesburg, VA 20177
        Telephone: 703.665.3756
        Facsimile: 571.354.8985
        thuff@law.gwu.edu

        Jonathan Turley (*pro hac vice*)
        The George Washington University Law School
        2000 H Street, NW
        Washington, D.C. 20052
        (202) 994-7001 (telephone)
        (202) 508-6200 (facsimile)
        jturley@law.gwu.edu

        Attorneys for Defendant Ali Al-Timimi

Dated: December 15, 2022

## CERTIFICATE OF SERVICE

I certify that on December 15, 2022, I will file the foregoing document on the CM/ECF system, which will then serve it by electronic notification on all parties of record.

                                                /s/
Thomas Michael Huff, Virginia Bar No. 73587
Thomas M. Huff, Attorney-at-Law
P.O. Box 2248
Leesburg, VA 20177
Telephone: 703.665.3756
Facsimile: 571.354.8985
thuff@law.gwu.edu

5